## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

**BRANDON IRA WILCHCOMBE,** grandson, sole heir, and
Administrator of the Estate of Arthur E. Wilchcombe and Mary
Wilchcombe, h/w, both Deceased,

       **Plaintiff,**

                               **CIVIL ACTION No. _____**

       **v.**

**CITY OF PHILADELPHIA,**
**RENEE GARCIA,** individually and in her
Official Capacity as the Chief Philadelphia
City Attorney, **JAMES ZWOLAK,** individually and in
his Official Capacity as Chief Real Estate Attorney
for the City of Philadelphia, **GOEHRING, RUTTER &**
**BOEHM, GEORGE V. BAKER, JR.,  ROCHELLE BILAL,**
individually and in her Official Capacity as the Sheriff
of Philadelphia County, **PHILADELPHIA COUNTY**
**SHERIFF'S OFFICE,  BID4ASSETS, Inc.,  and TLH TD**
**PROPERTIES, LLC.,**                             **Demand For Jury Trial**

       **Defendants.**

---

## COMPLAINT

### Introduction

1. This action is for money damages and to quiet title in **1721 North Hollywood Street, Philadelphia, PA 19121** and it is brought pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Title 42, U.S.C., Section 1983, and under the common law of the Commonwealth of Pennsylvania.  Jurisdiction is based upon 28, U.S.C., Section 1331,  and on the supplemental jurisdiction of the court under 28, U.S.C., Section 1367(a) for claims arising under state law.

2. Plaintiff alleges that state officials sued herein conspired with each other and with other named and unnamed individuals to bring about the wrongful foreclosure and sale of the real property known as **1721 N. Hollywood Street, Philadelphia, PA 19121** in a city tax foreclosure sale proceeding conducted in violation of state laws and the due process clause and "takings" clause of the United States Constitution.

## Parties

3. The following person is the plaintiff in this action:

   a. **Brandon Ira Wilchcombe** is the grandson, sole heir, and Administrator of the Estate of **Arthur E. Wilchcombe** and **Mary Wilchcombe,** both of whom are deceased and were at all times mentioned, herein, the legal and lawful owners of the real property known as **1721 North Hollywood Street, Philadelphia, PA 19121** which was illegally foreclosed upon and sold by the defendants in a judicial tax foreclosure proceeding allegedly conducted at all times mentioned, herein, in the County of Philadelphia. See, Copy of Letters of Administration, attached, hereto, as Appendix "A."

4. The following persons and entities are the defendants in this action:

   a. The **City of Philadelphia** is an appropriate defendant in this action because it was at all times mentioned, herein, the respondeat superior of the defendants sued in their Official Capacity and was legally obligated to supervise and control its employees in the execution of their lawful duties, herein, and it was at all times material to this Complaint the employer of defendants Renee Garcia and James Zwolak.

   b. **Renee Garcia** was at all times material to this Complaint the Chief Legal Counsel for the City of Philadelphia.   She is sued in her individual and Official Capacity.

   c. **James Zwolak** was at all times material to this Complaint the  Chief City Attorney in the Real Estate Division.  He is sued in his individual and Official Capacity.

   d. **GEOHRING, RUTTER & BOEHM** was at all times material to this Complaint a Law Firm in the City of Philadelphia which specializes in collecting delinquent real estate taxes.

e.  **George V. Baker, Jr.** was at all times material to this Complaint an Attorney At Law employed by the Law Firm of Goehring, Rutter, & Boehm.

f.  **Rochelle Bilal** was at all times material to this Complaint the Sheriff of Philadelphia County duly elected and authorized to execute judicial warrants and actions in tax foreclosure proceedings according to the laws and regulations of the Commonwealth of Pennsylvania.  She is sued in her individual and Official Capacity.

g.  **PHILADELPHIA COUNTY SHERIFF'S OFFICE** was at all times material to this Complaint the sole entity legally responsible to execute judicial warrants, proceedings, and actions necessary to legally conclude tax foreclosure of any real property in the County of Philadelphia.

h.  **BID4ASSETS, Inc. d/b/a Bid4Assets.Com** was at all times material to this Complaint an entity with no legal or lawful corporate registration in the Commonwealth of Pennsylvania employed exclusively by certain defendants, herein, to execute judicial functions necessary to advance judicial tax foreclosures which those defendants in their Official Capacity are legally obligated to perform.

i.  **TLH TD PROPERTIES, LLC.,** was at all times material to this Complaint a foreign entity registered and operating in the Commonwealth of Pennsylvania as a real estate investment speculator with little regard for the legality of its realty acquisitions.

5.  At all times material to this Complaint, the defendants Garcia,  Bilal, Zwolak, PHILADELPHIA COUNTY SHERIFF'S OFFICE, and BID4ASSETS, Inc., were acting under color of law, to wit, the statutes, ordinances, regulations, policies, customs and usages of the County and City of Philadelphia.

## Facts

6.  On **June 2nd, 1961**,  Arthur E. Wilchcombe and Mary Wilchcombe, his wife,  were conveyed all rights, title, and privilege to real property known as **1721 North Hollywood Street, Philadelphia, PA 19121**, (See, Deed, attached, hereto, as Appendix "B."); and they maintained their obligations and duties as tax abiding real property owners throughout their lives until the death of the survivor of the two(2) holders of the real property Mary Wilchcombe on **July 22, 2019.**

7.    On September 3rd, 2025,  The Philadelphia Department of Revenue published a realty tax report which shows, inter alia, that starting in **2019** after the death of Mary Wilchcombe property taxes began to accumulate on **1721 North Hollywood Street** such that by the tax year **2025,** the total unpaid real estate taxes had accumulated to **$9,698.97** and said amount owed accumulated to **$10,287.54** with interest, penalty, and other charges exacted by the City of Philadelphia("City").   See, City Revenue Summary, attached, hereto, as Appendix "C."   The City Revenue Department did not publish the fact that the county assessed value of the property was **$118,000.00.**

8.     In or about **April 2024,** pursuant to policy of the City as it applies to delinquent real estate taxes,  defendants Garcia and Zwolak referred the delinquent taxes on **1721 North Hollywood Street** to the collections agency,  Goehring, Rutter & Boehm("GRB") for collection of the delinquent taxes but they failed to exercise oversight over the actions which GRB could undertake to collect the delinquent taxes.

9.     On **April 3rd, 2024,** unhinged and without supervisory oversight by Garcia or Zwolak, GRB initiated real estate tax collections actions against real property **1721 North Hollywood Street ("1721")** contrary to the Act of Assembly of May 16, 1923, P.L. 207, 53 P.S. Secs. 7193.2 (a) and (b) and 7283, its amendments and supplements, by providing **NOTICE** of intent to foreclose **1721** that **"was not reasonably calculated to apprise interested parties of the pending action"** by serving said **NOTICE** via **"Affidavit of Service of Mailing Petition and Rule"** on the deceased defendants knowing the said Petition was not likely to be served upon an interested party.   See, Copy of Notice, attached, hereto, as Appendix "D."

10.     GRB assigned the **1721** collection task to defendant **Attorney George V. Baker, Jr. ("Baker").   Baker** knew that Arthur E. Wilchcombe and Mary Wilchcombe were both deceased because the Rule Notice was styled as follows:

ARTHUR E. WILCHCOMBE
WITH NOTICE TO HEIRS & ASSIGNS

MARY WILCHCOMBE
WITH NOTICE TO HEIRS & ASSIGNS

See, Copy of Notice, attached, hereto, as Appendix "D."

11.    Baker did not take the required steps to apprise would be heirs and/or assigns of the pending Rule Notice by seeking permission of the Court to use **"Alternative Service"** as provided by the Pennsylvania Rules of Civil Procedure in light of the fact that he knew service at the address where regular mail, certified mail, and/or posting would not be sufficient notice to apprise any interested heirs and/or assigns of the pending Rule Notice.

12.    On **May 23rd, 2024,** Baker filed the defective **AFFIDAVIT OF SERVICE NOTICE** in the Court of Common Pleas of Philadelphia County as proof that proper notification had been given all "interested parties" of the commencement of the tax foreclosure action by the **City** at **1721 North Hollywood Street.**

13.    On **June 1st, 2024,** a writ serving service, **Philadelphia Writ Service,** filed an Affidavit in the Philadelphia Court of Common Pleas alleging that it had served **NOTICE** by Posting **"Front Door"** of **1721** on **May 4th, 2024;** however, the alleged **NOTICE** is **1721** actually occurred. See, Copy of alleged **Posting,** attached, hereto, as Appendix "E."

14.    **Garcia, Zwolak, GRB,** and **Baker** all knew or had reason to know that "proper service" of process had not been effected in the commencement of this tax foreclosure action against the **1721** property, its owners, heirs, and, or assigns but neither acted to stop or correct the wrongfully commenced tax foreclosure action.

15.    The negligence on the part of **Garcia, Zwolak, GRB,** and **Baker** is part of a common practice or pattern used by the defendants in similar cases involving deceased property owners and it is calculated to benefit the **City's** collection of delinquent tax revenues as quickly as possible without following the burdensome, costly, and time consuming procedures the **City** would endure if the required **"alternative service"** rules were followed.

16.    On **July 15th, 2024,** the Philadelphia Common Pleas Court in the matter of <u>City of Philadelphia v. Arthur E. Wilchcombe, et. al.,</u> 2404T0017 (Com. Pl. Ctr. Phl.), issued an Order that reads, in pertinent part, as follows, "the premises, to wit: **1721 North Hollywood Street** ... shall be sold by the SHERIFF **(PHILADELPHIA COUNTY SHERIFF'S OFFICE)** ..."

17. On **January 14th, 2025,** Baker filed an **Affidavit of Service** of the Court's Order of **July 15th, 2024** that **1721 North Hollywood Street** be sold by the **SHERIFF. The Affidavit** is evidence that **Baker** did not use the required **"alternative service"** in serving the **"Decree and NOTICE and Sheriff Sale"** scheduled to occur on **February 21st, 2025** upon Mary Wilchcombe and Arthur E. Wilchcombe, nor any interested parties. He elected to serve the deceased by regular, first class, mail. See, Copy of **Affidavit,** attached, hereto, as Appendix "F."

18. Baker's **January 14th, 2025, Affidavit** announces that a "private sale" of **1721,** not public sale of **1721** is **"scheduled to take place at 10:00am, through an Online Virtual Sale at www.bid4assets.com/philadelphia."** This announcement fails to comply with the law requiring the **SHERIFF** to announce that a "public sale" of the property is to take place. See, Appendix "F," attached, hereto.

19. The **PHILADELPHIA COUNTY SHERIFF'S OFFICE("SHERIFF")** conducts judicial tax foreclosure sales in collaboration with **City** Department of Finance, which handles tax delinquencies, and the Court of Common Pleas, which oversees the legal proceedings related to foreclosure.

20. Upon receipt of the Writ issued by the Common Pleas Court to sell **1721,** the **SHERIFF** proceeded in its usual manner to list the property for sale.

21. Ordinarily, it was the practice of the **SHERIFF's** OFFICE to conduct tax foreclosure sells in a public space at a specific date and time open to the public; however, due to the COVID-19 pandemic, the **SHERIFF** adjusted its practice and now routinely conducts tax foreclosure sells using the services of a private online bidding operation known as **BID4ASSETS.COM.**

22. **BID4ASSETS.COM** is private, non-governmental, foreign corporation, not duly registered to do business in the Commonwealth of Pennsylvania and accountable only to the **SHERIFF.**

23. **ROCHELLE BILAL,** the duly elected Sheriff of Philadelphia County has instituted policies and procedures necessary for conducting tax foreclosure sales which the **SHERIFF** is obligated to conduct.

24.    **BILAL's** policies and procedures disadvantage the average member of the public in that she publishes a false statement that use of online bidding by **BID4ASSETS.COM** is necessary for the public good, based on recommendations by the Centers for Disease Control and Prevention("CDC") and the Pennsylvania Department of Health, due to the COVID-19 pandemic.  See, Copy of Conditions of Sheriff Sale for JUDICIAL TAX SALES, at **Cond. 1,** attached, hereto, as Appendix "G."

25.    **BILAL's** policies and procedures disadvantage the average member of the public in that it makes it mandatory for them to bid in a non-public space, be computer savvy, use a computer at an appointed time to participate in the tax foreclosure sales bidding process; and severely punishes those who may have a computer glitch beyond their control which would cause them to fail to comply with certain conditions of online bidding.

26.    **BILAL's** policies and procedures are misleading the public by stating, "The Sheriff will file in the Prothonotary's Office a Schedule of Distribution Thirty(30) Days from the Date of sale of Real Estate.   Distribution will be made in accordance with the Schedule unless exceptions are filed thereto within Ten(10) days thereafter.  **Any balance exceeding the payouts per the Schedule of Distributions and Exceptions thereto, shall be paid to the homeowner at the time of sale.**  See, **Cond. 17,** Appendix "G," attached, hereto.

27.    **BID4ASSETS, Inc.,** doing business as **Bid4Assets.Com/Philadelphia,** in conjunction with the **SHERIFF,** at the direction of **Bilal,** used its online computer service to sell the **1721** property on **February 21st, 2025.**   Per its Agreement with the **SHERIFF, Bilal, City, Garcia,** and **Zwolak, BID4ASSETS, Inc.,** collects all money resulting from the sale of **1721** and other tax foreclosure sale properties and does not remit those monies promptly following the sale.

28.    Due to lack of proper notice of the tax foreclosure court proceeding and subsequent sale of the **1721** property,   Plaintiff **Brandon Ira Wilchcombe("Plaintiff")** was deprived of his rights of inheritance in the **1721** property.

29.    Plaintiff learned of the foreclosure and subsequent sale of the **1721** property in or around **June 2025** when he visited the **1721** property where he stored valuable personal

30.     Plaintiff learned that the locks to **1721** had been changed by defendant **TLH TD PROPERTIES, LLC.("TLH")** and that **TLH** was exercising dominion and control over the **1721** property even though it had not been issued a **SHERIFF's** Deed at the time of its actions.

31.     Plaintiff learned that **TLH** is a real estate investment company headquartered in Englewood, New Jersey, but legally registered to do business in Pennsylvania and is a big bidder on sheriff sale properties and has amassed a portfolio of real properties in a similar manner as it has **1721.**

32.     **TLH** routinely buys properties at sheriff sales and holds those properties in its portfolio for future sale usually in an as is condition with little if any rehabilitation or development allowing it to reap millions of dollars in surplus equity.

33.     **TLH** purchased **1721** for **$47,800.00**  knowing the property had an assessed value of **$118,000.00** and that it would reap an immediate "equity" profit of **$70,200.00** at a minimum with the purchase of **1721** in violation of the "takings clause" of the United States Constitution were it a governmental entity.

34.     The **SHERIFF** "acknowledged" **TLH** as the legal and lawful owner of **1721** on **July 2nd, 2025** by issuing **TLH** a Deed Poll as required under the laws of Pennsylvania.  See, Copy of Deed Poll, attached, hereto, as Appendix "H."

35.     Plaintiff learned that it might be possible to redeem **1721** if he entered his appearance in the tax foreclosure sale court proceeding as an intervenor, and he motioned the Court of Common Pleas on **August 18, 2025** for recognition as an Intervenor in the matter of **City of Philadelphia v. Arthur E. Wilchcombe, et.al,** 2404T0017 Ct. Com. Pl. Phl.; and the Court Granted his Petition.  See, Copy of Order, attached, hereto, as Appendix "I."

36.     A subsequent petition to redeem **1721** was denied on **September 3rd, 2025,** but the Court, also, Ordered the **SHERIFF** to "prepare a distribution sheet as required by the Rules of Civil Procedure."  See, Copy of Order, attached, hereto, as Appendix "J."

37.    On **October 14th, 2025,** the **SHERIFF** published with the Prothonotary a copy of the **Proposed Schedule of Distribution – With Surplus,** in the case of **1721,** wherein, it lists **"UNUSED PROCEEDS"** which the **SHERIFF** claims are due for distribution to Plaintiff, as the claimant, in the sum of **$25,972.76.** See, Copy of Schedule of Distribution, attached, hereto, as Appendix "K."

38.    Plaintiff completed the **SHERIFF's** Home (Owner) Asset Recovery Team("HART") Form and submitted all required documentation for his receipt of the **$25,972.76** on **November 12, 2025** but was then told by **HART** it may require a minimum of "6 Months" up to "12 Months" to determine what amount of those funds are to be distributed to him.

39.    Plaintiff has learned that the **SHERIFF's** Office has been accused of knowingly and intentionally failing to distribute hundreds of millions of dollars to homeowners in the past who were similarly due "unused proceeds" from the **SHERIFF** and he feels that he will be similarly victimized by the **SHERIFF** in his Claim.

40.    The partnership between the **SHERIFF** and **BID4ASSETS, Inc.** has aided and abetted the **SHERIFF's** failure to fulfill its statutory obligation to **"file in the Prothonotary's Office a Schedule of Distribution Thirty(30) Fays from the Date of sale of Real Estate."** The **SHERIFF** routinely fails to file such **Distribution Schedules** despite the fact that it is required to do so by Law, **Pa. Civ. R. 3136.**

## COUNT I
### Cause of Action Against the City of Philadelphia and TLH TD PROPERTIES, LLC. Under the "Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution

41.    Paragraphs 1 through 27 are incorporated herein by reference as though fully set forth.

42.    At all times material to this Complaint, defendants the **City** and **TLH** knew or had reason to know that the homeowners of **1721** owed the **City** real estate taxes totaling approximately **$9,698.97** and that the amount owed the **City** accumulated to **$10,287.54** with interest, penalty, and other charges exacted by the **City.**

43.    At all times material to this Complaint, defendants the **City** and **TLH** knew or had reason to know that the county assessed value of the homeowners' **1721** real property was, on the date that it was put up for auction, **$118,000.00.**

44.    On **February 21ˢᵗ, 2025,** defendant the **City** with aid of defendant **TLH** took **$118,000.00** of equity owned by the homeowners to satisfy a **$10,287.54 tax debt,** and the **City** retained all of the surplus value or allowed **TLH** to take it in violation of the "takings clause" under the Fifth and Fourteenth Amendments of the United States Constitution.

45.    The Plaintiff is entitled to return of the said equity, plus damages, including rescission of the sale and  exclusive title to the **1721 property.**

**WHEREFORE, Plaintiff requests that this Court:**
1. Award Compensatory damages to Plaintiff against Defendants the **City** and **TLH** in the sum of **$118,000.00;**
2. Award Punitive damages to Plaintiff against Defendants the **City** and **TLH** in a sum sufficient to punish their ill-gotten gains derived through their unconstitutional conduct which deprived Plaintiff of his inheritance in the **1721** property;
3. Rescind the sale of the **1721** property and vest exclusive title to the property in the Plaintiff;
4. Award costs and attorney fees to Plaintiff; and
5. Award such other and further relief as this Court may deem appropriate.

## COUNT II
### Cause of Action Against the City of Philadelphia, Garcia, Zwolak, GRB, and Baker Under the Due Process Clause of the Fourteenth Amendment United States Constitution

46.    Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth.

47.    At all times material to this Complaint, defendant the **City** was the respondeat superior to defendants **Garcia** and **Zwolak** and all these defendants were responsible for commencement of tax foreclosure proceedings in the manner as required by the **Pennsylvania Real Estate Tax Sales Law("RETSL").**

48.  At all times material to this Complaint, defendants **City, Garcia,** and **Zwolak** contracted out their duties under the **RETSL** to defendants **GRB** and **Baker** but failed to properly exercise dominion and control over **GRB** and **Baker's** adherence to the due process requirements of the **RETSL.**

49.  As a direct and proximate result of **GRB** and **Baker's** negligence in following the NOTICE requirements of the **RETSL,** the Plaintiff was not given proper notice of the pending tax foreclosure proceedings leading to the decree to sale **1721** as outlined in paragraphs 9 through 18, hereinabove.

50.  Defendants **City, Garcia, Zwolak, GRB,** and **Baker** collectively are directly and proximately liable for the lack of proper NOTICE to Plaintiff under the **RETSL** resulting in the issuance of the decree to sale the **1721 property.**

**WHEREFORE, Plaintiff requests that this Court:**

1.  Rescind the sale of the **1721** property and vest exclusive title to  the property in the Plaintiff;
2.  Award Compensatory damages to Plaintiff against the **City, Garcia, Zwolak, GRB,** and **Baker** in the sum of **$118,000.00;**
3.  Award Punitive damages to Plaintiff for these defendants conspiracy to deprive him of his inheritance without due process of law;
4.  Award costs and attorney fees to Plaintiff; and
5.  Award such other and further relief as the Court may deem appropriate.

## COUNT III

### Cause of Action Against the City, Garcia, Zwolak, Bilal, SHERIFF, and Bid4Assets, Inc. for Conspiracy to Deprive Plaintiff of Due Process In Application of the Pennsylvania Real Estate Tax Sale Law

51.  Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.
52.  At all times material to this Complaint, the defendants the **City, Garcia, Zwolak, Bilal, SHERIFF,** and **Bid4Assets, Inc.,** knowingly and intentionally conducted tax foreclosure proceedings and judicial sales of homeowner's property in a manner contrary to the **Pennsylvania Real Estate Tax Sale Law("RETSL")** and their conduct denied the Plaintiff due process and resulted in his loss of his inheritance in the **1721 property.**

**WHEREFORE, Plaintiff requests that this Court:**

1. Award Compensatory damages to Plaintiff against the Defendants the **City, Garcia, Zwolak, Bilal, SHERIFF,** and **Bid4Assets, Inc.** in the sum of **$118,000.00;**

2. Award Punitive damages to Plaintiff Against Defendants the **City, Garcia, Zwolak, Bilal, SHERIFF,** and **Bid4Assets, Inc.** in a sum sufficient to punish their failure to follow the **RETSL** which has deprived Plaintiff of his inheritance in the **1721 property;**

3. Rescind the sale of the **1721 property** and vest exclusive title to the property in the Plaintiff;

4. Award costs and attorney fees to Plaintiff; and

5. Award such other and further relief as this Court may deem appropriate.

# COUNT IV

### Cause of Action Against SHERIFF, Bilal, and Bid4Assets, Inc.
### For Conspiring to Delay or Deprive Homeowners of Unused Proceeds
### From Tax Foreclosure Sales

53. Paragraphs 1 through 40 are incorporated herein by reference as though fully set forth.

54. At all times material to this Complaint, **SHERIFF, Bilal,** and **Bid4Assets, Inc.,** had lawful and legal possession and control over the monetary proceeds resulting from the tax foreclosure sales they conducted.

55. The distribution of the monetary proceeds collected pursuant to tax foreclosure sales is governed by the **RETSL** and more specifically, **Pa. Civ. R., 3136.**

56. **Bilal** claims that the **SHERIFF** adheres to and follows the law regarding distribution of "unused proceeds" of Sheriff Sales; however, this is a false claim because the **SHERIFF** routinely delays and in past cases has failed to return hundreds of millions of dollars to homeowners.

57. The Plaintiff was provided with a **"Proposed Schedule of Distribution – With Surplus,** in the case **1721,** wherein, it lists **"UNUSED PROCEEDS"** which the **SHERIFF** claims are due for distribution to Plaintiff in the sum of **$25,972.76,** but the **SHERIFF** now claims that it will be "6 months" to "12 months" before any money is distributed to Plaintiff.

**WHEREFORE, Plaintiff requests that this Court:**

1. Award Compensatory damages to Plaintiff against Defendants **SHERIFF, Bilal,** and **Bid4Assets, Inc.** in the sum of **$25,972.76;**
2. Award Punitive damages to Plaintiff against Defendants **SHERIFF, Bilal,** and **Bid4Assets, Inc.** in a sum of **$1,000,000.00** to punish their knowing and intentional conduct to delay and deny distribution of proceeds due Plaintiff as required by law;
3. Enjoin the Defendants illegal conduct;
4. Award costs and attorney fees to Plaintiff; and
5. Award such other and further relief as this Court may deem appropriate.

## THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON THOSE COUNTS WHICH HE MAY BE ENTITLED TO HAVE A TRIAL BY JURY.

Respectfully demanded,

Brandon Ira Wilchcombe

c/o **Trust Management Associates, Inc.**
   **1650 Market Street, Suite 3600**
   **Philadelphia, PA 19103**
   **Tel: (215) 665-5659**
   **Email: trustmgtassoc@yahoo.com**

Dated: January 20th, 2026

JS 44 (Rev. 04/21)                           CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Brandon Ira Wilchcombe

**DEFENDANTS**
City of Philadelphia, Renee Garcia, James Zwolak, GOEHRING, RUTTER & BOEHM, George Baker, Rochelle Bilal, PHILADELPHIA COUNTY SHERIFFS OFFICE, BID4ASSETS, Inc., (TLH* 3D PROPERTIES)LLC

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brandon Ira Wilchcombe, Pro Se
c/o Trust Management Associates, Inc.
1650 Market Street, Suite 3600
Philadelphia, PA 19103    (216) 540-5072

Attorneys *(If Known)*

REC'D FEB 2 6 2026

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ |  |  | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability |  | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
|  |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application |  |  |
|  | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 550 Civil Rights |  |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1983
Brief description of cause:
Due Process Violation and "takings clause violation"

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   2/26/26
SIGNATURE OF ATTORNEY OF RECORD   Brandon Ira Wilchcombe, Pro Se

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____