**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRANDON IRA WILCHCOMBE** | **CIVIL ACTION** |
| **Plaintiff** | **NO. 2:26-cv-01331- KBH** |
| **v.** | |
| **CITY OF PHILADELPHIA, RENEE GARCIA, INDIVIDUALLY AND IN HER CAPACITY AS THE CHIEF PHILADELPHIA CITY ATTORNEY, JAMES ZWOLAK, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF REAL ESTATE ATTORNEY FOR THE CITY OF PHILADELPHIA, GOEHRING RUTTER & BOEHM, GEORGE V. BAKER, JR., ROCHELLE BILAL, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS THE SHERIFF OF PHILADELPHIA COUNTY, PHILADELPHIA COUNTY SHERIFF'S OFFICE, BID4ASSETS, INC., AND TLH TD PROPERTIES LLC** | **JURY TRIAL DEMANDED** |
| **Defendants** | |

**DEFENDANTS GEORGE V. BAKER, JR. AND GOEHRING RUTTER & BOEHM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

Defendants, George V. Baker, Jr. and Goehring Rutter & Boehm, by and through their counsel, hereby file this Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6) and in support thereof, Defendants rely upon the accompanying

Memorandum of Law attached hereto.

Respectfully Submitted,

By: /s/ Jane C. Schleichter
Jane C. Schleichter, Esquire
Attorney for Defendants George V. Baker, Jr. and Goehring Rutter & Boehm
Pennsylvania I.D. No. 92144
GRB Law
1425 Spruce Street, Suite 100
Philadelphia, PA 19102
Telephone: (215) 735-1910
Email: jschleichter@grblaw.com

Dated: March 31, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON IRA WILCHCOMBE** | : | **CIVIL ACTION** |
| **Plaintiff** | : | **NO. 2:26-cv-01331- KBH** |
| **v.** | : | |
| **CITY OF PHILADELPHIA, RENEE GARCIA, INDIVIDUALLY AND IN HER CAPACITY AS THE CHIEF PHILADELPHIA CITY ATTORNEY, JAMES ZWOLAK, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF REAL ESTATE ATTORNEY FOR THE CITY OF PHILADELPHIA, GOEHRING RUTTER & BOEHM, GEORGE V. BAKER, JR., ROCHELLE BILAL, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS THE SHERIFF OF PHILADELPHIA COUNTY, PHILADELPHIA COUNTY SHERIFF'S OFFICE, BID4ASSETS, INC., AND TLH TD PROPERTIES LLC** | : | **JURY TRIAL DEMANDED** |
| **Defendants** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS GEORGE V. BAKER, JR. AND GOEHRING RUTTER & BOEHM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

## I. INTRODUCTION

Defendants George V. Baker, Jr. (hereinafter "Baker") and Goehring Rutter & Boehm (hereinafter "GRB Law"), by and through their undersigned counsel, hereby file the following

Memorandum In Support of their Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## II. FACTS

On April 3, 2024, the City of Philadelphia (hereinafter "City"), by and through its counsel, GRB Law, filed a Petition For Rule To Show Cause Why Property Should Not Be Sold Free And Clear Of All Claims, Liens, Mortgages, Ground Rents, Charges And Estates in the Philadelphia Court of Common Pleas, at April Term 2024, No. T0017. The Petition was to collect delinquent real estate taxes accrued against the property located at 1721 North Hollywood Street Philadelphia, Pennsylvania (hereinafter "Property"). A copy of the Petition is attached hereto as Exhibit "A." Arthur E. Wilchcombe and Mary Wilchcombe were named as Respondents as they were the record owners of the Property identified in the City's Tax Information Certificate. A copy of the Tax Information Certificate is attached hereto as Exhibit "B." The Petition pertained to delinquent real estate taxes assessed by the City for years 2010 through 2024. The Petition was served by regular and certified mail on April 19, 2024 and by posting of the Property on May 4, 2024, in accordance with Section 39.2 of the Pennsylvania Municipal Claim and Tax Lien Act[1] (hereinafter "MCTLA") 53 P.S. §7193.2. Copies of the Affidavits of Service by mail and by posting are attached hereto as Exhibit "C."[2] No answer was filed to the City's Petition and, on July 10, 2024, a Decree was entered ordering that the Property "shall be sold by the sheriff, clear of all claims, liens, mortgages, ground rents, charges and estates, to the highest bidder at such sale; and the proceeds realized therefrom shall be distributed in accordance with the priority of such claims; and the purchase at

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7505.

[2] While generally the four corners of a complaint form the only basis for determining a motion to dismiss, the Court may also consider documents that are attached to or submitted with the complaint and any matters incorporated by reference or integral to a claim, items subject to judicial notice, matters of public record, orders, and items appearing in the case record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256 (3d Cir. 2006). See also, Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244,256 n. 5 (3d Cir. 2006) (recognizing that courts may take judicial notice of prior judicial proceedings).

such sale shall take and forever thereafter have, an absolute title to the property sold, free and discharged of all tax and municipal claims, liens, mortgages, ground rents, charges, and estates of whatsoever kind, subject only to the right of redemption as provided by law." A copy of the Court of Common Pleas Decree is attached hereto as Exhibit "D."

The delinquent real estate taxes that were the subject of the Petition remained due and unpaid, so the Property was scheduled for a February 21, 2025 Tax Sheriff's Sale. Notice of the Tax Sheriff's Sale was provided to all parties entitled to notice pursuant to 53 P.S. § 7193.2, and an Affidavit of Service was filed with the Court as proof of same. A copy of the Sheriff's Sale Affidavit of Service is attached hereto as Exhibit "E." The Property was also posted with notice of the February 21, 2025 Tax Sheriff's Sale by the Philadelphia Sheriff's Department. Additionally, the February 21, 2025 Tax Sheriff's Sale was advertised by publication. On February 21, 2025, the Property sold at Tax Sheriff's Sale for $47,800.00. On August 18, 2025, Plaintiff filed a Petition to Intervene as well as an Emergency Motion to Redeem the Premises. On August 28, 2025, the City of Philadelphia, by and through its counsel GRB Law, filed a Response in Opposition to the Emergency Motion to Redeem. A hearing on the Emergency Motion to Redeem was held on September 3, 2025 and an Order was entered denying Plaintiff's motion. A copy of the September 3, 2025 Order of Court is attached hereto as Exhibit "F." Plaintiff did not appeal the denial of his Motion to Redeem in state court. Instead, Plaintiff filed the instant Complaint on February 26, 2026.

## III. STANDARDS OF REVIEW

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(1) for want of subject matter jurisdiction is appropriate when the claim is wholly insubstantial and frivolous. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-1409 (3d Cir. 1991). When subject

matter jurisdiction is challenged under Rule 12(b)(1), also known as a facial challenge, the court is required to accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to plaintiff. Birchall v. Countrywide Home Loans, 2009 U.S. Dist. LEXIS 106813 at *9 (E.D. Pa. Nov. 16, 2009). Further, Plaintiffs must demonstrate they have standing to appear in federal court. Otherwise, the court does not have subject matter jurisdiction to address the allegations and therefore, they must be dismissed. Reilly v. Ceridan Corp., 664 F.3d 38, 41 (3d Cir. 2011).

When considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). To determine plausibility, the court must first accept all of the complaint's well-pleaded facts but may disregard any legal conclusions. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). If the court is unable to infer more than the mere possibility of misconduct the Complaint should be dismissed. Id.

## IV. ARGUMENT

### A. Plaintiff's Complaint Should Be Dismissed For Lack Of Subject Matter Jurisdiction.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), this Court lacks subject matter jurisdiction and therefore, Plaintiff's claims should be dismissed. "When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court may inquire into facts that are outside of those on the face of the pleadings." Munoz, et al. v. City of Philadelphia, et al., 2006 U.S. Dist. LEXIS 5174 at *2-*3 (E.D. Pa. February 10, 2006), *citing* Armstrong World Indus., Inc. by Wolfson v. Adams, 961 F.2d 405, 410 (3d Cir. 1992). In conformity with Rule 12(b)(1), a

district court can grant a dismissal based on the legal insufficiency of a claim. Dismissal is proper only when a claim clearly appears to be wholly immaterial and solely for the purpose of obtaining jurisdiction, or is wholly insubstantial…See, Frempong-Atuahene v. Redevelopment Authority, 1999 U.S. Dist. LEXIS 3608 AT *5 (E.D. Pa. March 26, 1999). Pursuant to Rule 12(b)(1), a pleader may raise the defense of lack of subject matter jurisdiction. This Honorable Court lacks subject matter jurisdiction because Plaintiff's claims are not claims arising under the Constitution, laws, or treaties of the United States. This Honorable Court also lacks subject matter jurisdiction over Plaintiff's claims because the Plaintiff and Defendants are not diverse. All parties reside in Pennsylvania.

### A1. Plaintiff's Claims Are Barred Pursuant To The Tax Injunction Act.

This Honorable Court is deprived of subject matter jurisdiction by 28 U.S.C. § 1341, which reads as follows:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

The Tax Injunction Act prohibits a federal court from intervening in state court issues such as the claims Plaintiff has made in the instant case. This issue was addressed in John Baldwin a/k/a Yahya Abdul Latif, et al v. Linebarger Goggan Blair & Sampson, LLP 2012 U.S. Dist. LEXIS 120393. The Court stated:

> Under the Act, "taxpayers are barred by the principle of comity from asserting [challenges of] the validity of state tax systems in deferral courts' so long as 'plain, adequate, and complete' remedies are available in state court." Hill v. Carpenter, 323 F. App'x 167, 170 (2009) (quoting Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116, 102 S.Ct. 177, 70 L.Ed. 2d 271 (1981)). The Third Circuit has explained: Taken together, the Tax Injunction Act and the Supreme Court's decision in McNary make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes…if a sufficient remedy…is available in state court. Hill, 323 F. App'x at 171 (internal citation and quotations omitted).

2012 U.S. Dist. LEXIS 120393 at *9, *10 (E.D. Pa. Aug. 24, 2012). Plaintiff has failed to avail himself of the numerous plain, speedy and efficient remedies available at the state level. Plaintiff was not a Respondent in the underlying tax Petition, did not file an answer to the underlying tax Petition, and did not attempt to vacate the underlying Decree. Plaintiff only filed to intervene and redeem the property in the underlying tax case after the Property was sold at Sheriff's Sale. The trial court held a hearing on the Motion to Redeem and it was determined that Plaintiff had not met the requirements of 53 P.S. § 7293 and an Order was entered denying Plaintiff's Motion. *See* Exhibit "F." Plaintiff did not appeal the denial of his Motion to Redeem in Pennsylvania's Commonwealth Court. Nor did Plaintiff attempt to set aside the tax sale in state court. Section 39.3 of the MCTLA governs petitions to overturn Philadelphia Sheriff's tax sales:

> All parties wishing to contest the validity of any sale conducted pursuant to section 31.2 [53 P.S. § 7283] of this act, **including the sufficiency of any notice,** and any party claiming to have an interest in the premises which was not discharged by the sale must file a petition seeking to overturn the sale or to establish the interest within three months of the acknowledgment of the deed to the premises by the sheriff.

53 P.S. § 7193.3 (emphasis added). At the time his Motion to Redeem was denied, Plaintiff could have still filed a timely motion to set aside the sale. It is undisputed that the Sheriff's Deed was acknowledged on July 2, 2025. Essentially, the gravamen of Plaintiff's instant Complaint is a reprise of the arguments already litigated or that could have been litigated in the Philadelphia Court of Common Pleas action. As in Baldwin, these allegations have already been litigated at the state trial court level and, therefore, this Honorable Court cannot exercise jurisdiction over Plaintiff's claims. 2012 U.S. Dist. LEXIS 120393.

The Third Circuit has held that Pennsylvania Courts afford litigants "'plain, speedy and efficient'" remedies to challenge tax collection procedures. Gass v. County of Allegheny, 371 F.3d 134, 137 (3d Cir. Pa. 2004). Plaintiff had several state court remedies available to him during

the course of litigation in the Philadelphia Court of Common Pleas but chose not to avail himself of those remedies. Rather, he is attempting to exercise an untimely appeal in the Eastern District of Pennsylvania which is not the proper venue for the claims to be challenged. Consequently, the Tax Injunction Act prohibits this Honorable Court from granting Plaintiff the relief he seeks. As stated in Baldwin, "in the interest of comity between state and federal court, see Hill, 323 F. App'x at 170, it would be improper for this Court to exercise jurisdiction over Plaintiffs' claims. This Court will not intervene in the legal procedures in place through which the City of Philadelphia assesses and collects taxes and permits challenges to those tax assessments." 2012 U.S. Dist. LEXIS 120393 at *12.

Therefore, this Honorable Court lacks subject matter jurisdiction to hear Plaintiff's Complaint.

**A2. Plaintiff's Claims Are Barred By The Rooker-Feldman Doctrine.**

Under the Rooker-Feldman doctrine, federal courts may not reconsider arguments that have already been decided in state court. "The Rooker-Feldman doctrine arises from 28 U.S.C. § 1257 which states in relevant part that 'final judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court. . . .'" See, Walker v. Horn, 385 F.3d 321, 329 (3d Cir. 2004); Valenti v. Mitchell, 962 F.2d 288, 296 (3d Cir. 1992). "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions." Id. at 329; Desi's Pizza, Inc. v. City of Wilkes Barre, 321 F.3d 411, 419 (3d Cir. 2003)(citations omitted); see also Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dept., 973 F.2d 169, 179 (3d Cir. 1992). The Rooker-Feldman doctrine is to be applied to "cases brought by state court losers complaining of injuries caused by

state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp v. Saudi Basic Industries Corp., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed. 2d 454 (2005).

In the present case, Judge Christopher Hall, of the Philadelphia Court of Common Pleas, previously held a hearing on the merits of Plaintiff's Motion to Redeem. After a full hearing, he denied the Motion and determined Plaintiff was unable to meet the requirements for redemption. Plaintiff should not be permitted to re-litigate claims that have or could have been decided in state court. Plaintiff here did not appeal the denial of his Motion to Redeem in Pennsylvania's Commonwealth Court. Nor did Plaintiff attempt to set aside the tax sale in state court under the MCTLA. Plaintiff may not proceed with untimely challenges to notice and the validity of the tax sale in the District Court.

Therefore, this Honorable Court lacks subject matter jurisdiction to hear Plaintiff's Complaint.

**B. Plaintiff's Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a pleader may raise the defense of failure to state a claim upon which relief can be granted by motion. A complaint must be dismissed when there is no plausible claim for relief and it merely alleges the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The complaint must "show" such an entitlement with its facts allowing the court to infer more than the mere "possibility of misconduct." Id. "Dismissal under Rule 12(b)(6) is not appropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Charal Inv. Co. v. Rockefeller, 311 F.3d 198, 215 (3d Cir. 2002). However, "courts are

not required to credit bald assertions or legal conclusions improperly alleged in the complaint." Id. at 216. "Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness." Id.

Plaintiff's four counts and fifty-seven allegations are nothing more than legal conclusions put forth as allegations of facts. Further, there is no law to support any of the counts contained in Plaintiff's Complaint. In Twombly, 550 U.S. at 555, the court stated that "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ... Factual allegations must be enough to raise a right to relief above the speculative level," see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) …."

**B1. Count II of Plaintiff's Complaint Should be Dismissed Pursuant to Fed.R.Civ.P. 12(b)(6).**

To state a claim under 42 U.S.C. § 1983 for deprivation of property or procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide "due process of law." Hill v. Borough of Kutztown, 455 F. 3d 225, 233-34 (3d Cir. 2006) (citing Alvin v. Suzuki, 227 F. 3d 107, 116 (3d Cir. 2000)).

In the immediate case, Plaintiff was not a named respondent in the underlying tax case as he was not record owner of the Property identified in the Tax Information Certificate attached to

the *in rem* Petition. Further, at no point did Plaintiff register his interest in the Property with the City of Philadelphia Department of Revenue pursuant to Section 39.1 of the MCTLA (53 P.S. § 7193.1). If Plaintiff wanted notice relating to the Property, it was his obligation to ensure that his interest and address were properly registered per the Act. Plaintiff's failure to retrieve documents sent to the Property, or posted on the Property, is no fault of the City and does not constitute improper service. It was not until after the Property sold at Sheriff's Sale that Plaintiff filed a Petition to Intervene and an Emergency Motion to Redeem. Under Section 39.2(b) of the MCTLA Plaintiff lacks standing to complain of improper notice.

The only Count of Plaintiff's Complaint directed to Defendants Baker and GRB Law is Count II, alleging the failure to adhere to the notice requirements of the Real Estate Tax Sale Law ("RETSL"). Plaintiff's citation to RETSL (72 P.S. §§ 5860.101 et seq.) is simply inapplicable to City of Philadelphia tax sales. The City of Philadelphia, as a city of the first class, is instead bound by the service provisions specified in the MCTLA, 53 P.S. § 7193.2. The City here complied with all service requirements of Section 7193.2. Plaintiff may not rely upon RETSL. "When a tax sale is commenced under a particular Act of Assembly, the procedure therein prescribed must be followed and under that act alone must the validity and effect of the sale be tested. Other legislation providing a different procedure or result cannot be used either to sustain such sale or secure additional rights or results." Pacella v. Washington County Tax Claim Bureau, 10 A.3d 422, 429-430 (Pa. Cmwlth. 2010) (citations omitted). Here, the tax sale was commenced under the MCTLA, so the validity of the sale must be tested under the MCTLA alone. See Gordon v. Harrisburg, 314 Pa. 70, 73, 171 A. 277, 278 (1934). The City has fully complied with requirements of the Municipal Claims and Tax Liens Act and the Sheriff's Sale of the Property was proper. Plaintiff failed to

exercise available state court remedies. Neither Baker nor GRB Law deprived Plaintiff of any individual interest.

Plaintiff has failed to state any plausible claim upon which relief can be granted against Baker or GRB Law. The only allegations directed to Defendants Baker and GRB Law are that they were legal counsel of record for the City in the underlying state court case. Representing a successful litigant in state court does not give rise to a plausible claim in the Federal Courts by an unsuccessful adverse party. Plaintiff fails to allege any act or omission by Baker or GRB Law, outside of their role as counsel for the City, or as the attorney on the Writ of Execution. As attorney of record for the City, Defendants Baker and GRB Law owed no duty to Plaintiff. Further, at no point did Mr. Baker or GRB Law impose or enforce real estate tax liens on the Property. Taxes were assessed by and owed to the City. The City imposed liens for non-payment and the City enforced its real estate tax liens pursuant to the Pennsylvania Municipal Claims and Tax Liens Law, 53 P.S. §§ 7283 and 7193.2. Therefore, Count II of Plaintiff's Complaint against Baker and GRB Law should be dismissed.

## V. CONCLUSION

Plaintiff's Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) because this Honorable Court lacks subject matter jurisdiction and the Complaint is devoid of any allegations, even when assumed to be true, which would state a colorable cause of action upon which relief can be granted.

Respectfully submitted,

By: /s/ Jane C. Schleichter
Jane C. Schleichter, Esquire
Attorney for Defendants George V. Baker, Jr. and Goehring Rutter & Boehm
Pennsylvania I.D. No. 92144
GRB Law
1425 Spruce Street, Suite 100
Philadelphia, PA 19102
Telephone: (215) 735-1910
Email: jschleichter@grblaw.com

Dated: March 31, 2026