**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON IRA WILCHCOMBE,<br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 26-cv-1331<br><br><br><br>JURY TRIAL DEMANDED |

**ORDER**

AND NOW, this _____ day of _______, 2026, upon consideration of the Motion of Defendants, City of Philadelphia, Renae Garcia, James Zwolak, Rochelle Bilal, and Philadelphia County Sheriff's Office, to Dismiss Plaintiff's Complaint, and any response thereto, is is hereby **ORDERED** and **DECREED** that Defendants' Motion to Dismiss is **GRANTED** and all claims asserted against these Defendants are **DISMISSED WITH PREJUDICE.**

**BY THE COURT:**

________________________
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON IRA WILCHCOMBE,<br>Plaintiff, | : | |
| | : | CIVIL ACTION NO. 26-cv-1331 |
| v. | : | |
| CITY OF PHILADELPHIA, et al,<br>Defendants. | : | JURY TRIAL DEMANDED |

**DEFENDANTS, CITY OF PHILADELPHIA, RENEE GARCIA, JAMES ZWOLAK, ROCHELLE BILAL AND PHILADELPHIA COUNTY SHERIFF'S OFFICE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P 12(B)(6)**

Defendants, City of Philadelphia, Renae Garcia, James Zwolak, Rochelle Bilal, and Philadelphia County Sheriff's Office (hereinafter "Moving Defendants"), by and through their undersigned counsel, Marshall Dennehey P.C., file this Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth in the accompanying Memorandum of Law, Moving Defendants respectfully request that this Honorable Court dismiss all claims against them with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: ______________________________

JOHN P. GONZALES, ESQ.
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
jpgonzales@mdwcg.com
*Attorney for Defendants*
*City of Philadelphia, Renae Garcia,*
*James Zwolak, Rochelle Bilal, and*
*Philadelphia County Sheriff's Office*

Date: April 7, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON IRA WILCHCOMBE,<br>Plaintiff, | : | CIVIL ACTION NO. 26-cv-1331 |
| v. | : | |
| CITY OF PHILADELPHIA, et al,<br>Defendants. | : | JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, CITY OF PHILADELPHIA, RENEE GARCIA, JAMES ZWOLAK, ROCHELLE BILAL AND PHILADELPHIA COUNTY SHERIF'S OFFICE'S MOTION TO DISMISS**

Defendants, City of Philadelphia, Renae Garcia, James Zwolak, Rochelle Bilal, and Philadelphia County Sheriff's Office (hereinafter "Moving Defendants"), by and through their undersigned counsel, Marshall Dennehey P.C., file this Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof, Defendants aver as follows:

## I. FACTUAL BACKGROUND

This case arises from the City of Philadelphia's efforts to collect long-delinquent real estate taxes on the property located at 1721 North Hollywood Street (hereinafter the "Property"), and the Plaintiff's allegations that the City and its agents failed to provide proper notice during the resulting tax foreclosure proceedings.

The Philadelphia Department of Revenue's September 3, 2025 Realty Tax Report reflects that real estate taxes on the Property began accruing after the 2019 death of the record owner, Mary Wilchcombe. By tax year 2025, the unpaid balance totaled $9,698.97, increasing to $10,287.54 with interest and penalties, as required by law. ECF 1 at ¶ 7. In or about April 2024, consistent with City policy governing delinquent real estate taxes, Chief Philadelphia City Attorney Renee

Garcia and Chief Real Estate Attorney for the City of Philadelphia, James Zwolak, referred the delinquent tax account for the property to the City's contracted collections agency, Goehring, Rutter & Boehm (hereinafter "GRB") for further collection efforts. ECF 1 at ¶ 8. GRB assigned responsibility for the foreclosure action to defendant Attorney George V. Baker, Jr. ("Baker").ECF 1 at ¶ 10.

On April 3, 2024, the City of Philadelphia filed a Petition for Rule to Show Cause Why Property Should Not be Sold Free and Clear of All Claims, Liens, Mortgages, Ground Rents, Charges, and Estates in the Philadelphia Court of Common Pleas at April Term 2024, No. T0017. ECF 1, Appendix D. The Petition was served by regular and certified mail on April 19, 2024 in accordance with Section 39.2 of the Pennsylvania Municipal Claim and Tax Lien Act (hereinafter "MCTLA") 53 P.S. § 7193.2. Id. On May 4, 2024, the Philadelphia Writ Service posted a copy of the Petition at the Front Door of the property as well, as evidenced in Plaintiff's Appendix E. See also ECF 1 at ¶ 13.

On July 15, 2024, the Court of Common Pleas entered an order in City of Philadelphia v. Arthur E. Wilchcombe, et al., No. 240410017, directing that 1721 North Hollywood Street be sold by the Philadelphia County Sheriff's Office. Id. at ¶ 16. On January 14, 2025, Baker filed an Affidavit of Service of the Court's July 15, 2024 Order pursuant to 53 P.S. § 7193.2 Id. at ¶ 17. The January 14, 2025 affidavit also stated that the property was scheduled for a "public sale" to occur via an online virtual sale at *www.bid4assets.com/philadelphia.* Id. at ¶ 18; Appendix F. On Februray 21, 2025, the Property was sold at the Tax Sheriff's Sale for $47, 800.00.

On August 18, 2025, Plaintiff filed a Petition to Intervene which was granted by the Court. ECF 1 at ¶ 35; Appendix I. Plaintiff also filed a Motion to Redeem the Premises, which was denied on September 3, 2025. ECF 1 at ¶ 36. At this time, the Court ordered the Sherrif to "prepare a

distribution sheet as required by the Rules of Civil Procedure." ECF 1 at Appendix J. Plaintiff did not appeal the denial of his Motion to Redeem.

On October 14, 2025, the Sherrif published a copy of the Proposed Schedule of Distribution in this matter and listed that proceeds in the sum of $25, 972.26 were due for distribution to Plaintiff. ECF 1 at ¶ 37. Subsequent to this posted schedule, Plaintiff completed the Home (Owner) Assert Recovery Team (hereinafter "HART") Form and submitted documentation for his receipt of $25, 972.76 on November 12, 2025. Id. at ¶ 37. Plaintiff learned from HART that it may take up six to twelve months to determine what amount of those funds would be distributed to him. Id. at ¶ 38.

## II. PROCEDURAL BACKGROUND

Plaintiff initiated the present action by filing a Complaint in the United States District Court for the Eastern District of Pennsylvania on February 26, 2026. Count I of Plaintiff's Complaint raises an action under the Takings Clause of the Fifth and Fourteenth Amendment to the United States Constitution against the City of Philadelphia. Count II raises a cause of action under the Due Process Clause of the Fourteenth Amendment against the City of Philadelphia, Garcia, and Zwolak, Count III alleges an action for Conspiracy to Deprive Plaintiff od Due Process in Application of the Pennsylvania Real Estate Tax Sale Law against the City, Garcia, Zwolak, Bilal, and the Philadelphia County Sherriff's Office. Count IV raises a cause of action for Conspiring to Delay or Deprive Homeowners of Unused Proceeds from Tax Foreclosure Sales.

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a challenge to the legal sufficiency of a complaint. *See* Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009). Factual averments within a complaint must make the claim for relief more than merely speculative.

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is not required to plead in detail all of the facts upon which the claim is based. Id. at 555. Instead, the Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must, however, "allege facts suggestive of [the tortious] conduct," Twombly, 550 U.S. at 563 n.8, as well as sufficient factual allegations that either, satisfy the necessary elements of a claim, or "raise a reasonable expectation that discovery will reveal evidence of . . ." those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). And so, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679. Notably, a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Montgomery v. Pinchak, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted). Therefore, the Court is obligated to construe pro se claims "liberally." Alexander v. Gennarini, 144 F. App'x 924, 926 (3d Cir. 2005).

However, a court's analysis is not constrained solely to the complaint. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)). Thus, courts within the Third Circuit "may consider documents that are attached to or submitted with the complaint and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citations

and internal alternations omitted); see also Julabo USA, Inc. v. Juchheim, No. 5:19-CV-01412-JDW, 2021 WL 2351958, at *2 (E.D. Pa. Jun. 9, 2021) (quoting Tellabs, 551 U.S. at 322-23).

## IV. LEGAL ARGUMENT

### i. Plaintiff's claims are barred by the Rooker-Feldman Doctrine.

The Rooker-Feldman doctrine strips federal courts of jurisdiction over matters that have been decided by a state tribunal. Rooker v Fidelity Trust Co, 263 US 413 (1923); District of Columbia Court of Appeals v Feldman, 460 US 462 (1983). "The Rooker–Feldman doctrine . . . is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). In other words, it applies "when a federal plaintiff improperly invokes the jurisdiction of a district court to appeal—in fact or in effect— a state court judgment." In re Adams, 151 F.4th 144 (3d Cir. 2025).

"When a federal plaintiff brings a claim, whether or not raised in state court, that asserts injury caused by a state-court judgment and seeks review and reversal of that judgment, the federal claim is 'inextricably intertwined' with the state judgment" and therefore barred from review. Great W. Mining & Mineral Co., 615 F.3d at 170. "Review of [state court] decisions may be had only in [the Supreme] Court." Feldman, 460 U.S. at 486, 103 S.Ct. 1303.

There are four requirements that must be met for Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. Id. at 284; Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159 (3d Cir. 2010). All four elements are met

here—this litigation is Plaintiff's attempt to seek this Court's intervention because of his dissatisfaction with the decision of the Honorable Judge Christopher Hall of the Philadelphia Court of Common Pleas who denied Plaintiff's Motion to Redeem the Property on September 3, 2025. ECF 1 at Appendix J. Notably, Plaintiff did not appeal this denial in state court, but is now attempting to re-litigate his claim in federal court. Plaintiff is not permitted to reraise his arguments in regard to redeeming the Propoerty in federal court a few months after a judgment was rendered in state count, and essentially ask the District Court to reject that finding.

**ii. Plaintiff's claims for punitive damages against the City of Philadelphia must be dismissed.**

Within the Complaint, Plaintiff sets forth claims for punitive damages against Defendant, City of Philadelphia. ECF 1 at 10, 11. All claims for punitive damages against the City of Philadelphia should be dismissed as the City is immune from the imposition of punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 268 (1981) ("the deterrence rationale of § 1983 does not justify making punitive damages available against municipalities.").

**iii. All Claims against the Sheriff's Office must be dismissed because it is not a separate suable entity.**

Plaintiff's claims against the Philadelphia County Sheriff's Office fail as a matter of law because the Sheriff's Office is not a separate legal entity capable of being sued. In the Third Circuit, municipal departments or sub-units—such as police departments, fire departments, or sheriff's offices—are considered administrative arms of the municipality and lack independent corporate existence. *See* Open Inns, Ltd. v. Chester Cnty. Sheriff's Dep't, 24 F.Supp.2d 410, 430 at fn. 13 (E.D. Pa. 1998). Claims against such offices are therefore duplicative of claims against the municipality itself. Here, Plaintiff alleges that the Sheriff's Office engaged in a conspiracy to delay or deprive homeowners of unused proceeds from tax foreclosure sales and to deprive Plaintiff of

due process in the application of the Pennsylvania Real Estate Tax Sale Law. These allegations, even if credited, do not create a separate cause of action against the Sheriff's Office. Any claim based on the actions of the Sheriff's Office is effectively a claim against the City of Philadelphia, the proper municipal defendant.

**iv. Count I fails as a matter of law because a claim under the Takings Clause is not ripe for adjudication.**

The Takings Clause of the Fifth Amendment states that "private property [shall not] be taken for public use, without just compensation." Knick v. Twp. of Scott, Pennsylvania, 588 U.S. 180, 184 (2019). Constitutional rights do not typically come with a built-in cause of action to allow for private enforcement in courts. DeVillier v. Texas, 601 U.S. 285, 291 (2024).[1] "Instead, constitutional rights are generally invoked defensively in cases arising under other sources of law, or asserted offensively pursuant to an independent cause of action designed for that purpose, see, *e.g*., 42 U.S.C. § 1983." Id. at 291. It is unclear whether Plaintiff is asserting this action under Section 1983, but even if the court construes the complaint as arising under § 1983, the claim still fails because by Plaintiff's own allegations, this case is not ripe for adjudication.

A violation of the Takings Clause does not occur until just compensation has been denied. However, that does not mean that the government must provide compensation in advance of taking or risk having its action invalided. In fact, "[s]o long as the property owner has some way to obtain compensation after the fact, governments need not fear that courts will enjoin their activities." Knick, 588 U.S. at 185. Thus, while a plaintiff need not exhaust state remedies

[1] The Supreme Court in DeVillier v. Texas acknowledged the debate over whether the Takings Clause is "self-executing" in the sense of providing its own cause of action, but it expressly declined to resolve that question. Instead, the Court noted the issue, recognized the competing arguments, and ultimately remanded the case for further proceedings without adopting a definitive rule.

before bringing his claim pursuant to Knick, he must still allege a completed constitutional injury.

That requirement is not satisfied here. Plaintiff's own pleading forecloses any finding of finality. Plaintiff admits that Defendants have already identified surplus proceeds attributable to him, that he has submitted the required HART claim forms, and that Defendants are actively processing his claim. Critically, Plaintiff does not allege that Defendants have denied compensation. To the contrary, he alleges that payment is expected following completion of an administrative review process, estimated to take six to twelve months. These allegations establish that the government has not reached a final decision regarding either Plaintiff's entitlement or the amount of compensation. Moreover, Plaintiff's alleged injury is inherently speculative. His claim depends on the possibility that Defendants might fail to pay, might delay unreasonably, or might ultimately award less than he believes is owed. Until the administrative process concludes, any alleged deprivation remains uncertain and hypothetical.

Under these circumstances, there is no ripe constitutional claim. *See* Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 186 (1985), overruled by Knick, 588 U.S. 180 (2019) ("A claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue.) [2]At most, Plaintiff alleges a temporary delay in the

[2] Although Knick v. Township of Scott, 139 S. Ct. 2162 (2019), eliminated the state-litigation requirement from Williamson County, 473 U.S. 172 (1985), it did not overrule the finality component of ripeness. As the Supreme Court reaffirmed in Pakdel, a Takings Clause claim is ripe only when the government has reached a definitive decision regarding the taking and the plaintiff has suffered a concrete injury without compensation. Pakdel v. City & Cnty. of San Francisco, California, 594 U.S. 474, 475 (2021)("When a plaintiff alleges a regulatory taking in violation of the Fifth Amendment, a federal court should not consider the claim before the government has reached a 'final' decision.

distribution of funds. But a delay—particularly one tied to an ongoing administrative process with a limited timeframe—does not constitute a taking. The Takings Clause is concerned with the denial of just compensation, not the timing of its calculation where the government is actively working to provide it. Knick, 588 U.S. at 185. Taken together, these facts make clear that Plaintiff has not suffered a completed constitutional injury and therefore cannot state a ripe Takings Clause claim under any theory.

**v. Count II fails to state a claim for which relief can be granted.**

The Fourteenth Amendment of the Constitution forbids a state from depriving persons of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Assuming that the Plaintiff is suing under 42 U.S.C. § 1983 for a state actor's failure to provide procedural due process, a two-step analysis is undertaken: (1) whether "the asserted individual interests are encompassed within the fourteenth amendment's protection of 'life, liberty, or property' "; and (2) whether the procedures available provided the plaintiff with "due process of law." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).

To the extent Plaintiff alleges that the City and its attorneys failed to "properly exercise dominion and control" over a private law firm and its attorney, that theory fails as a matter of law. Liability under § 1983 cannot be premised on a failure to supervise or control absent a recognized supervisory relationship and a corresponding duty. The Third Circuit has made clear that supervisory liability requires personal involvement, including direction, actual knowledge, or acquiescence in the alleged constitutional violation. Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) ("a supervisor may be personally liable ... if he or she participated in violating

---

After all, until the government makes up its mind, a court will be hard pressed to determine whether the plaintiff has suffered a constitutional violation.")

the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations.”). Here, Plaintiff alleges no facts establishing that the City or its attorneys had supervisory authority over the private law firm, nor that they exercised control sufficient to give rise to a constitutional duty. Absent such a relationship, Plaintiff cannot impose § 1983 liability based on a purported failure to supervise a private actor.

Plaintiff must clearly allege what each individual defendant personally did to violate his constitutional rights. Yet Plaintiff identifies no conduct by the City or its Chief Attorneys that directly caused any deprivation of due process. Even if Plaintiff had identified a specific act by these defendants—which he has not—his due process claim still fails because Pennsylvania provides a judicial mechanism to challenge foreclosure-related determinations. The Third Circuit has made clear that where the state offers adequate post-deprivation remedies, a procedural due process claim cannot proceed. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) (“A due process violation ‘is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.”). Plaintiff’s own allegations confirm that such remedies exist: he intervened in the foreclosure action, demonstrating that he had access to and used the state’s judicial review process. Even assuming that there was defective notice, Plaintiff had the opportunity to participate in the process. That alone defeats a procedural due process claim, and this Count should be dismissed with prejudice.

**vi. Count III and IV asserting a Conspiracy to Deprive Plaintiff of Due Process and a Conspiracy to Delay and Deprive Homeowners of Unused Proceeds from Tax Foreclosure Sales” both fail as a matter of law.**

Counts III and IV—asserting a “Conspiracy to Deprive Plaintiff of Due Process” and a “Conspiracy to Delay and Deprive Homeowners of Unused Proceeds from Tax Foreclosure Sales”—fail as a matter of law. As a threshold matter, it is unclear whether Plaintiff intends to

assert these conspiracy claims under the Fourteenth Amendment, the Pennsylvania Constitution, or the Pennsylvania Real Estate Tax Sale Law. To the extent Plaintiff seeks damages for alleged violations of the Pennsylvania Constitution, such claims are barred because no private right of action for monetary damages exists under the Pennsylvania Constitution. Jones v. City of Philadelphia, 890 A.2d 1188, 1216 (Pa. Commw. Ct. 2006). Thus, any state-constitutional conspiracy theory fails outright.

Assuming that Plaintiff is asserting a conspiracy claim under § 1983, the claim still fails because Plaintiff has not plausibly alleged the essential elements of a § 1983 conspiracy. To state such a claim, he must prove that persons acting under color of state law "reached an understanding" to deprive him of his constitutional rights. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 293-94 (3d Cir. 2018). After a plaintiff establishes that the object of the conspiracy was the deprivation of a federally protected right, the plaintiff "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Id. at 295 (citations omitted). To show agreement between the two parties, the plaintiff must demonstrate that "the state actors named as defendants in the[ ] complaint somehow reached an understanding to deny [the plaintiff] his rights," Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993), and in the absence of direct proof, that "meeting of the minds" or "understanding or agreement to conspire" can be "infer[red]" from circumstantial evidence. Id. at 295 (citations omitted).

Plaintiff alleges nothing of the sort. Count III contains only a single conclusory assertion, stating:

> 52. At all times material to this Complaint, the defendants the City, Garcia, Zwolak, Bilal, SHERRIF, and Bid4Assets, Inc., knowingly and intentionally conducted tax foreclosure proceedings and judicial sales of homeowner's property in a manner contrary to the Pennsylvania Real Estate Tax Sale Law ("RETSL") and their

> conduct denied the Plaintiff due process and resulted in the loss of his inheritance in the 1721 property.

ECF 1 at ¶ 52. This allegation does not identify when any agreement was formed, who participated in it, what its terms were, or how it was carried out. Plaintiff alleges no meetings, communications, coordinated actions, or shared objectives among any defendants. The pleading is especially deficient as to Bid4Assets, a private corporate entity, for which Plaintiff alleges no facts suggesting coordination or joint decision-making with any governmental actor.

Count IV fares no better. It asserts that the Sheriff's Office "routinely delays" distributions and falsely claims compliance with the law, and then leaps to the unsupported conclusion that "hundreds of millions of dollars" have been withheld from homeowners. These allegations are speculative, generalized, and wholly disconnected from any factual assertion of an agreement among the named defendants. Plaintiff does not identify any coordinated plan, any shared intent, or any overt act taken in furtherance of a conspiracy. Such speculative and generalized allegations fall well short of the pleading standard required under Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal.

## V. CONCLUSION

Based on the foregoing, Moving Defendants respectfully request that this Honorable Court enter an Order in the form attached hereto dismissing Plaintiffs' claims against Moving Defendants, with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: ______________________________
JOHN P. GONZALES, ESQ.
Attorney ID No. 71265

Date: April 7, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON IRA WILCHCOMBE,<br>Plaintiff, | : | |
| | : | CIVIL ACTION NO. 26-cv-1331 |
| v. | : | |
| CITY OF PHILADELPHIA, et al,<br>Defendants. | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, JOHN GONZALES, ESQUIRE, do hereby certify that a true and correct copy of Defendants' Motion to Dismiss was electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System and served via first class regular mail on date set forth below to the following:

Brandon Wilchcombe
c/o TRUST MANAGEMENT ASSOCIATES INC
1650 MARKET STREET
SUITE 3600
PHILADELPHIA, PA 19103
PRO SE

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: ______________________

JOHN P. GONZALES, ESQ.
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
jpgonzales@mdwcg.com
*Attorney for Defendants*
*City of Philadelphia, Renae Garcia,*
*James Zwolak, Rochelle Bilal, and*
*Philadelphia County Sheriff's Office*

Date: April 7, 2026