2026 APR 13 AM11:03
USDC-EDPA RECD CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BRANDON IRA WILCHCOMBE,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

Civil Action No. 2:26-CV-01331-KBH

JURY TRIAL DEMANDED

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT PURSUANT TO F.R.C.P. 55(C)

## I. INTRODUCTION

Defendants, City of Philadelphia, Renae Garcia, James Zwolak, Rochelle Bilal, and the Philadelphia County Sheriff's Office, appearing through one of the largest institutional defense firms in the Commonwealth, ask this Court to forgive their failure to timely respond to a complaint served upon them on March 12, 2026. Their response deadline under Fed. R. Civ. P. 12(a)(1)(A)(i) was April 2, 2026. They missed it. Plaintiff filed five separate Praecipes for Entry of Default on April 6, 2026. Only then did Defendants act.

Defendants now characterize their failure as nothing more than an 'inadvertent miscalculation' by counsel. But this Court should not lose sight of what actually happened: a sophisticated commercial defense firm — one with a dedicated docket management infrastructure — could not perform a 21-day calendar calculation accurately. More tellingly, their own brief compounds the error, claiming the deadline was 'April 3, 2026' — still wrong under Rule 12(a)(1)(A)(i). This is not a single individual's oversight. It is a firm-wide failure.

While Plaintiff acknowledges the Third Circuit's general preference for resolution on the merits, that preference does not operate to erase the consequences of counsel's negligence nor does it entitle sophisticated defendants to a consequence-free default. At minimum, should this Court exercise its discretion to set aside the default, it should condition such relief on Defendants reimbursing Plaintiff for costs incurred in preparing and filing the five Praecipes.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 55(c), a court may set aside an entry of default for 'good cause.' *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). The Court considers three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *Id.* While courts generally disfavor default judgment as a sanction of last resort, *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984), this does not mean a defaulting party bears no burden to establish each element of good cause. The Court retains broad equitable discretion to condition relief, including by awarding costs. *Spica v. Garczynski*, 78 F.R.D. 134, 135 (E.D. Pa. 1978).

## III. ARGUMENT

### A. Defendants' Culpable Conduct Weighs Against Setting Aside Default

In the Third Circuit, 'culpable conduct' in the default context does not require a showing of willful or bad-faith disregard — negligence by sophisticated counsel is sufficient to weigh this factor against the defaulting party. *Foy v. Dicks*, 146 F.R.D. 113, 117 (E.D. Pa. 1993). Courts have drawn a sharp distinction between excusable neglect by a pro se litigant unfamiliar with deadlines and a failure by experienced institutional defense counsel who are charged with professional mastery of the Federal Rules. See *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987).

Marshall Dennehey, P.C. is not a solo practitioner. It is a large institutional firm with established docket management systems, multiple supervising attorneys, and professional support staff. The 21-day response deadline under Rule 12(a)(1)(A)(i) is among the most basic, unambiguous deadlines in federal civil practice. Service occurred March 12, 2026. The deadline was April 2, 2026. The calculation requires no legal expertise — it requires arithmetic.

Critically, Defendants' own brief compounds the error: they state the deadline was 'April 3, 2026,' which is itself incorrect. This successive miscalculation by competent defense counsel is not the hallmark of an isolated clerical mistake. It reflects systemic deficiency. The contrast with the conduct condemned in *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984) — 'reckless disregard for repeated communications' — merely identifies the outer boundary of culpability. A firm-wide failure to compute a mandatory deadline is more than ordinary negligence; it is, at minimum, reckless inattention to professional obligation.

**B. Plaintiff Is Prejudiced by Defendants' Conduct**

Prejudice under Rule 55(c) is not limited to the loss of evidence or witnesses. *Emcasco*, 834 F.2d at 74. Courts must also consider tactical and strategic prejudice. Here, Plaintiff — proceeding pro se without the benefit of counsel — was compelled to prepare, research, and file five (5) separate

Praecipes for Entry of Default (ECF 13, 14, 15, 16, 18) because Defendants failed to meet their obligations. The time, effort, and resources Plaintiff expended were directly caused by Defendants' delinquency.

Furthermore, this case is in its earliest stages. The default Plaintiff obtained constituted legitimate leverage under the Federal Rules — leverage Defendants now seek to nullify at zero cost to themselves. Permitting the complete erasure of that leverage without any consequence rewards failure to follow the Rules and punishes a diligent pro se litigant who followed them correctly.

**C. Defendants Have Not Demonstrated Truly Meritorious Defenses**

For the reasons set forth at length in Plaintiff's Opposition to the Motion to Dismiss, filed contemporaneously herewith, Defendants' purported defenses are substantially weaker than their brief suggests. Specifically: the Rooker-Feldman doctrine does not bar Plaintiff's claims because Plaintiff challenges pre-judgment constitutional conduct, not the state court's ruling; the Takings Clause claim is ripe because the property was physically sold; and the Due Process claim is supported by directly applicable Supreme Court precedent. See *Jones v. Flowers*, 547 U.S. 220 (2006). The meritorious defense factor therefore does not strongly favor Defendants.

**D. In the Alternative, This Court Should Condition Relief on Payment of Costs**

Should this Court exercise its discretion to set aside the default, Plaintiff respectfully requests that the Court condition such relief on Defendants paying Plaintiff's reasonable costs incurred in preparing and filing the five Praecipes for Entry of Default. Rule 55(c) grants courts broad equitable discretion to impose conditions on relief. See *Spica*, 78 F.R.D. at 135. Such a condition would acknowledge Defendants' negligence, compensate Plaintiff for consequent burdens, and deter future disregard of the Rules by well-resourced defense counsel.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Set Aside Default. In the alternative, if the Court is inclined to grant relief, Plaintiff requests that such relief be conditioned upon Defendants paying all costs and fees incurred by Plaintiff in connection with preparing and filing ECF 13, 14, 15, 16, and 18, and that Defendants be permitted to file their responsive pleading forthwith.

Respectfully submitted,

Brandon Ira Wilchcombe

c/o Trust Management Associates Inc.

1650 Market Street, Suite 3600

Philadelphia, PA 19103

Pro Se Plaintiff

Date: April 13, 2026

## CERTIFICATE OF SERVICE

I, Brandon Ira Wilchcombe, Pro Se, hereby certify that on the date set forth below, that I caused a true and correct copy of the foregoing MOTION to be served upon the parties listed below via regular mail:

John P. Gonzales, Esq.
MARSHALL DENNEHEY WARNER
COLEMAN AND GOGGIN, P.C.
200 Market Street, Suite 2300
Philadelphia, PA 19103

JANE C. SCHLEICHTER, Esq.,
GRB LAW
1420 Spruce Street
Philadelphia, PA 19102

Connor B. DeFilippis, Esq.,
TROUTMAN PEPPER LOCKE
3900 Two Logan Square
Eighteenth and Arch Street
Philadelphia, PA 19103

Dated: April 13, 2026

Brandon Ira Wilchcombe
Pro Se