REC'D APR 1 5 2026

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

**BRANDON IRA WILCHCOMBE,**

**Plaintiff,**

**CIVIL ACTION No. 26-cv-1331**

**v.**

**CITY OF PHILADELPHIA, et. al.,**

**Demand For Jury Trial**

**Defendants.**

---

# ORDER

AND NOW, this ______ day of ______________, 2016, upon consideration of Defendants' Motion For Leave, and Plaintiff's Opposition to Defendants' Motion For Leave, it is hereby **ORDERED** and **DECREED** that said motion is **DENIED** and Defendants' Motion to Dismiss filed under ECF 20 **SHALL BE DEEMED NOT ACCEPTED AS FILED.**

**BY THE COURT:**

_________________________________
**J.**

2026 APR 15 PM3:51
USDC-EDPA REC'D CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**BRANDON IRA WILCHCOMBE,**

**Plaintiff,**

**CIVIL ACTION No. 26-cv-1331**

**v.**

**CITY OF PHILADELPHIA, et. al.,**

**Demand For Jury Trial**

**Defendants.**

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'MOTION FOR LEAVE TO FILE THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, Brandon Ira Wilchcombe, Pro Se, hereby files this pleading in Opposition to Defendants' Motion For Leave to File Their Motion to Dismiss Plaintiff's Complaint, filed under ECF 20 on April 7, 2026, and in support thereof states as follows:

1. Plaintiff filed the Complaint, herein, on February 6, 2026. ECF 1.
2. Moving Defendants' were served with a Summons alongside the Complaint on March 12, 2026. Defendants were legally obligated to respond to the Complaint no later than **April 2nd, 2026,** not **April 3rd, 2026,** as alleged by Defendants in their motion.

3. Counsel for Defendants' claim that the failure to timely respond to the Complaint was the result of an inadvertent oversight and a good faith misunderstanding regarding applicable response deadline does not appear to be genuine in light of the fact that the law firm **MARSHALL DENNEHEY, P.C.,** is a top law firm with hundreds of staff, including a dedicated Callander Management Staff. It does appear that failure to timely respond was the product of willful disregard, bad faith, or dilatory intent because Counsel did not adhere to this Court's requirement to confer with Plaintiff prior to filing its dispositive motion it seeks leave to file.
4. Defendants' Motions to Set Aside Default ECF 19 and Motion to Dismiss Plaintiff's Complaint ECF 20 both appear to be frivolous and filed in bad faith (approximately five days after the deadline).
5. Pro Se Plaintiff submits that opening the Entry of Default in this case would not be in the best interests of justice because Defendants pending motions ECF 19 & 20 appear to have been filed for dilatory and bad faith reasons. Plaintiff will be prejudiced because he has already invested limited resources to respond to Defendants' frivolous motions.
6. Counsel failed to consult with Plaintiff before filing its dispositive motions and counsel's failure to follow the Court's Published Procedures for filing dispositive motions would be rewarded if the Court does not enforce its own rules.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court Deny Defendants' request for leave to file their motions to Set Aside Default and Dismiss Plaintiff's Complaint.

Respectfully submitted,

Brandon Ira Wilchcombe

Pro Se

**CERTIFICATE OF SERVICE**

I, Brandon Ira Wilchcombe, Pro Se, hereby certify that on the date set forth below, that I caused a true and correct copy of the foregoing MOTION to be served upon the parties listed below via regular mail:

John P. Gonzales, Esq.
MARSHALL DENNEHEY WARNER
COLEMAN AND GOGGIN, P.C.
200 Market Street, Suite 2300
Philadelphia, PA 19103

JANE C. SCHLEICHTER, Esq.,
GRB LAW
1420 Spruce Street
Philadelphia, PA 19102

Connor B. DeFilippis, Esq.,
TROUTMAN PEPPER LOCKE
3900 Two Logan Square
Eighteenth and Arch Street
Philadelphia, PA 19103

Dated: April 15, 2026

Brandon Ira Wilchcombe
Pro Se