**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRANDON IRA WILCHCOMBE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>Defendants. | Case No.: 2:26-cv-01331-KBH |

**PROPOSED ORDER**

AND NOW, this _____ day of ______________________, 2026, upon consideration of Defendant Bid4Assets, Inc.'s ("BFA") Motion to Dismiss the Plaintiff's Complaint, and any opposition thereto, it is hereby ORDERED that the Motion is GRANTED and the claims in Plaintiff's Complaint against BFA are DISMISSED WITH PREJUDICE.

_________________________________
Kelley B. Hodge, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRANDON IRA WILCHCOMBE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>Defendants. | Case No.: 2:26-cv-01331-KBH |

**DEFENDANT BID4ASSETS, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12(b)(1) & (6) of the Federal Rules of Civil Procedure, Defendant Bid4Assets, Inc. ("BFA"), by and through its undersigned counsel, hereby moves to dismiss the claims asserted against BFA in Counts III and IV of Plaintiff's Complaint.

In accordance with Rule 7.1 of the Local Rules of Civil Procedure, BFA is contemporaneously submitting the accompanying Brief in Support of its Motion. BFA incorporates the Brief by reference as if set forth fully herein.

Dated: April 16, 2026

Respectfully submitted,

*/s/ Gregory J. Hauck*
Gregory J. Hauck
Connor B. DeFilippis
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4000
Gregory.Hauck@Troutman.com
Connor.DeFilippis@Troutman.com

*Counsel for Defendant Bid4Assets, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRANDON IRA WILCHCOMBE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>Defendants. | Case No.: 2:26-cv-01331-KBH |

# DEFENDANT BID4ASSETS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Gregory J. Hauck
Connor B. DeFilippis
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
Phone: (215) 981-4000
Gregory.Hauck@Troutman.com
Connor.DeFilippis@Troutman.com

*Counsel for Defendant Bid4Assets, Inc.*

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION .....1

II. BACKGROUND .....2

III. STANDARD OF REVIEW .....3

IV. ARGUMENT .....4

- A. Counts III and IV of Plaintiff's Complaint Should Be Dismissed Under the Rooker-Feldman Doctrine .....4
- B. Count III Fails to State a Viable Claim for Relief. .....5
- C. Count IV Fails to State a Viable Claim for Relief .....8

V. CONCLUSION .....8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

AMCO Ins. Co. v. Emery & Assocs.,
No. 2:09-cv-381, 2010 WL 1023939 (W.D. Pa. Mar. 17, 2010) ....................3

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ....................4, 8

Ayala v. Shi,
No. 25-446, 2025 WL 817153 (E.D. Pa. Mar. 13, 2025) ....................5

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ....................4

Blessing Auto Repair, Inc. v. Pa. State Police,
No. 20-6569, 2021 WL 2948845 (E.D. Pa. July 14, 2021) ....................6

Brookhart v. Rohr,
385 F. App'x 67 (3d Cir. 2010) ....................7

Conte v. Mortg. Elec. Registration Sys.,
No. 14-6788, 2015 WL 1400997 (E.D. Pa. Mar. 27, 2015) ....................5

Denchy v. Educ. and Training Consultants of Pa., Inc.,
803 F. Supp. 1055 (E.D. Pa. 1992) ....................7

Glover v. Oleyn,
No. 23-3688, 2024 WL 897577 (E.D. Pa. Feb. 29, 2024) ....................6

Gould Elecs. Inc. v. United States,
220 F.3d 169 (3d Cir. 2000) ....................3

Great W. Mining & Mineral Co. v. Fox Rothschild, LLP,
615 F.3d 159 (3d Cir. 2010) ....................4

Hand v. City of Phila.,
No. 25-cv-6863, 2026 WL 510569 (E.D. Pa. Feb. 24, 2026) ....................7

J.M.P. v. Pa. State Police,
No. 93 M.D. 2022, 2023 WL 5439476 (Pa. Commw. Ct. Aug. 24, 2023) ....................6

Jutrowski v. Twp. of Riverdale,
904 F.3d 280 (3d Cir. 2018) ....................6

Leshko v. Servis,
423 F.3d 337 (3d Cir. 2005)....7

Mosley v. Green,
No. 23-cv-1665, 2023 WL 4935001 (E.D. Pa. Aug. 2, 2023)....7

Rendell-Baker v. Kohn,
457 U.S. 830 (1982)....7

Rippy v. Phila. Dep't of Pub. Health,
No. 19-1839, 2019 WL 4849439 (E.D. Pa. Sept. 30, 2019)....6, 8

Roberts v. Pennsylvania,
No. 22-4829, 2023 WL 6278874 (E.D. Pa. Sept. 26, 2023) (Hodge, J.)....4

Robinson v. Porges,
382 F. App'x 133 (3d Cir. 2010)....5

Rosado v. City of Chester Cnty., Pa.,
No. 24-cv-6087, 2025 WL 553357 (E.D. Pa. Feb. 19, 2025)....7

Singleton v. Jas Auto. LLC,
378 F. Supp. 3d 334 (E.D. Pa. 2019)....4

Skinner v. Switzer,
562 U.S. 521 (2011)....4

Wiggs v. Foley,
No. 5:20-cv-02267, 2021 WL 462782 (E.D. Pa. Feb. 9, 2021)....6

Zucal v. Cnty. of Lehigh,
760 F. Supp. 3d 290 (E.D. Pa. 2024)....6, 7

**Statutes**

42 U.S.C. § 1983....6, 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)....3

Fed. R. Civ. P. 12(b)(6)....4

Pa.R.Civ.P. 3136....8

Pennsylvania Constitution....1, 6

U.S. Constitution....1, 5, 6

## I. INTRODUCTION

This matter arises from a tax foreclosure proceeding regarding residential property located in Philadelphia County, Pennsylvania. Ultimately, the property was foreclosed upon and sold during a Sheriff's sale through an online public auction website operated by Defendant Bid4Assets, Inc. ("BFA"). Plaintiff now sues multiple parties related to the foreclosure and sale. As it relates to BFA, Plaintiff contends, among other things, that BFA engaged in a conspiracy to deprive Plaintiff of his due process rights and to violate the Pennsylvania Rules of Civil Procedure regarding the distribution of unused proceeds from the Sheriff's sale.

Plaintiff's claims against BFA should be dismissed with prejudice for three reasons. First, Plaintiff is attempting to collaterally attack a state court decision in violation of the <u>Rooker</u>-<u>Feldman</u> Doctrine. Specifically, Plaintiff is impermissibly seeking review of the Philadelphia Court of Common Pleas' order for the sale of the property in the tax foreclosure proceeding. Under such circumstances, the <u>Rooker</u>-<u>Feldman</u> Doctrine provides that the federal courts are without subject matter jurisdiction to consider such attacks and the Complaint should therefore be dismissed.

Second, although it is unclear whether Plaintiff is suing for violation of his rights under the Pennsylvania Constitution or U.S. Constitution, his claims fail under either. A party cannot assert constitutional violations against a private entity, unless that private entity was acting under the color of state law. Caselaw confirms that BFA was not acting under the color of state law by providing its online auction services here, nor was BFA engaged in a conspiracy to deprive Plaintiff of his constitutional rights.

Third, Plaintiff's claim alleging that BFA conspired with the City of Philadelphia to violate the Pennsylvania Rules of Civil Procedure fails to state a viable claim. There are procedures to address exceptions to the Philadelphia Sheriff's proposed distribution schedule. The proper forum

for such exceptions is the Philadelphia Court of Common Pleas, not the federal court and Plaintiff otherwise fails to state a claim for relief.

For these reasons, as explained more fully below, BFA respectfully requests that the Court dismiss Plaintiff's claims in the Complaint against it with prejudice.

## II. BACKGROUND

On February 26, 2026, Plaintiff Brandon Wilchcombe commenced this action against the City of Philadelphia, Renee Garcia, James Zwolak, Rochelle Bilal, the Philadelphia County Sheriff's Office (collectively, the "City Defendants"), Geohring, Rutter & Boehm ("GRB"), George V. Baker, Jr., BFA, and TLH TD Properties, LLC ("TLH").

Plaintiff's claims arise from a property located at 1721 North Hollywood Street, Philadelphia, Pennsylvania (the "Property"), which Plaintiff alleges was previously owned by his grandparents Arthur and Mary Wilchcombe. See Dkt. No. 1 [Compl.] at ¶¶ 1, 3. Plaintiff alleges that, on September 3, 2025, the Philadelphia Department of Revenue published a realty tax report that showed that the Property had accumulated $10,287.54 in unpaid property taxes, interest and penalties, among other things. Id. at ¶ 7. On April 3, 2024, Defendant GRB initiated an action against the Property for delinquent taxes on behalf of the City. Id. at ¶ 9. According to Plaintiff, the action was captioned as City of Philadelphia v. Arther E. Wilchcombe, et al., 2404T0017 (the "State Court Action"). Id. at ¶ 16.

On July 15, 2024, the Court of Common Pleas entered an Order in the State Court Action that the Property was to be sold at a Sheriff's sale. Id. at 16. On January 14, 2025, Defendant Baker filed an Affidavit of Service and Decree and Notice of Sale, noticing the February 21, 2025 Sheriff's sale of the Property on BFA's website. Id. at ¶ 18; see also id. at Appendix F. The Property was ultimately sold at auction to Defendant TLH. See id. at ¶¶ 33, 34.

On August 18, 2025, Plaintiff moved to intervene in the State Court Action, which the State Court granted, and thereafter filed a petition to redeem the Property. Id. at ¶¶ 35, 36. On September 3, 2025, the State Court denied Plaintiff's petition. Id. at ¶ 36. On October 14, 2025, pursuant to a court order, the Philadelphia Sheriff filed a Proposed Schedule of Distribution – With Surplus in the State Court Action, identifying as "UNUSED PROCEEDS" the amount of $25,972.76. Id. at ¶ 37. Plaintiff claims entitlement to this amount and completed a Home (Owner) Asset Recovery Team ("HART") Form to that effect. Id. at ¶ 38. On November 12, 2025, Plaintiff was informed that it may take 6 to 12 months to determine what amounts (if any) should be distributed to him. Id.

Based on these alleged actions, Plaintiff asserts causes of action against BFA in Counts III and IV of his Complaint. In Count III, Plaintiff asserts a claim for "Conspiracy to Deprive Plaintiff of Due Process In Application of the Pennsylvania Real Estate Tax Sale Law" against the City Defendants and BFA. Id. at Count III. In Count IV, Plaintiff asserts a claim for "Conspiring to Delay or Deprive Homeowners of Unused Proceeds From Tax Foreclosure Sales" against the Philadelphia Sheriff, Defendant Bilal, and BFA. Id. at Count IV. Both of these claims fail.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject-matter jurisdiction. Courts in the Third Circuit "divide[] Rule 12(b)(1) motions into two categories: Facial and factual. . . . . A facial attack on jurisdiction is directed to the sufficiency of the pleading as a basis for subject matter jurisdiction." AMCO Ins. Co. v. Emery & Assocs., No. 2:09-cv-381, 2010 WL 1023939, at *2 (W.D. Pa. Mar. 17, 2010) (citation omitted). A court reviewing a facial challenge "must only consider the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." Id. (quoting Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Applying this standard, a court first identifies allegations that are mere "legal conclusions" or "naked assertion[s]." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). These allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 556 U.S. at 679. Then the court evaluates all "well-pleaded, nonconclusory factual allegation[s]" to determine whether the plaintiff has stated a plausible claim for relief. Id. at 680.

## IV. ARGUMENT

### A. Counts III and IV of Plaintiff's Complaint Should Be Dismissed Under the Rooker-Feldman Doctrine

Under "the Rooker-Feldman doctrine, federal courts are without subject-matter jurisdiction to review state court decisions." Roberts v. Pennsylvania, No. 22-4829, 2023 WL 6278874, at *5 n.3 (E.D. Pa. Sept. 26, 2023) (Hodge, J.). The doctrine applies to suits "brought by state-court losers inviting district court review and rejection of the state court's judgment." Singleton v. Jas Auto. LLC, 378 F. Supp. 3d 334, 344 (E.D. Pa. 2019) (quoting Skinner v. Switzer, 562 U.S. 521, 532 (2011)). Application of the doctrine requires consideration of four elements: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Id. (quoting Great

W. Mining & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 165 (3d Cir. 2010)) (citation modified).

All of the requisite elements are met here. At base, Plaintiff complains of the judicial foreclosure of the Property. See Dkt. No. 1 [Compl.] at ¶¶ 1, 2, 17, 28, 35, 36. Plaintiff challenged this judicial foreclosure, but was ultimately unsuccessful. Id. at ¶¶ 16, 36. Accordingly, Plaintiff "lost in state court" and complains of alleged injuries stemming from the state-court judgment to sell the Property. Plaintiff admits this occurred prior to filing the present federal suit and now seeks to circumvent the state court's decision and have this Court reject that the Property was properly foreclosed upon. See id. at ¶¶ 16, 27. These are the classic indicia of Rooker-Feldman and the doctrine should be applied here.

Indeed, the Rooker-Feldman doctrine has barred similar claims involving Sheriff's sales. See, e.g., Robinson v. Porges, 382 F. App'x 133, 135 (3d Cir. 2010) ("[Plaintiff's] complaint 'demands the return of his home as his own property with free and clear deed and title,' as well as actual and punitive damages. Such an award could only be made by reviewing and rejecting the state court judgments."); Ayala v. Shi, No. 25-446, 2025 WL 817153, at *2-4 (E.D. Pa. Mar. 13, 2025); Conte v. Mortg. Elec. Registration Sys., No. 14-6788, 2015 WL 1400997, at *2-4 (E.D. Pa. Mar. 27, 2015). The result should not be different here and the Complaint should be dismissed for lack of subject matter jurisdiction.

### B. Count III Fails to State a Viable Claim for Relief

In Count III of the Complaint, Plaintiff alleges that BFA conspired with the City Defendants regarding the Sheriff's sale and that "their conduct denied the Plaintiff due process and resulted in the loss of his inheritance in the [Property]." Dkt. No. 1 [Compl.] at ¶ 52. It is unclear whether Plaintiff is asserting claims under the Pennsylvania or U.S. Constitution. Regardless, his claims are meritless and should be dismissed.

To the extent Plaintiff seeks damages for violations of the Pennsylvania Constitution, such a claim fails as a matter of law. Glover v. Oleyn, No. 23-3688, 2024 WL 897577, at *3 (E.D. Pa. Feb. 29, 2024) ("There is no private right of action for damages under the Pennsylvania Constitution."); see also J.M.P. v. Pa. State Police, No. 93 M.D. 2022, 2023 WL 5439476, at *2 (Pa. Commw. Ct. Aug. 24, 2023) ("Pennsylvania law does not permit the award of money damages for a violation of the Pennsylvania Constitution."). Plaintiff cannot assert claims under the U.S. Constitution either.

To the extent Plaintiff seeks damages for violation of the U.S. Constitution pursuant to 42 U.S.C. § 1983, Count III is equally unavailing. To assert a plausible conspiracy claim under § 1983, a plaintiff must properly allege "the existence of an agreement to deprive the plaintiff of a constitutional right and . . . that the conspirators acted under the color of state law." Blessing Auto Repair, Inc. v. Pa. State Police, No. 20-6569, 2021 WL 2948845, at *4 (E.D. Pa. July 14, 2021); Zucal v. Cnty. of Lehigh, 760 F. Supp. 3d 290, 304 (E.D. Pa. 2024) ("In addition to showing that Plaintiffs were deprived of a federally protected right in furtherance of the alleged conspiracy, Plaintiffs 'must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.'" (quoting Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 293-94 (3d Cir. 2018))). "Bare conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy." Rippy v. Phila. Dep't of Pub. Health, No. 19-1839, 2019 WL 4849439, at *11 (E.D. Pa. Sept. 30, 2019) (citation omitted); see also Wiggs v. Foley, No. 5:20-cv-02267, 2021 WL 462782, at *7 (E.D. Pa. Feb. 9, 2021).

Here, Plaintiff fails to adequately allege both that BFA was acting under color of state law and that BFA had an agreement with the City Defendants to deprive Plaintiff of his constitutional due process rights. As to the former, to determine "[w]hether a private entity is acting under color

of state law," the court must analyze "whether there is 'such a close nexus between the State and the challenged action' that private behavior may be fairly treated as that of the State itself." Rosado v. City of Chester Cnty., Pa., No. 24-cv-6087, 2025 WL 553357, at *9 (E.D. Pa. Feb. 19, 2025) (quoting Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005)). Courts have found persons and entities involved in Sheriff's sales to be private actors under Section 1983. See, e.g., Brookhart v. Rohr, 385 F. App'x 67, 69-70 (3d Cir. 2010); Mosley v. Green, No. 23-cv-1665, 2023 WL 4935001, at *4 (E.D. Pa. Aug. 2, 2023); Hand v. City of Phila., No. 25-cv-6863, 2026 WL 510569, at *6 (E.D. Pa. Feb. 24, 2026). More broadly, courts have long recognized that the acts of "private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." Denchy v. Educ. and Training Consultants of Pa., Inc., 803 F. Supp. 1055, 1061 n.7 (E.D. Pa. 1992) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982)).

Plaintiff alleges nothing more than that the City of Philadelphia utilized BFA's online auction website for the public sale of the Property. See Dkt. No. 1 [Compl.] at ¶¶ 18, 27. According to the above caselaw, BFA is a private actor for purposes of a § 1983 analysis and Count III for conspiracy should therefore be dismissed.

Even if Plaintiff could (somehow) adequately allege that BFA was acting under color of state law in providing its online auction services to the City of Philadelphia, Plaintiff fails to adequately allege that the defendant parties had an understanding to deprive Plaintiff of his constitutional rights and engaged in concerted action. See Zucal, 760 F. Supp. 3d at 304. Indeed, Plaintiff relies entirely on conclusory allegations such as that BFA acted "[p]er its Agreement" with the City Defendants and that there exists a "partnership between the SHERRIF and [BFA.]" Id. at ¶¶ 27, 40. Such conclusory allegations are insufficient to state a viable § 1983 conspiracy

claim and Count III should be dismissed for this additional reason. See Rippy, 2019 WL 4849439, at *11.

### C. Count IV Fails to State a Viable Claim for Relief

Count IV of the Complaint alleges that the Philadelphia Sheriff and BFA "[c]onspir[ed] to [d]elay or [d]eprive" Plaintiff from receiving unused proceeds from the Sheriff's sale. Dkt. No. 1 [Compl.] at Count IV. Plaintiff does not explain what rule of law BFA allegedly violated; Plaintiff simply states that the "distribution of the monetary proceeds . . . is governed by . . . Pa. Civ. R. 3136." Id. at ¶ 55. To the extent Plaintiff had exceptions to the proposed distribution by the Sheriff, the correct forum for filing said exceptions would have been the State Court Action, not federal court. See Pa.R.Civ.P. 3136 (outlining procedure for filing exceptions to a proposed schedule of distribution of the proceeds from a sale of real property in a Sheriff's sale). To the extent Plaintiff is asserting a different claim for relief, Plaintiff fails to plead adequate factual and legal allegations to state a claim upon which relief can be granted. Iqbal, 556 U.S. at 678. Accordingly, Count IV should be dismissed.

## V. CONCLUSION

Based on the foregoing, BFA respectfully requests that the Court dismiss the claims in Counts III and IV of Plaintiff's Complaint against it with prejudice.

Dated: April 16, 2026

Respectfully submitted,

*/s/ Gregory J. Hauck*

Gregory J. Hauck
Connor B. DeFilippis
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
18th and Arch Streets

Philadelphia, PA 19103
(215) 981-4000
Gregory.Hauck@Troutman.com
Connor.DeFilippis@Troutman.com

*Counsel for Defendant Bid4Assets, Inc.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to this Court's Judicial Policies and Procedures, undersigned counsel for Bid4Assets, Inc. conferred with Plaintiff via telephone on April 14, 2026 regarding the foregoing motion but Plaintiff declined to agree to dismiss his claims against BFA.

Dated: April 16, 2026

*/s/ Connor B. DeFilippis*
Connor B. DeFilippis

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing motion and accompanying papers to be served via ECF upon all counsel of record and via first class mail upon the following:

Brandon Ira Wilchcombe
Trust Management Associates, Inc.
1650 Market Street, Suite 3600
Philadelphia, PA 19103
.

Dated: April 16, 2026

*/s/ Connor B. DeFilippis*
Connor B. DeFilippis