**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON IRA WILCHCOMBE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 2:26-cv-01331-KBH |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al, | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |
| | : | |

**PLAINTIFF BRANDON IRA WILCHCOMBE'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO SET ASIDE DEFAULT ADDRESSING NEW ARGUMENTS RAISED IN ECF 31 (APRIL 17, 2026)**

## PRELIMINARY STATEMENT

Defendants' Reply on the default motion (ECF 31) concedes the April 2, 2026 deadline — the same deadline their own original brief incorrectly stated was "April 3" — while simultaneously arguing their conduct was without fault. They misread Foy v. Dicks, misstate the prejudice standard, and rely on a circular meritorious-defense argument. They further suggest that because Plaintiff is pro se he has no compensable injury from their dilatoriness. Each argument is addressed below.

## I. DEFENDANTS' DOUBLE MISCALCULATION OF THE SAME DEADLINE REVEALS AN INSTITUTIONAL PATTERN THAT WEIGHS AGAINST THEM UNDER THE CULPABLE CONDUCT FACTOR

Defendants now concede that the Rule 12 response deadline was April 2, 2026. ECF 31 at 1. This concession is noteworthy because Defendants' own Memorandum of Law in Support of their Motion to Set Aside Default — the very filing in which they argued the default should be excused — stated that the deadline was "April 3, 2026." ECF 19, Mem. at 5. Their explanation for missing the April 2 deadline was a miscalculation of that same deadline. Their brief excusing that miscalculation itself miscalculated the same deadline.

This is not an isolated arithmetic error. It is a pattern of inattention to a basic procedural date — a date that required no legal research, no strategic judgment, and no interpretation: service was March 12, 2026; the deadline is 21 days later; April 2, 2026. Marshall Dennehey, P.C. is a large institutional law firm whose attorneys appear in this Court with regularity. The Third Circuit has recognized that the sophistication of the defaulting party is a relevant consideration in evaluating culpability under Rule 55(c). See Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984). A sophisticated institutional law firm that miscalculates the same elementary deadline twice — first in the underlying conduct, then in the brief explaining that conduct — has provided this Court with affirmative evidence that its negligence is institutional rather than isolated.

## II. DEFENDANTS MISREAD FOY v. DICKS — THAT CASE SUPPORTS PLAINTIFF, NOT DEFENDANTS, BECAUSE IT REQUIRED SPECIFIC EVIDENCE OF EXTRAORDINARY CIRCUMSTANCES THAT MARSHALL DENNEHEY HAS NOT PROVIDED

Defendants cite Foy v. Dicks, 146 F.R.D. 113 (E.D. Pa. 1993), for the proposition that culpable conduct requires willfulness or bad faith, and that an "unintentional oversight" cannot satisfy that standard. ECF 31 at 2. But Foy does not stand for a categorical rule in favor of defaulting counsel who offers any excuse — it required close examination of the specific institutional context before finding that the default was not culpable.

In Foy, the defaulting attorney was an Assistant City Solicitor working under extraordinary caseload pressure as a public servant with limited resources. The Court ordered a formal accounting of defaults across the City Solicitor's entire office and reviewed institutional statistics before concluding — tentatively — that the pattern was not "extensive enough" to constitute wholesale bad faith. Id. at 117. Even then, the Court compelled the production of a default list and signaled concern. That is not a ringing endorsement of the "mere negligence" defense.

Defendants here are private commercial defense counsel at a large law firm billing market rates to institutional municipal clients. They are not overwhelmed public defenders or underfunded city solicitors. They have offered no institutional context, no explanation of any specific circumstance that caused the miscalculation, no description of competing deadlines, no affidavit from the responsible attorney, and no evidence of any systemic pressure analogous to the Foy situation. They have offered only the bare assertion that the error was unintentional — an assertion true of virtually every default ever filed. If bare unintentionality were sufficient to defeat

culpability analysis, the culpable conduct factor in Rule 55(c) would be a nullity in every case where sophisticated counsel defaults and claims inadvertence.

## III. THE PREJUDICE STANDARD DOES NOT CATEGORICALLY EXCLUDE TACTICAL PREJUDICE — AND PLAINTIFF SUFFERED BOTH TACTICAL AND DIRECT PREJUDICE FROM THE DEFAULT

Defendants invoke Emcasco Insurance Co. v. Sambrick, 834 F.2d 71 (3d Cir. 1987), for the proposition that prejudice requires loss of evidence or impairment of the ability to litigate. ECF 31 at 3. While this is the primary analytical framework, it is not the exclusive definition of prejudice under Rule 55(c), and Defendants' application of it to these facts is incorrect.

First, Plaintiff suffered direct, measurable prejudice: he was required to research and prepare five separate Praecipes for Entry of Default, file each on the Court's ECF system, and brief the resulting dispute — all because Defendants' counsel failed to comply with a deadline that required no legal analysis to calculate. Time spent by a litigant — even a pro se litigant — on procedurally compelled work caused by an opposing party's non-compliance is real prejudice, regardless of whether it can be quantified in attorney hours.

Second, Defendants' argument that the case would have "proceeded anyway" because other defendants exist does not eliminate prejudice from Moving Defendants' default. ECF 31 at 3. Moving Defendants are separate parties with independent potential liability. Default as to them was a distinct procedural status with distinct legal consequences. The fact that Plaintiff could continue pursuing other defendants does not mean he suffered no prejudice from losing the default

automatic in every case where a defendant also files a dispositive motion — rendering it meaningless.

Moreover, Defendants' Motion to Dismiss is not a settled matter — it is vigorously contested, as this Court's docket reflects. Whether Defendants' legal arguments ultimately prevail is precisely what this Court has yet to determine. An argument whose merits are actively disputed cannot simultaneously constitute proof of meritorious defense for Rule 55(c) purposes. At minimum, this factor should be treated as neutral pending resolution of the Motion to Dismiss.

## V. COST-SHIFTING IS AVAILABLE TO PRO SE LITIGANTS AND IS WARRANTED HERE AS AN EQUITABLE CONDITION OF RELIEF

Defendants argue that cost-shifting is unavailable because Plaintiff is pro se and therefore "presumably" incurred no attorney fees. ECF 31 at 5 n.2. This argument rests on an incorrect assumption and proves too much.

Pro se litigants may recover out-of-pocket costs even where they cannot recover attorney fees at the professional rate. See 28 U.S.C. § 1920 (taxable costs available to prevailing parties regardless of representation status); see also Mallard v. U.S. District Court, 490 U.S. 296, 298 (1989). The ECF filing system requires registration, compliance, and time. Plaintiff incurred real costs — including time value, research costs, and direct filing expenses — in preparing and filing five separate Praecipes as a direct consequence of Defendants' failure to comply with a basic procedural deadline.

position as to these defendants — it means only that the litigation was not entirely mooted by the default.

Third, the loss of a legitimately earned procedural advantage is a form of tactical prejudice that courts have recognized in the default context. See Emcasco, 834 F.2d at 74 (identifying "substantial reliance upon the judgment" as a recognized prejudice category). Plaintiff filed five Praecipes in diligent compliance with the rules. He earned a default. Stripping that default through equitable relief transfers the cost of Defendants' negligence to Plaintiff — the party who did everything correctly.

## IV. THE MERITORIOUS DEFENSE FACTOR CANNOT BE SATISFIED BY REFERENCE TO A DISPUTED MOTION TO DISMISS — THE STANDARD REQUIRES FACTS, NOT LEGAL ARGUMENTS

Defendants argue that their Motion to Dismiss establishes a meritorious defense. ECF 31 at 4-5. This conflates the legal standard for a meritorious defense under Rule 55(c) with the legal standard for a motion to dismiss under Rule 12(b)(6). These are different inquiries.

Under United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984), a meritorious defense is established when the "allegations in the proposed answer, if established at trial, would constitute a complete defense to the action." The standard focuses on factual allegations that could, if proven, defeat the plaintiff's claims — not on legal arguments that the claims are insufficiently pleaded. A motion to dismiss argues that a complaint fails as a matter of law; it does not allege facts that constitute an affirmative defense at trial. Treating a disputed motion to dismiss as self-evidently establishing a meritorious defense would make this factor

More fundamentally, Defendants' argument proves too much. If accepted, it would establish a categorical rule permitting sophisticated defense firms to default against pro se plaintiffs with no equitable consequences, knowing that courts will excuse the default on the ground that the unrepresented party suffered no quantifiable fee prejudice. This reasoning creates a structural incentive to treat pro se litigants as lower-value adversaries against whom procedural obligations are less consequential. That is not a principle consistent with this Court's obligation to ensure equal access to justice for represented and unrepresented litigants alike.

This Court's equitable authority under Rule 55(c) is broad. Hamilton v. Edell, 67 F.R.D. 18, 20 (E.D. Pa. 1975). The Court may condition relief on whatever terms justice requires — including a requirement that Defendants reimburse Plaintiff's filing costs and documented out-of-pocket expenses incurred in preparing the five Praecipes and this opposition briefing. Plaintiff respectfully requests that the Court impose this condition in the event it grants relief from default.

## CONCLUSION

The three-factor Rule 55(c) analysis does not compel the relief Defendants seek. Their culpable conduct factor is undermined by a double miscalculation of the same deadline, unaccompanied by any specific contextual justification. Their prejudice argument ignores the real costs Plaintiff incurred and the tactical prejudice from losing a legitimately earned default position. Their meritorious defense argument rests on disputed legal contentions rather than the factual allegations that the standard requires. And their cost-shifting argument relies on a principle — that pro se litigants cannot recover any costs — that is both factually wrong and constitutionally problematic.

Plaintiff respectfully requests that this Court deny Defendants' Motion to Set Aside Default, or in the alternative condition any relief granted upon Defendants' payment of Plaintiff's documented out-of-pocket costs incurred in preparing and filing the five Praecipes and all related opposition briefing.

Respectfully submitted,

BRANDON IRA WILCHCOMBE

Pro Se

Date: April 22, 2026