**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRANDON IRA WILCHCOMBE,<br>Plaintiff,<br>v.<br>CITY OF PHILADELPHIA, et al.,<br>Defendants. | Case No.: 2:26-cv-01331-KBH |

**PROPOSED ORDER**

AND NOW, this _____ day of ______________________, 2026, upon consideration of Brandon Ira Wilchcombe's Motion for Leave to File an Amended Complaint, and any opposition thereto, it is hereby ORDERED that the Motion is DENIED.

________________________________
Kelley B. Hodge, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BRANDON IRA WILCHCOMBE,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

Case No.: 2:26-cv-01331-KBH

**DEFENDANT BID4ASSETS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Gregory J. Hauck
Connor B. DeFilippis
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
Phone: (215) 981-4000
Gregory.Hauck@Troutman.com
Connor.DeFilippis@Troutman.com

*Counsel for Defendant Bid4Assets, Inc.*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... - 1 -

II. BACKGROUND .......... - 2 -

III. STANDARD OF REVIEW .......... - 3 -

IV. ARGUMENT .......... - 4 -

A. The Rooker-Feldman Doctrine Would Continue to Apply to Plaintiff's Proposed Amended Complaint .......... - 4 -

B. Count III of the Proposed Amended Complaint Still Fails to State a Viable Conspiracy Claim .......... - 6 -

C. Count IV of the Proposed Amended Complaint Also Fails to State a Claim .......... - 8 -

V. CONCLUSION .......... - 8 -

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Ayala v. Shi,
No. 25-446, 2025 WL 817153 (E.D. Pa. Mar. 13, 2025) ....................5, 6

Blessing Auto Repair, Inc. v. Pa. State Police,
No. 20-6569, 2021 WL 2948845 (E.D. Pa. July 14, 2021) ....................6

Fraser v. Nationwide Mut. Ins. Co.,
352 F.3d 107 (3d Cir. 2003)....................4

Gay v. Petsock,
917 F.2d 768 (3d Cir. 1990)....................3

Ladenheim v. Starr Transit Co., Inc.,
242 F. Supp. 3d 395 (E.D. Pa. 2017) ....................4

Oliver v. City of Phila.,
No. 25-197, 2025 WL 1902298 (E.D. Pa. July 9, 2025) ....................7

Rippy v. Phila. Dep't of Pub. Health,
No. 19-1839, 2019 WL 4849439 (E.D. Pa. Sept. 30, 2019)....................7

Wazee St. Opportunities Fund IV LP v. Fed. Hous. Fin. Agency,
No. CV 18-03478, 2025 WL 1106068 (E.D. Pa. Apr. 14, 2025) ....................3, 4

## Other Authorities

Federal Rule of Civil Procedure 15(a)(2) ....................3

## I. INTRODUCTION

Plaintiff missed the deadline under Rule 15 to amend his complaint as of right in response to the various motions to dismiss filed by defendants in this action. Now, after the motions have been largely briefed, Plaintiff asks this Court for leave to file an amended complaint. The problem with Plaintiff's request is that his proposed amendments do not cure the fundamental defects that Bid4Assets, Inc. ("BFA") identified in Plaintiff's original complaint. Because Plaintiff's proposed amendment would be futile, the Court should deny Plaintiff's motion.

First, Plaintiff's removal of equitable relief to avoid application of the Rooker-Feldman Doctrine misses the mark. The Rooker-Feldman Doctrine does not hinge on the type of relief requested. Rather, the doctrine considers whether the claims asserted are so entwined with a state court judgment that the requested relief would require the federal court to question that judgment. As BFA explained in its motion to dismiss papers, that is precisely what is occurring here. Whether Plaintiff is seeking monetary damages in the amount of the foreclosed property, or rescission of the sale, relief would require this Court to second guess the determination of the Philadelphia Court of Common Pleas, which it cannot do. Plaintiff's amendment, therefore, would be futile as the Rooker-Feldman Doctrine would still apply.

Second, Plaintiff's purported additions to his Section 1983 conspiracy claim fail to cure the defects that BFA identified in its motion to dismiss. A Section 1983 conspiracy claim requires more than just conclusory allegations of a shared project. It requires factual allegations that BFA and the Sheriff *actually agreed* to deprive Plaintiff of a constitutional right. Contrary to Plaintiff's assertions, the amended complaint does not do this. Instead, it continues to rely on conclusory allegations that fail to state a valid claim for relief.

Third, Plaintiff still does not identify what claim he is asserting in Count IV. He now contends that he "explicitly invokes Tyler v. Hennepin County" to support Count IV; however, the

amended complaint contains no such allegation or supporting reference. To the extent Plaintiff is asserting a constitutional conspiracy claim, Plaintiff's claim fails for the same reasons stated above.

All said, nothing that Plaintiff proposes in his amended complaint fixes his failure to state actionable claims. For these reasons, this Court should deny Plaintiff's motion for leave to file an amended complaint.

## II. BACKGROUND

Plaintiff Brandon Wilchcombe commenced this action on February 26, 2026 against the City of Philadelphia, Renee Garcia, James Zwolak, Rochelle Bilal, the Philadelphia County Sheriff's Office (collectively, the "City Defendants"), Goehring, Rutter & Boehm ("GRB"), George V. Baker, Jr., BFA, and TLH TD Properties, LLC ("TLH").

Plaintiff's claims arise from a property located at 1721 North Hollywood Street, Philadelphia, Pennsylvania (the "Property"). See Dkt. No. 1 [Compl.] at ¶¶ 1, 3. Plaintiff alleges that GRB initiated an action against the Property for delinquent taxes on behalf of the City, captioned as City of Philadelphia v. Arther E. Wilchcombe, et al., 2404T0017 (the "State Court Action"). Id. at ¶¶ 9, 16. On July 15, 2024, the Court of Common Pleas entered an Order in the State Court Action that the Property was to be sold at a Sheriff's sale. Id. at ¶ 16. On January 14, 2025, Defendant Baker filed an Affidavit of Service and Decree and Notice of Sale, noticing the February 21, 2025 Sheriff's sale of the Property on BFA's website. Id. at ¶¶ 17, 18; see also id. at Appendix F. The Property was ultimately sold at auction to Defendant TLH. See id. at ¶¶ 33, 34.

On August 18, 2025, Plaintiff moved to intervene in the State Court Action, which the State Court granted, and thereafter filed a petition to redeem the Property. Id. at ¶¶ 35, 36. On September 3, 2025, the State Court denied Plaintiff's petition. Id. at ¶ 36. On October 14, 2025, pursuant to a court order, the Philadelphia Sheriff filed a Proposed Schedule of Distribution – With

Surplus in the State Court Action, identifying as "UNUSED PROCEEDS" the amount of $25,972.76. Id. at ¶ 37. Plaintiff claims entitlement to this amount and completed a Home (Owner) Asset Recovery Team ("HART") Form to that effect. Id. at ¶ 38. Plaintiff was informed that it may take 6 to 12 months to determine what amounts (if any) should be distributed to him. Id.

Plaintiff asserts causes of action against BFA in Counts III and IV of his Complaint. In Count III, Plaintiff asserts a claim for "Conspiracy to Deprive Plaintiff of Due Process In Application of the Pennsylvania Real Estate Tax Sale Law" against the City Defendants and BFA. Id. at Count III. In Count IV, Plaintiff asserts a claim for "Conspiring to Delay or Deprive Homeowners of Unused Proceeds From Tax Foreclosure Sales" against the Philadelphia Sheriff, Defendant Bilal, and BFA. Id. at Count IV.

On April 16, 2026, BFA moved to dismiss Counts III and IV of Plaintiff's Complaint, arguing, among other things, that (1) Plaintiff's claims were barred by the Rooker-Feldman Doctrine, (2) Plaintiff failed to state a viable Section 1983 Conspiracy claim in Count III, and (3) Plaintiff otherwise failed to plead a cognizable claim in Count IV. See Dkt. No. 26 [BFA's Motion to Dismiss] at Memorandum pp. 4-8. The motion became fully briefed on May 4, 2026. On May 15, 2026, Plaintiff filed both a motion for leave to file a sur-reply in further opposition to BFA's motion to dismiss, and the instant motion for leave to file an amended complaint. See Dkt. Nos. 38 [Motion to Amend] and 39 [Motion for Sur-Reply].

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its complaint by leave of court. "The decision whether to grant leave to amend is left to the 'sound discretion of the district judge.'" Wazee St. Opportunities Fund IV LP v. Fed. Hous. Fin. Agency, No. CV 18-03478, 2025 WL 1106068, at *3 (E.D. Pa. Apr. 14, 2025) (quoting Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990)). A court should deny leave to amend if the amendment would be futile. Id.

(citing Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003)). "Futility means the amended complaint 'could not withstand a renewed motion to dismiss.'" Id. (citation omitted). "In assessing futility, the Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. In other words, "[a]n amendment is futile if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" Ladenheim v. Starr Transit Co., Inc., 242 F. Supp. 3d 395, 408 (E.D. Pa. 2017).

## IV. ARGUMENT

### A. The Rooker-Feldman Doctrine Would Continue to Apply to Plaintiff's Proposed Amended Complaint

Plaintiff clearly states in his motion why he wants to amend his complaint to remove the portion of his prayers for relief that request a rescission of the sale of the Property: "These requests are removed in recognition of the Rooker-Feldman concerns BFA identified." See Dkt. No. 38 [Motion to Amend] at 2. In other words, Plaintiff wants to remove these requests specifically to avoid the Rooker-Feldman Doctrine. Doing so does not change the fact that Plaintiff's amended complaint is entirely premised on the State Court Action such that Rooker-Feldman would still apply.

In his proposed amended complaint, Plaintiff continues to complain that defendants, by way of the foreclosure process, deprived him of various constitutional rights resulting in the loss of the Property itself and proceeds stemming from its sale:

> Due to lack of proper notice of the tax foreclosure court proceeding and subsequent sale of the [P]roperty, Plaintiff . . . was deprived of his rights of inheritance in the 1721 property, the equity in the property, and the excess proceeds resulting from the sale of the property.

Dkt. No. 38 [Motion to Amend] at Exhibit B ¶ 28. The fact that Plaintiff proposes to only seek monetary damages does not invalidate the application of the Rooker-Feldman Doctrine. Ayala v. Shi, No. 25-446, 2025 WL 817153, at *1 (E.D. Pa. Mar. 13, 2025), is instructive on this point.

There, a pro se plaintiff asserted Section 1983 claims against various defendants related to the foreclosure of her property. Specifically, the plaintiff alleged, among other things, that certain defendants "executed a scheme to defraud her . . . with regard to her mortgage"—causing her property to be foreclosed upon and her to be ejected therefrom—and sought damages for the defendants' allegedly illicit actions. Id. In considering whether the Rooker-Feldman Doctrine applied, the Court asked "whether [p]laintiff's federal claims were 'inextricably intertwined'" with the relevant state court action. Id. The Court found that plaintiff's federal claims arose "from her belief that various parts of her mortgage, as well as the mortgage foreclosure process, were unlawful and unenforceable." Id. at *3. Accordingly, the Court concluded that "[a]ll injuries for which [p]laintiff seeks relief . . . are caused by the state court judgment, ***and for this Court to award [p]laintiff her requested relief of monetary damages, the Court would have to reject the judgment of the state court.***" Id. (emphasis added). In other words, "[t]o grant [p]laintiff damages for the claims set forth in her Complaint . . . th[e] Court would have to second guess the Lehigh County Court, which [the Court is] not permitted to do pursuant to Rooker-Feldman." Id.

The result would be no different here. The injuries that Plaintiff complains of in his proposed amended complaint—i.e., lack of proper notice, improper foreclosure, deprivation of equity, and the like—were indisputably caused by the State Court Action and the foreclosure of the Property. See Dkt. No. 38 [Motion to Amend] at Ex. B ¶¶ 2, 28, 35-37, 45, 50, 53, 57. To grant the relief that Plaintiff requests would require this Court to "second guess" the Philadelphia

Court of Common Pleas and its decision to permit the foreclosure of the Property, which would run afoul of the Rooker-Feldman Doctrine.

The fact that Plaintiff now only wishes to seek monetary damages has no bearing on this conclusion. The relevant inquiry is not one of legal v. equitable relief; the question is whether Plaintiff's claims are "inextricably intertwined" with the State Court Action. See Ayala, 2025 WL 817153, at *2-3 (applying the Rooker-Feldman Doctrine even where plaintiff sought monetary damages). Plaintiff's claims stem from and are inextricably intertwined with the State Court Action. Therefore, the Court should find that amendment would be futile, as the Rooker-Feldman Doctrine would still apply, and deny Plaintiff's motion to amend.

**B. Count III of the Proposed Amended Complaint Still Fails to State a Viable Conspiracy Claim**

Plaintiff contends that his proposed amended complaint adequately pleads a Section 1983 conspiracy claim because it "adds specific allegations regarding the exclusive contractual arrangement between BFA and the City of Philadelphia" and "allegations identifying: (a) the approximate time the agreement between BFA and City defendants became operative (April 2024); (b) all specific parties to the conspiracy (City, Garcia, Zwolak, Bilal, Sheriff, BFA); (c) the period of the conspiracy (April 2024 through present); and (d) the object of the conspiracy (conducting constitutionally defective tax foreclosure auctions and withholding surplus proceeds from homeowners)." See Dkt. No. 38 [Motion to Amend] at 2.

As BFA stated in its pending motion to dismiss, to assert a plausible conspiracy claim under Section 1983, a plaintiff must properly allege "the existence of an agreement to deprive the plaintiff of a constitutional right and . . . that the conspirators acted under the color of state law." Blessing Auto Repair, Inc. v. Pa. State Police, No. 20-6569, 2021 WL 2948845, at *4 (E.D. Pa. July 14, 2021). "Crucially, to plead that a conspiracy existed, a plaintiff must establish that there

was an agreement (or 'meeting of the minds') to violate their constitutional rights." Oliver v. City of Phila., No. 25-197, 2025 WL 1902298, at *9 (E.D. Pa. July 9, 2025). "This requires a plaintiff to ***plead facts suggesting 'how, why, or when*** the alleged conspiracy came into existence.'" Id. (emphasis added). "Bare conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy." Rippy v. Phila. Dep't of Pub. Health, No. 19-1839, 2019 WL 4849439, at *11 (E.D. Pa. Sept. 30, 2019) (citation omitted).

There is nothing "specific" about Plaintiff's allegations. Rather, the amended complaint continues to rely on the same tired lines that BFA and the Sheriff acted "[p]er its Agreement" and that the parties have a "partnership." See Dkt. No. 38 [Motion to Amend] at Ex. B ¶¶ 27, 40. There are no *facts* alleged concerning this agreement or its object, such as its terms or when exactly it was entered into. This is because no such agreement exists. In lieu of facts, Plaintiff continues to lean heavily on generalized assertions and other conclusory statements, like that the parties worked "in conjunction with" or "conspired" with each other. See id. at Ex. B ¶¶ 2, 27. Plaintiff's own motion proves this point, as it claims in conclusory fashion that the object of the alleged conspiracy was "conducting constitutionally defective tax foreclosure auctions and withholding surplus proceeds from homeowners." See id. at 2. Stated differently, Plaintiff repackages the very constitutional violation he must prove as the 'object' of the conspiracy, mistaking the conclusion for the facts that are supposed to support it.

In sum, despite Plaintiff's claim to have added additional material supporting his Section 1983 conspiracy claim in Count III, Plaintiff's amended complaint does not actually include any additional factual support. Rather, he doubles down on his conclusory allegations which are insufficient to state a claim. For those reasons, amendment of the complaint would again be futile and leave should be denied.

### C. Count IV of the Proposed Amended Complaint Also Fails to State a Claim

Plaintiff argues that his proposed amended complaint now "explicitly invokes Tyler v. Hennepin County . . . as the constitutional basis for the surplus proceeds claim in Count IV, adds a Mathews v. Eldridge due process theory for the indefinite withholding, and adds a claim under the Eight Thousand Eight Hundred and Fifty Dollars line of cases for unreasonable governmental delay in disbursing identified property." Dkt. No. 38 [Motion to Amend] at 3. Even assuming these were actionable theories (which they are not), the proposed amended complaint fails to explicitly reference any of them. See generally id. at Ex. B. Rather, Count IV continues to only cite the "RETSL" and Pa. R. Civ. P. 3136. Id. at Ex. B Count IV. It, therefore, remains unclear what claim Plaintiff is actually asserting in that Count.

To the extent that Plaintiff asserts a constitutional conspiracy claim (as his motion and the title of Count IV suggest), then Count IV would nonetheless fail to state a claim for the reasons stated above. See supra Section IV.B. Namely, Plaintiff has not alleged a viable conspiracy between BFA and the Sheriff to deprive Plaintiff of a constitutional right—be it by way of the foreclosure sale or alleged failure to distribute proceeds. Accordingly, the proposed amendment would be futile as nothing Plaintiff 'adds' salvages his claims.

## V. CONCLUSION

Based on the foregoing, BFA respectfully requests that the Court deny Plaintiff's motion to amend the complaint.

Dated: May 29, 2026

Respectfully submitted,

*/s/ Gregory J. Hauck*

Gregory J. Hauck
Connor B. DeFilippis
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4000
Gregory.Hauck@Troutman.com
Connor.DeFilippis@Troutman.com

*Counsel for Defendant Bid4Assets, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing motion and accompanying papers to be served via ECF upon all counsel of record and via first class mail upon the following:

Brandon Ira Wilchcombe
Trust Management Associates, Inc.
1650 Market Street, Suite 3600
Philadelphia, PA 19103

Dated: May 29, 2026

*/s/ Connor B. DeFilippis*
Connor B. DeFilippis