**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON WILCHCOMBE,<br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:26-cv-01331 |

**ORDER**

**AND NOW**, this _______, day of ______________, 2026, upon consideration of the Response of Defendants City of Philadelphia, Renee Garcia, James Zwolak, Rochelle Bilal, and Philadelphia County Sheriff's Office in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint, and any response thereto, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.

BY THE COURT:

______________________________
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| BRANDON WILCHCOMBE, | : | |
| Plaintiff, | : | Case No. 2:26-cv-01331 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

---

**RESPONSE OF DEFENDANTS CITY OF PHILADELPHIA, RENEE GARCIA, JAMES ZWOLAK, ROCHELLE BILAL, AND PHILADELPHIA COUNTY SHERRIF'S OFFICE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Defendants, City of Philadelphia, Renee Garcia, James Zwolak, Rochelle Bilal, and Philadelphia County Sheriff's Office (hereinafter "Answering Defendants"), by and through their undersigned counsel, Marshall Dennehey, P.C., hereby oppose Plaintiff's Motion for Leave to file an Amended Complaint. In support of this Response in Opposition, Answering Defendants respectfully submit the attached Brief in Opposition.

**MARSHALL DENNEHEY, P.C.**

BY: ______________________________

JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
*Attorney for Defendants*
*City of Philadelphia, Renee Garcia,*
*James Zwolak, Rochelle Bilal, and*
*Philadelphia County Sheriff's Office*

Date: June 11, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON WILCHCOMBE,<br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:26-cv-01331 |

**BRIEF OF DEFENDANTS CITY OF PHILADELPHIA, RENEE GARCIA, JAMES ZWOLAK, ROCHELLE BILAL, AND PHILADELPHIA COUNTY SHERRIF'S OFFICE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

## I. INTRODUCTION

Defendants, City of Philadelphia, Renee Garcia, James Zwolak, Rochelle Bilal, and Philadelphia County Sheriff's Office (hereinafter "Answering Defendants"), by and through their undersigned counsel, Marshall Dennehey, P.C., hereby file this Response in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint. Although Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be "freely give[n] when justice so requires," courts need not grant leave where amendment would be futile, unduly delayed, or prejudicial. Foman v. Davis, 371 U.S. 178, 182 (1962); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

## II. RELEVANT BACKGROUND

This case arises from the City of Philadelphia's efforts to collect long-delinquent real estate taxes on the property located at 1721 North Hollywood Street (hereinafter the "Property"), and the Plaintiff's allegations that the City of Philadelphia and its agents failed to provide proper notice during the resulting tax foreclosure proceedings. Plaintiff initiated the present action by filing a

Complaint in the United States District Court for the Eastern District of Pennsylvania on February 26, 2026. Count I of Plaintiff's Complaint raises an action under the Takings Clause of the Fifth and Fourteenth Amendment to the United States Constitution against the City of Philadelphia (the "City"). Count II raises a cause of action under the Due Process Clause of the Fourteenth Amendment against the City, Garcia, and Zwolak. Count III alleges an action for Conspiracy to Deprive Plaintiff of Due Process in Application of the Pennsylvania Real Estate Tax Sale Law against the City, Garcia, Zwolak, Bilal, and the Philadelphia County Sherriff's Office. Count IV raises a cause of action for Conspiring to Delay or Deprive Homeowners of Unused Proceeds from Tax Foreclosure Sales.

Defendants Goehring, Rutter, & Boehm and George V. Baker, Jr. filed a Motion to Dismiss for Failure to State a Claim on March 31, 2026. *See* ECF #11 and #12. Answering Defendants similarly filed a Motion to Dismiss on April 7, 2026 and Defendant Bid4Assets LLC filed a Motion to Dismiss shortly afterwards on April 16, 2026. *See* ECF #20 and ECF #26. Presently, Plaintiff seeks leave to file an Amended Complaint to address the deficiencies raised in Bid4Assets' Motion to Dismiss and Reply Brief. ECF #38.

In his Motion for Leave, Plaintiff proposes five amendments in response to the issues raised in Bid4Assets' Motion to Dismiss. In his proposed Amended Complaint, Plaintiff (1) removes a request for equitable relief in recognition of the Rooker-Feldman concerns raised by Bid4Assets[1]; (2) adds allegations regarding the contractual arrangement between Bid4Assets and the City of Philadelphia; (3) adds allegations identifying how specificity requirements outlined in Great W. Mining Co v. Fox Rothschild LLP, 615 F.3d 159 (3d Cir. 2010) were met; (4) invokes Tyler v. Hennepin County, 598 U.S. 631 (2023) in Count IV; and (5) adds allegations establishing

[1] All defendants raised an argument regarding Rooker-Feldman in their respective Motions to Dismiss.

Plaintiff's constitutional property interest in the surplus proceeds and in the property itself under Pennsylvania intestacy law. ECF 38 at 1-3. However, Plaintiff's proposed amendments do nothing to cure the fatal defects within the initial Complaint and his claims against Answering Defendants still fail to meet the threshold necessary to survive a motion to dismiss.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The recognized purpose of this rule is for a case to be decided on the merits rather than on a technicality, and leave to amend should be freely granted. Shane v. Fauver, 213 F.3d 113, 115-17 (3d Cir. 2000); Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 886-87 (3d Cir. 1992).

While amendments are often granted liberally, there are limitations on allowing them. Particularly, "[t]he policy favoring liberal amendment of pleadings is not . . . unbounded." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990). A district court may deny leave to amend a complaint where "apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 277, ( L. Ed. 2d 222 (1962)). A claim is "futile" and leave to amend may be denied properly "where the amendment would not withstand motion to dismiss." Massarky, 706 F.2d at 125; *see also* Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

## IV. LEGAL ARGUMENT

### A. The Rooker-Feldman doctrine still applies.

Plaintiff's own filings make clear that the Rooker–Feldman doctrine squarely precludes his claims. He expressly acknowledges that the doctrine applies, yet attempts to sidestep it by removing his request for equitable relief. ECF 38 at 2. That maneuver does nothing to cure the jurisdictional defect. Regardless of how Plaintiff manipulates his prayer for relief, his claims remain inextricably intertwined with the state-court judgment, and adjudicating them would require this Court to second-guess the Philadelphia Court of Common Pleas' September 3, 2024 order. *See* Ayala v. Jiazhong Shi, No. 25-446, 2025 WL 817153 at *3 (E.D.Pa. Mar. 13, 2025)("If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined, and the district court has no subject matter jurisdiction to hear the suit.")(citations omitted).

As more fully explained in Defendants' Motion to Dismiss, Reply Brief, and Defendant Bid4Assets' Opposition to Plaintiff's Motion for Leave to File an Amended Complaint (ECF #20, #30, #42), Plaintiff asks this Court to accept that he is not challenging the state-court judgment itself, but rather the alleged lack of constitutionally-adequate notice before the Property was sold. That argument fails twice over. First, Plaintiff had no right to receive notice under the Municipal Claim and Tax Lien Law, which expressly governs the procedures at issue. Second, his alleged injury, the loss of the property, flows directly and exclusively from the state-court judgment, not from any independent act of Defendants. Because Plaintiff's proposed amendment does not and cannot sever his claims from the state-court judgment, the amendment is futile and leave to amend must be denied.

**B. Plaintiff does not assert a viable conspiracy claim.**

Plaintiff alleges that he has cured the deficiencies in his conspiracy claim by adding information regarding the exclusive contractual arrangement between Bid4Assets and the City

which establishes that Bid4Assets is the government's designed executor of court-ordered judicial sales. Additionally, Plaintiff states that he has satisfied the specificity requirements outlined in Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159 (3d Cir. 2010) by adding allegations identifying (1) the approximate time the agreement between Bid4Assets and the City defendants became operative (April 2024); (2) all specific parties to the conspiracy (City, Garcia, Zwolak, Bilal, Sherrif, BFA); (3) the period of the conspiracy (April 2024 through present); and (4) the object of the conspiracy (conducting constitutionally defective tax foreclosure actions and withholding proceeds from homeowners).

Even accepting Plaintiff's characterization of his additions, the Amended Complaint still falls far short of the pleading standard required to sustain a § 1983 conspiracy claim. Simply identifying an "exclusive contractual arrangement" between Bid4Assets and the City does not plausibly establish a conspiratorial agreement to violate constitutional rights. A contractual relationship routinely used for judicial sales does not, without more, give rise to an inference of unlawful coordination. Likewise, Plaintiff's attempt to satisfy Great W. Mining by listing dates, parties, and a generalized "object" of the conspiracy does not cure the fundamental defect: he still pleads no facts showing a meeting of the minds, no communications, no coordinated actions, and no plausible basis to infer that any Defendant agreed with any other to deprive him or any homeowner of their constitutional rights. The Third Circuit is clear that a plaintiff must allege specific facts that make the existence of an agreement plausible, not merely possible. Great W. Mining, 615 F.3d at 178–79. Plaintiff's allegations do not approach the level of specificity required to nudge his theory from conceivable to plausible. Plaintiff has not pled facts showing that any Defendant agreed with any other to violate his rights, much less that they acted in concert to do

so. As the Amended Complaint still fails to allege a plausible conspiratorial agreement, amendment is futile and the § 1983 conspiracy claim must be dismissed with prejudice.

**C. Count IV of the Proposed Amended Complaint fails to state a viable claim.**

Plaintiff represents to the Court that his proposed amendments will invoke "Tyler v. Hennepin County, 598 U.S. 631 (2023), as the constitutional basis for the surplus-proceeds claim in Count IV," will "add a Mathews v. Eldridge due-process theory for the indefinite withholding," and will "add a claim under the Eight Thousand Eight Hundred and Fifty Dollars line of cases for unreasonable governmental delay in disbursing identified property." *See* ECF 38 at 1-3; Mathews v. Eldridge, 424 U.S. 319 (1976); United States v. Eight Thousand Eight Hundred and Fifty Dollars in United States Currency, 461 U.S. 555 (1983). Yet the proposed Amended Complaint he attached to his Motion contains none of these theories. Not a single reference to Tyler, Mathews, or the $8,850 cases appears anywhere in the pleading. Plaintiff's failure to include the very theories he claims justify amendment reflects his recognition that these authorities do not support a viable cause of action under the facts of this case. Even if Plaintiff had attempted to plead these theories, they would not salvage Count IV. It remains entirely unclear what cognizable cause of action Plaintiff is asserting when he alleges a "conspiracy to delay or deprive homeowners of unused proceeds from tax-foreclosure sales."

**D. Plaintiff's claim that his constitutional property interest in the surplus proceeds and in the property stems from the Pennsylvania Intestacy law does not raise a viable claim under the Takings Clause.**

Plaintiff argues that he possesses a constitutional property interest in the surplus proceeds from the tax sale because he was allegedly the "sole heir" to his grandparents' estate, relying on 20 Pa. C.S. § 301. However, this argument does nothing to cure the defects in his claims. While 20 Pa. C.S. § 301 provides that real property passes to a decedent's heirs at the moment of death, it

does not determine who the heirs are, how the estate is divided, or whether an heir has perfected any legally cognizable interest. More importantly, this citation does not overcome the fundamental flaw in Plaintiff's Takings Clause and Due Process theories which presuppose that Plaintiff had a recognized property interest that entitled him to notice before deprivation. Remarkably, Plaintiff never made his alleged interest known to the City through the procedures mandated by the Municipal Claim and Tax Lien Law (MCTLL). The MCTLL provides the mechanism for asserting ownership or claiming surplus proceeds in this context. Plaintiff's failure to comply with those procedures means that, as a matter of law, he lacked any protected property interest that could trigger constitutional notice requirements. Since Plaintiff's proposed Amended Complaint still does not plausibly allege a valid property interest or any deprivation of such an interest, his constitutional claims remain legally deficient and cannot survive a motion to dismiss. Amendment is therefore futile.

**E. Punitive damages against the City are unavailable and the Philadelphia County Sheriff's Office is not a suable entity.**

Despite previously acknowledging in his Omnibus Opposition to Defendants' Motion to Dismiss (ECF #23) that punitive damages are unavailable against the City of Philadelphia and that the Philadelphia County Sheriff's Office is not a separate suable entity, Plaintiff's Amended Complaint still seeks punitive damages against the City and raises two causes of action against the Sheriff's Office. ECF #38 at 10-12. This alone demonstrates that amendment would be futile. Plaintiff is attempting to revive claims he already conceded are legally barred, and no amount of re-pleading can transform a non-suable entity into a proper defendant or authorize punitive damages against a municipality.

## V. CONCLUSION

For the reasons set forth above, Answering Defendants respectfully request this Honorable Court deny Plaintiff's motion seeking leave to file an Amended Complaint.

**MARSHALL DENNEHEY, P.C.**

BY: ______________________________

JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
*Attorney for Defendants*
*City of Philadelphia, Renee Garcia,*
*James Zwolak, Rochelle Bilal, and*
*Philadelphia County Sheriff's Office*

Date: June 11, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON IRA WILCHCOMBE,<br>Plaintiff, | :<br>: | |
| | : | CIVIL ACTION NO. 26-cv-1331 |
| v. | :<br>: | |
| CITY OF PHILADELPHIA, et al,<br>Defendants. | :<br>:<br>: | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, JOHN GONZALES, ESQUIRE, do hereby certify that a true and correct copy of Defendants' Response in Opposition to Plaintiff's Motion for Leave to file Amended Complaint was electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System and served via first class regular mail on date set forth below to the following:

Brandon Wilchcombe
c/o TRUST MANAGEMENT ASSOCIATES INC
1650 MARKET STREET
SUITE 3600
PHILADELPHIA, PA 19103
*PRO SE*

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: ______________________________
JOHN P. GONZALES, ESQ.
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
jpgonzales@mdwcg.com
*Attorney for Defendants*
*City of Philadelphia, Renae Garcia,*
*James Zwolak, Rochelle Bilal, and*
*Philadelphia County Sheriff's Office*

Date: June 11, 2026