**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON IRA WILCHCOMBE** | : | |
| | : | |
| v. | : | No.: 26-cv-1331 |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |

**ORDER**

**AND NOW,** this ____ day of ______________ 2026, upon consideration of Defendant, TLH TD Properties LLC's Motion to Dismiss Plaintiff's Operative Complaint With Prejudice with Request to Strike ECF Doc. 40, or, in the alternative, Motion for Leave to File Motion to Dismiss, and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendant, TLH TD Properties LLC's Motion is **GRANTED.**

It is further **ORDERED** and **DECREED** that ECF Doc. 40 is **STRICKEN** and service of original process upon Defendant, TLH TD Properties LLC is **QUASHED**.

It is further **ORDERED** and **DECREED** that Plaintiff's Complaint is **DISMISSED** with Prejudice as to Defendant, TLH TD Properties LLC.

It is further **ORDERED** and **DECREED** that Plaintiff's Motion for Leave to File an Amended Complaint and Plaintiff's Motion for Leave to File a Second Amended Complaint are **DENIED** as MOOT as to Defendant, TLH TD Properties LLC.

**BY THE COURT:**

______________________________
HON. KELLEY BRISBON HIDGE, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON IRA WILCHCOMBE** | : | |
| | : | |
| v. | : | No.: 26-cv-1331 |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |

**ORDER**
(Alternative)

**AND NOW,** this ____ day of ______________ 2026, upon consideration of Defendant, TLH TD Properties LLC's Motion to Dismiss Plaintiff's Operative Complaint With Prejudice with Request to Strike ECF Doc. 40, or, in the alternative, Motion for Leave to File Motion to Dismiss, and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendant, TLH TD Properties LLC's Motion is **GRANTED.**

It is further **ORDERED** and **DECREED** that Defendant, TLH TD Properties LLC is **GRANTED** leave to file its previously-filed Motion to Dismiss Plaintiff's Operative Complaint With Prejudice.

It is further **ORDERED** and **DECREED** that Plaintiff's Complaint is **DISMISSED** with Prejudice as to Defendant, TLH TD Properties LLC.

It is further **ORDERED** and **DECREED** that Plaintiff's Motion for Leave to File an Amended Complaint and Plaintiff's Motion for Leave to File a Second Amended Complaint are **DENIED** as MOOT as to Defendant, TLH TD Properties LLC.

**BY THE COURT:**

______________________________
HON. KELLEY BRISBON HIDGE, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON IRA WILCHCOMBE** | : | |
| | : | |
| v. | : | No.: 26-cv-1331 |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |

**DEFENDANT, TLH TD PROPERTIES LLC'S**
**RULE 12(b)(6) MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT WITH PREJUDICE**
**WITH REQUEST TO STRIKE ECF DOC. 40**
**OR,**
**IN THE ALTERNATIVE,**
**MOTION FOR LEAVE TO FILE DEFEDNANT'S MOTION TO DISMISS**

Defendant, TLH TD Properties LLC, by and through its undersigned counsel, hereby brings this Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint with Prejudice with Request to Strike ECF Doc. 40 or, in the Alternative, Motion for Leave to File Defendants' Motion to Dismiss, as follows:

1. Plaintiff, Brandon Ira Wilchcombe, acting *pro se*, initiated this matter on or about February 26, 2026 with claims asserted against nine parties, including Defendant, TLH TD Properties LLC. ECF Doc. 1.

2. In Plaintiff's Complaint, proposed First Amended Complaint (ECF Doc. 38), and proposed Second Amended Complaint (ECF Doc. 45), Plaintiff brought one count (Count I) against Defendant, TLH TD Properties LLC, entitled "Under the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution". ECF Docs. 1, 38, & 45. The foregoing count is also asserted against Defendant, City of Philadelphia. *Id.*

3. As of the time of this filing, Plaintiff's Motions for Leave to file the proposed First Amended Complaint and Second Amended Complaint remain pending. *See generally* Docket. As such, Plaintiff's original Complaint remains the Operative Complaint as of the time of this filing.

4. However, the allegations asserted against Defendant, TLH TD Properties LLC in Plaintiff's Complaint, proposed First Amended Complaint and proposed Second Amended Complaint are substantively identical and fail to state a viable claim against Defendant, TLH TD Properties LLC. *See generally* ECF Docs. 1, 38, & 45.

5. Plaintiff's Takings Claim arises from Defendant, TLH TD Properties LLC's lawful purchase of real property from a tax sale effectuated by Defendant, Bid4Assets, Inc. on behalf of the Defendant, City of Philadelphia following an underlying state action. *See generally* ECF Docs. 1, 38, & 45.

6. As of the time of this filing, Plaintiff has not filed an affidavit of service pertaining to Defendant, TLH TD Properties LLC as a stand-alone document.

7. However, on or about May 19, 2026, Plaintiff filed a document entitled, "Praecipe to the Clerk of Court for Entry of Judgment by Default on TLH TD Properties, LLC." ECF Doc. 40. Attached to the "Praecipe" is a completed Proof of Service form executed by "Amin A. Rashid, Advocate" that alleges Mr. Rashid "served" the summons upon "Chris Roth (Certified Mail, See Attached), who is designated by law to accept service of process on behalf of TLH TD PROPERTIES, BLLC." (sic).

8. Defendant, TLH TD Properties LLC contends that the foregoing "service" was ineffective as Mr. Roth is not an individual designated by law to accept service of process on behalf of TLH TD Properties LLC; nor is Mr. Roth an individual authorized to accept service of process on behalf of TLH TD Properties LLC. *See* Exhibit A.

9. In fact, Mr. Roth is not a member, officer, employee, registered agent, or agent of Defendant, TLH TD Properties LLC. *See* Exhibit A.

10. Moreover, service upon a corporate entity via certified mail is ineffective under both Federal Rules and Pennsylvania Rules of Civil Procedure.

11. Accordingly, Defendant, TLH TD Properties LLC requests that ECF Doc. 40 be stricken.

12. As of the time of this filing, the Clerk has not entered default judgment.[1]

13. Given the foregoing, Defendant, TLH TD Properties LLC timely brings this Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint with prejudice.

14. Nonetheless, out of an abundance of caution and the highest respect for this Honorable Court, should this Honorable Court determine that the aforementioned service of original process was effective, Defendant, TLH TD Properties LLC, in the alternative, requests leave of this Honorable Court to file this instant motion.

15. Defendant, TLH TD Properties LLC further requests that, should this Honorable Court grant Plaintiff leave to file his First or Second Amended Complaint, Defendant, TLH TD Properties LLC be granted leave to file its Motion to Dismiss to the Operative Complaint in lieu of Plaintiff's original Complaint.

16. For the reasons set forth in Defendant, TLH TD Properties LLC's accompanying Memorandum of Law, Defendant respectfully requests this Honorable Court grant Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint with prejudice.

17. Specifically, Plaintiff's Takings Claim is barred by the *Rooker-Feldman* Doctrine and, regardless, fails on its merits as there are no factual allegations to infer Defendant, TLH TD Properties LLC was acting as a state actor. As no amount of repleading would cure these defects

---

[1] Defendant, TLH TD Properties LLC is willing to waive service.

in light of the well-pled facts and public documents on the underlying state docket, leave to amend would be futile and Plaintiff's Complaint should be dismissed with prejudice as to Defendant, TLH TD Properties LLC.

**WHEREFORE,** Defendant, TLH TD Properties LLC, by and through its undersigned counsel, respectfully requests this Honorable Court grant Defendant's Motion and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

**WEISBERG LAW**

*<u>/s/ L. Anthony DiJiacomo, III</u>*

Matthew B. Weisberg
Attorney Id. No. 85570
L. Anthony DiJiacomo, III
Attorney Id. No. 321356
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com
*Attorneys for Defendant, TLH TD Properties, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON IRA WILCHCOMBE** | : | |
| | : | |
| v. | : | No.: 26-cv-1331 |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |

**DEFENDANT, TLH TD PROPERTIES LLC'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**RULE 12(b)(6) MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT WITH PREJUDICE**
**WITH REQUEST TO STRIKE ECF DOC. 40**
**OR,**
**IN THE ALTERNATIVE,**
**MOTION FOR LEAVE TO FILE DEFEDNANT'S MOTION TO DISMISS**

Defendant, TLH TD Properties LLC, by and through its undersigned counsel, hereby provides this Memorandum of Law in support of Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint with Prejudice with Request to Strike ECF Doc. 40 or, in the Alternative, Motion for Leave to File Defendants' Motion to Dismiss.

## I. MATTER BEFORE THIS HONORABLE COURT

Defendant, TLH TD Properties LLC's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint with Prejudice with Request to Strike ECF Doc. 40 or, in the Alternative, Motion for Leave to File Defendants' Motion to Dismiss.

## II. QUESTIONS PRESENTED

1. Whether Plaintiff's purported service of original process upon Defendant, TLH TD Properties LLC was defective when the summons was "served" via certified mail on an individual not authorized to accept service?

*Suggested answer: yes.*

1(A). If so, whether this Honorable Court should strike ECF Doc. 40 as the service of original process upon Defendant, TLH TD Properties LLC was defective?

*Suggested answer: yes.*

1(B). In the alternative, should service of original process be deemed effective, whether this Honorable Court should grant Defendant, TLH TD Properties LLC leave to bring this Motion to Dismiss Plaintiff's Complaint out of time?

*Suggested answer: yes.*

2. Whether this Honorable Court should dismiss Plaintiff's Complaint with prejudice as Plaintiff has failed to state a viable claim against Defendant, TLH TD Properties LLC and any repleading is futile?

*Suggested answer: yes.*

2(A). Whether this Honorable Court should dismiss Plaintiff's Complaint with prejudice as Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine?

*Suggested answer: yes.*

2(B). Whether this Honorable Court should dismiss Plaintiff's Complaint with prejudice as Plaintiff's Takings Clause claim (Count I), actionable through Section 1983, fails to state a cause of action against Defendant, TLH TD Properties LLC as Defendant is not a state actor?

*Suggested answer: yes.*

2(C). Whether this Honorable Court should dismiss Plaintiff's Complaint against Defendant, TLH TD Properties LLC with prejudice as leave to amend would be futile?

*Suggested answer: yes.*

## III. Procedural Background as Relevant to Defendant, TLH TD Properties LLC

Plaintiff, Brandon Ira Wilchcombe, acting *pro se*, initiated this matter on or about February 26, 2026 with claims asserted against nine parties, including Defendant, TLH TD Properties LLC. ECF Doc. 1. In Plaintiff's Complaint, proposed First Amended Complaint (ECF Doc. 38), and proposed Second Amended Complaint (ECF Doc. 45), Plaintiff brought one count (Count I) against Defendant, TLH TD Properties LLC, entitled "Under the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution". ECF Docs. 1, 38, & 45. The foregoing count is also asserted against Defendant, City of Philadelphia. *Id.*

As of the time of this filing, Plaintiff's Motions for Leave to file the proposed First Amended Complaint and proposed Second Amended Complaint remain pending. *See generally* Docket. As such, Plaintiff's original Complaint remains the Operative Complaint as of the time of this filing. However, the allegations asserted against Defendant, TLH TD Properties LLC in Plaintiff's Complaint, proposed First Amended Complaint and proposed Second Amended Complaint are substantively identical and fail to state a viable claim against Defendant, TLH TD Properties LLC. *See generally* ECF Docs. 1, 38, & 45.

As of the time of this filing, Plaintiff has not filed an affidavit of service pertaining to Defendant, TLH TD Properties LLC as a stand-alone document. *See* Docket. However, on or about May 19, 2026, Plaintiff filed a document entitled, "Praecipe to the Clerk of Court for Entry of Judgment by Default on TLH TD Properties, LLC." ECF Doc. 40. Attached to the "Praecipe" is a completed Proof of Service form executed by "Amin A. Rashid, Advocate" that alleges Mr. Rashid "served" the summons upon "Chris Roth (Certified Mail, See Attached), who is designated by law to accept service of process on behalf of TLH TD PROPERTIES, BLLC." (sic). Defendant, TLH TD Properties LLC contends that the foregoing "service" was ineffective.

As of the time of this filing, the Clerk has not entered default judgment.[1]

## IV. FACTUAL BACKGROUND

Plaintiff's Takings Claim (Count I) arises from Defendant, TLH TD Properties LLC's lawful purchase of real property from a tax sale effectuated by Defendant, Bid4Assets, Inc. on behalf of the Defendant, City of Philadelphia following an underlying state action. *See generally* ECF Docs. 1, 38, & 45. The underlying state action was initiated on or about April 3, 2024 when the City of Philadelphia filed a Petition for Rule to Show Cause Why Property Should Not be Sold Free and Clear of All Claims, Liens, Mortgages, Ground Rents, Charges, and Estates in the Philadelphia Court of Common Pleas at April Term 2024, No. T0017, known as *City of Philadelphia v. Arthur E. Wilchcombe, et al* (the "State Action"). ECF Doc. 1, Appendix D. A true and correct copy of the docket for the State Action, as of June 25, 2026, is attached hereto as Exhibit B.

On July 15, 2024, the Court of Common Pleas entered an order in the State Action directing that 1721 North Hollywood Street be sold by the Philadelphia County Sheriff's Office. ECF Doc. 1, ¶ 16. *See also* Exhibit B, Page 4 ("… THE COURT THEREFORE FINDS AND HEREBY ORDERS AND DECREES THAT: THE PREMISES TO WIT: 1721 NORTH HOLLYWOOD STREET (AS FULLYDESCRIBED IN THE TAX INFORMATION CERTIFICATE) SHALL BE SOLD BY THE SHERIFF, FREE AND CLEAR…) (emphasis in original).

On February 21, 2025, Defendant, TLH TD Properties LLC purchased the Subject Property at the Tax Sheriff's Sale for $47, 800.00. *See* Exhibit C (the "Subject Deed"). The Subject Deed was filed with the Philadelphia County Recorder of Deeds on July 8, 2025 as Doc.

---

[1] Defendant, TLH TD Properties LLC is willing to waive service.

Id. 5444803 and is a public document. *Id.* An unofficial copy of the public document is attached hereto as Exhibit C.

On August 18, 2025, Plaintiff filed a Petition to Intervene which was granted by the Court. ECF Doc. 1, ¶ 35. *See also* Exhibit B, Page 5. Plaintiff also filed a Motion to Redeem the Premises, which was denied on September 3, 2025. ECF Doc. 1, ¶ 36. *See also* Exhibit B, Page 7. Plaintiff did not appeal the denial of his Motion to Redeem. *See generally* Exhibit B.

## V. STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. In deciding a motion to dismiss, the court must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York*, 564 F. 3d 636 (3rd Cir. 2009) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In reviewing a motion to dismiss for failure to state a claim for which relief may be granted, the Court must conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210 (3rd Cir. 2009). First, the Court is required to separate "the factual and legal elements of the claim", accepting as true all of the complaint's "well-pleaded facts" but disregarding any legal conclusions. *Id.* Second, the Court is required to ascertain "whether the facts alleged in the

complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged 'but it has not show[n] that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950.

Additionally, Courts are empowered to consider "matters of public record" in deciding a motion to dismiss. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (*citing* 5A C. Wright & A. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990); *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir.1993); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir.1988)). "[C]ourt-filed documents" are an "example[] of matters of public record" that the Court may "take judicial notice of … on a motion to dismiss". *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020).

## VI. ARGUMENT

### A. AS PLAINTIFF'S PURPORTED SERVICE OF ORIGINAL PROCESS UPON DEFENDANT, TLH TD PROPERTIES LLC WAS DEFECTIVE, THIS MOTION IS TIMELY.

As Plaintiff's purported service of original process upon Defendant, TLH TD Properties LLC was defective, this Motion is timely. Federal courts, pursuant to Rule 12(b)(5), have "broad discretion" to "quash the service" when is it insufficient. *Sampath v. Concurrent Techs. Corp*, 227 F.R.D. 399, 401 (W.D. Pa. 2005) (*citing* FED.R.Civ.P. 12(b)(5)*; Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 1993 WL 437699, *2 (E.D.Pa.1993)). However, "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should at most, quash service, leaving the plaintiff [] free to effect proper service." *Id.* (*citing Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir.1992)).

Critically, "[t]he party asserting the validity of service has the burden of proving the sufficiency of service." *U.S. ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 519 (E.D. Pa. 2010) (*citing State Farm Mut., Auto. Ins. Co. v. Tz'Doko V'Chesed of Klausenberg,* 543 F.Supp.2d 424, 428 (E.D.Pa.2008) (*citing Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 488 (3d Cir.1993))).

### 1. PLAINTIFF'S PURPORTED SERVICE OF ORIGINAL PROCESS UPON DEFENDANT, TLH TD PROPERTIES LLC WAS DEFECTIVE AS PLAINTIFF CANNOT SERVE A CORPORATE ENTITY VIA CERTIFIED MAIL.

Plaintiff's purported service of original process upon Defendant, TLH TD Properties LLC was defective as Plaintiff cannot serve a corporate entity via certified mail. "Federal Rules of Civil Procedure draw a distinction between service of process for individuals and service of process for corporations." *Sampath,* 227 F.R.D. at 401. "FED.R.Civ.P. 4(h) sets forth the proper methods of service of process for corporations." *Id.* Rule 4(h) provides as follows:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in the judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by state to receive service and the statute so requires, by also mailing a copy to the defendant ....

*Id.* (quoting FED.R.Civ.P. 4(h)(1)). "Accordingly, a plaintiff may [only] serve a summons and complaint to a corporation by mail if the state law permits service of process in that manner." *Id.* (citing *Morton v. F.H. Paschen, Inc.*, 1997 WL 381777, *1 (E.D.Pa.1997)). *See also* Carruth *v. Pennsylvania*, 779 F. App'x 993, 995 (3d Cir. 2019) ("Serving an individual or a corporation or

other association by mail is not permitted under the Federal Rules of Civil Procedure.") (*citing* FED.R.Civ.P. 4(e), (h)).

"Under the state law equivalent, Pennsylvania Rule of Civil Procedure 424, the proper methods of service of original process upon a corporation are set forth as follows:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

*Sampath,* 227 F.R.D. at 402 (*quoting* Pa.R.Civ.P. 424). "Thus, under Pennsylvania law, a plaintiff may effect proper service on a corporation by handing a copy of the summons and the complaint to an officer or managing or general agent." *Sampath,* 227 F.R.D. at 402 (*quoting* Pa.R.Civ.P. 424; Morton, 1997 WL 381777 at *2). Under Pennsylvania Law, with regards to corporate entities, "[p]roper service cannot be effected through the postal system, including certified mail." *Id.* (*citing Staudte v. Abrahams*, 172 F.R.D. 155 (E.D.Pa.1997) ("holding that service of original complaint and summons upon defendants by mail was ineffective to serve as basis for entry of default judgment"); *Cahill v. Schults*, 643 A.2d 121, 125 (Pa. Super. 1994) ("held that defendants were not, in effect, 'served' with complaint because the attempt to send initial process by certified mail to the insurer was 'improper'")).

Here, Plaintiff has not filed an affidavit of service pertaining to Defendant, TLH TD Properties LLC as a stand-alone document. However, on or about May 19, 2026, Plaintiff filed a document entitled, "Praecipe to the Clerk of Court for Entry of Judgment by Default on TLH TD Properties, LLC." ECF Doc. 40. Attached to the "Praecipe" is a completed Proof of Service form executed by "Amin A. Rashid, Advocate" that alleges Mr. Rashid "served" the summons upon

"Chris Roth (Certified Mail, See Attached), who is designated by law to accept service of process on behalf of TLH TD PROPERTIES, BLLC." (sic). ECF Doc. 40, Page 2. Moreover, in further support thereof, Plaintiff attached the Certified Mail Receipt, the retuned "green card", and a USPS Tracking printout. ECF Doc. 40, Pages 3-5. Plaintiff has not filed any document purporting to effectuate service in any other fashion. As the sole basis for Plaintiff's purported service upon Defendant, TLH TD Properties LLC is via certified mail, Plaintiff has failed to sufficiently serve Defendant.

As such, the time for Defendant, TLH TD Properties LLC to file a response to Plaintiff's. Complaint has not yet begun, making this motion timely. *See* FED.R.C.P. 12(a).

**2. PLAINTIFF'S PURPORTED SERVICE OF ORIGINAL PROCESS UPON DEFENDANT, TLH TD PROPERTIES LLC WAS DEFECTIVE AS PLAINTIFF "SERVED" THE SUMMONS ON AN INAPPROPRIATE INDIVIDUAL.**

Plaintiff's purported service of original process upon Defendant, TLH TD Properties LLC was defective as Plaintiff "served" the summons on an inappropriate individual. *See* Exhibit A. Under Federal Rules of Civil Procedure, a "Plaintiff may serve a limited liability company … [upon] an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…" *Corp. Lodging Consultants, Inc. v. DeAngelo Bros., Inc.*, No. CV 22-726, 2023 WL 6050225, at *2 (E.D. Pa. Sept. 14, 2023) (*quoting* FED.R.C.P. 4(h)(1)(B)). Alternatively, "by following Pennsylvania state service law," a plaintiff may serve a limited liability company upon:

> (1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

*Id.* (*quoting* Pa.R.C.P. 424).

"In order for service of process upon an agent to be effective, the agent must have been actually appointed by the defendant for the specific purpose of receiving process or authorized by state or federal statute. *Corp. Lodging Consultants, Inc.,* 2023 WL 6050225, at *2 (*citing United States v. Marple Community Record, Inc.,* 335 F.Supp. 95, 101 (E.D.Pa.1971)). "Mere delivery of process to, or receipt of process by, a purported agent of the party to be served is insufficient to demonstrate an agency relationship for purpose of service of process." *Id.* (*citing Marple Community Record, Inc.,* 335 F.Supp. at 102). As the "party asserting the validity of service has the burden of proving the sufficiency of service," the plaintiff "must establish that the 'agent' had either express or implied authority to accept service and bind the principal." *Id.* (*citing Hemmerich Indus. v. Moss Brown & Co.,* 114 F.R.D. 31, 32 (E.D.Pa.1987)).

Here, Plaintiff has failed to serve an appropriate individual to obtain service upon Defendant, TLH TD Properties LLC. The individual purportedly served on behalf of Defendant, TLH TD Properties LLC was "Chris Roth." However, Mr. Roth does not satisfy either the Federal or Pennsylvania Rule. Mr. Roth is not an officer or even an employee of Defendant, TLH TD Properties LLC, nor has Mr. Roth ever been a registered agent or agent of Defendant. *See* Exhibit A, ¶ 5 ("Chris Roth is not now, nor has even been, an officer, employee, agent, or registered agent of TLH TD Properties LLC."). Nor had Mr. Roth ever been held out as one. *Id.* at ¶ 6. In fact, Mr. Roth is an employee of Non-Party, Smith Management LLC. *See* Exhibit A, ¶ 3. As Mr. Roth does not satisfy any of the categories of individuals who may be served on behalf of a limited liability company, Plaintiff's purported service of original process upon Defendant, TLH TD Properties LLC was defective.

As such, the time for Defendant, TLH TD Properties LLC to file a response to Plaintiff's. Complaint has not yet begun, making this motion timely. *See* FED.R.C.P. 12(a).

**3. AS PLAINTIFF'S PURPORTED SERVICE OF ORIGINAL PROCESS UPON DEFENDANT, TLH TD PROPERTIES LLC WAS DEFECTIVE, THIS HONORABLE COURT SHOULD STRIKE ECF DOC. 40.**

As Plaintiff's purported service of original process upon Defendant, TLH TD Properties LLC was defective, this Honorable Court should strike ECF Doc. 40. ECF Doc. 40 is a "Praecipe to the Clerk of Court for Entry of Judgment by Default on TLH TD Properties, LLC." ECF Doc. 40. Preliminarily, this is inappropriate in federal court. *See* FED.R.C.P. 55. Regardless, the defective service affidavit, which was only filed on the docket as an exhibit to this "Praecipe," must be stricken. While the traditional remedy in the Third Circuit is to "quash" the defective service when the service is substantively defective (*see Pettit v. Chicago & N. W. Ry. Co.,* 36 F.R.D. 454, 455 (E.D. Pa. 1965); *Sampath,* 227 F.R.D. at 401), Defendant, TLH TD Properties, LLC is willing to waive service. As such, Defendant, TLH TD Properties, LLC requests this Honorable Court quash the defective service for the purpose of allowing Defendant to timely file this Motion to Dismiss, and strike ECF Doc. 40.

**B. IN THE ALTERNATIVE, SHOULD SERVICE OF ORIGINAL PROCESS BE DEEMED EFFECTIVE, THIS HONORABLE COURT SHOULD GRANT DEFENDANT, TLH TD PROPERTIES LLC LEAVE TO BRING THIS MOTION TO DISMISS.**

In the alternative, should service of original process be deemed effective, this Honorable Court should grant Defendant, TLH TD Properties LLC leave to bring this Motion to Dismiss. Notably, the Clerk has not entered default against Defendant, TLH TD Properties LLC as of the time of this filing. *See* Docket. Nonetheless, even if default had been entered, it would be appropriate for this Honorable Court to set it aside for the good cause. *See Momah v. Albert Einstein Med. Ctr.,* 161 F.R.D. 304, 307 (E.D. Pa. 1995) ("under Federal Rule of Civil Procedure

55(c), the court "may set aside an entry of default for good cause shown.") (*citing* FED.R.C.P. 55(c)).

"Generally, courts look upon the default procedure with disfavor because the interests of justice are best served by obtaining a decision on the merits." *Momah,* 161 F.R.D. at 307 (*citing Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982); *Medunic v. Lederer*, 533 F.2d 891, 893–94 (3d Cir.1976)). "Thus, Rule 55(c) motions are construed liberally in favor of the movant." *Id.* (*citing Hamilton v. Edell,* 67 F.R.D. 18, 20 (E.D.Pa. 1975)).

"The Third Circuit has set forth the factors to examine in resolving the instant motion." *Momah,* 161 F.R.D. at 307. Specifically:

> (1) whether setting aside the default would prejudice the plaintiff; (2) whether defendant has asserted a meritorious defense; (3) the extent to which the defendant's culpability caused the default; and (4) the effectiveness of alternative sanctions.

*Id.* (*citing Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir.1987); *Farnese*, 687 F.2d at 764; *Foy v. Dicks*, 146 F.R.D. 113, 115 (E.D.Pa.1993)). Here, the factors counsel in favor of granting Defendant, TLH TD Properties LLC leave to file.

First, there is no actual default entered against Plaintiff to set aside. *See* Docket. Moreover, granting Defendant, TLH TD Properties LLC leave to file would not prejudice the Plaintiff. Not only has this matter not progressed to the discovery stage and pleadings remain open, Plaintiff has not one, but two motions pending to file amended complaints. Plaintiff could not credibly claim any prejudice.

Second, as demonstrated below, not only does Defendant, TLH TD Properties LLC have a valid defense, Plaintiff has failed to even pled a viable claim against Defendant. *See infra.*

Third, as demonstrated *supra*, Defendant, TLH TD Properties LLC is not culpable for the delay in its appearance. Once Defendant, TLH TD Properties LLC had notice of this matter, it

moved swiftly to retain undersigned counsel, who likewise moved swiftly to file this complex motion. *See* Exhibit A, ¶¶ 7-8.

Fourth, while alternative sanctions would certainly be more appropriate, no sanctions are warranted.

While default has not been entered against Defendant, TLH TD Properties LLC, it would still be appropriate to set aside the default if it had been entered. As such, this Honorable Court should grant Defendant, TLH TD Properties LLC leave to file this Motion out of time to the extent this Honorable Court determines this Motion is untimely.

### C. THIS HONORABLE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AS PLAINTIFF HAS FAILED TO STATE A VIABLE CLAIM AGAINST DEFENDANT, TLH TD PROPERTIES LLC AND ANY REPLEADING IS FUTILE.

This Honorable Court should dismiss Plaintiff's Complaint with prejudice as Plaintiff has failed to state a viable claim against Defendant, TLH TD Properties LLC and any repleading is futile.

#### 1. PLAINTIFFS' CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.

Plaintiffs' claims are barred by the *Rooker-Feldman* Doctrine. This Honorable Court is not empowered to "hear controversies 'that are essentially appeals from state-court judgments'" pursuant to the *Rooker-Feldman* Doctrine. *See Trustees of Gen. Assembly of Lord Jesus Christ of Apostolic Faith, Inc. v. Patterson,* 527 F. Supp. 3d 722, 748 (E.D. Pa. 2021), *aff'd sub nom. Trustees of Gen. Assembly of Church of Lord Jesus Christ of Apostolic Faith, Inc. v. Patterson,* No. 21-1662, 2021 WL 6101254 (3d Cir. Dec. 21, 2021), *and reconsideration denied,* No. CV 21-634-KSM, 2022 WL 16944000 (E.D. Pa. Nov. 14, 2022) (*quoting Cardillo v. Neary*, 756 F. App'x 150, 153 (3d Cir. 2018)). In *Exxon Mobile*, our United States Supreme Court favorably

cited *Johnson v. v. De Grandy,* explaining:

> Rooker–Feldman bars a losing party in state court 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"…

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005). District courts are not empowered to, what is "in substance", a "review and rejection" of state court judgments. *Id.* at 284, 287. Jurisdiction to review a state court's decision rests solely in the United States Supreme Court. *See* 28 U.S.C. §1257. *See also District of Columbia Court of Appeals v Feldman,* 460 US 462, 476 (1983) ("Review of [state court] determinations can be obtained only in [the United States Supreme] Court.").

There are four elements that must be met for *Rooker-Feldman* doctrine to apply:

> (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (*quoting Exxon Mobil,* 544 U.S. at 283–84). Here, all four elements are met.

First, Plaintiff lost in the State Action when his Motion to Redeem the Premises, which was denied on September 3, 2025. ECF Doc. 1, ¶ 36. *See also* Exhibit B, Page 7.

Second, the injuries Plaintiff complains of are a direct result of the state court's denial of Plaintiff's Motion to Redeem the Premises. Specifically, Plaintiff complains that he lost his inheritance, i.e. the equity in the Subject Property that was lost as a result of the underlying sale and the state court's denial of Plaintiff's aforementioned motion. *See* ECF Doc. 1, ¶ 43.

Third, the order being challenged was rendered prior to the initiation of this matter. Plaintiff's Motion to Redeem the Premises was denied on September 3, 2025. ECF Doc. 1, ¶

36. *See also* Exhibit B, Page 7. This action was initiated on February 26, 2026. ECF Doc. 1

Fourth, Plaintiff is inviting the district court to review and reject the state judgments. *See generally* ECF Doc. 1. In fact, Plaintiff specifically requests this Honorable Court "[r]escind the sale of the [Subject] [P]roperty and vest exclusive title to the [Subject] [P]roperty in the Plaintiff." ECF Doc. 1, Count I Wherefore Clause, ¶ 3. Plaintiff is seeking this Honorable Court to invalidate the state court's order to sell the Subject Property at a sheriff sale entered on July 15, 2024. *See* ECF Doc. 1, ¶ 16. *See also* Exhibit B, Page 4. Any attack on the aforementioned orders must be pursued either through the Pennsylvania's appellate process or directly to the United States Supreme Court.

As all of the elements of the *Rooker-Feldman* Doctrine are met here, this Honorable Court must dismiss Plaintiff's Complaint. Moreover, as no amount of repleading can change the foregoing facts that are a matter of public record, any repleading is futile. Defendant, TLH TD Properties LLC therefore respectfully requests this Honorable Court dismiss Plaintiff's Complaint with prejudice.

### 2. PLAINTIFF'S TAKINGS CLAUSE CLAIM (COUNT I), ACTIONABLE THROUGH SECTION 1983, FAILS TO STATE A CAUSE OF ACTION AGAINST DEFENDANT, TLH TD PROPERTIES LLC AS IT IS NOT A STATE ACTOR.

Plaintiff's Takings Clause claim (Count I), actionable through Section 1983, fails to state a cause of action against Defendant, TLH TD Properties LLC as it is not a state actor. A constitutional claim that a state actor violated the Takings Clause is actionable through Section 1983. *See e.g. Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 194 (2019) ("Just as someone whose property has been taken by the Federal Government has a claim "founded ... upon the Constitution" that he may bring under the Tucker Act, someone whose property has been taken by a local government has a claim under § 1983 for a "deprivation of [a] right[

] ... secured by the Constitution”). Setting aside the availability of immunity, the basic elements of a Section 1983 claim are:

> (1) **that the conduct complained of was committed by a person acting under color of state law**; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (emphasis added) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir.1993); *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981)). “A private party that deprives an individual of a constitutional right may be liable under § 1983 **only when acting under color of state law**.” *Parker v. Sch. Dist. of Philadelphia*, 346 F. Supp. 3d 738, 750 (E.D. Pa. 2018).

Courts consider a private party as acting under the color of state law when one of the following bases can be established:

> (1) the private entity was exercising powers traditionally within the exclusive prerogative of the state; (2) the private party acted with the aid of or in concert with state officials; or (3) there is a “sufficiently close nexus between the state and the challenged action of the [actor] so that the action may be fairly treated as that of the State itself.”

Parker, 346 F. Supp. 3d at 750 (*citing Glunk v. Noone*, 186 F.Supp.3d 453, 460 (E.D. Pa. 2016); Kach v. Hose, 589 F.3d 626, 646, 648 (3d Cir. 2009)); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995). Furthermore, “[t]he necessary ‘close nexus’ exists where the state exercises coercive power or provides ‘such significant encouragement, either overt or covert,’ deeming the conduct state action.” *Parker*, 346 F. Supp. 3d at 750 (*citing Glunk*, 186 F.Supp.3d at 460.).

In Count I, Plaintiff complains of the purportedly unlawful deprivation of the Subject Property without proper notice or just compensation. *See generally* ECF Doc. 1. In the Operative Facts Section of Plaintiff’s Complaint, Plaintiff complains at length regarding the sufficiency of

the notices in the state action. ECF Doc. 1, ¶¶ 9-17.Likewise, Plaintiff complains the Defendant, City of Philadelphia sent notice that the public auction was a "private" sale in violation of the governing state statute. ECF Doc. 1, ¶¶ 18-27. All of the foregoing allegations of state actions concern conduct that occurred prior to any alleged involvement by Defendant, TLH TD Properties LLC. Rather, Defendant, TLH TD Properties LLC purchased the Subject Property at the public action effectuated by Defendant, Bid4Assets, Inc. following the state court's order to do so. ECF Doc. 1, ¶¶ 30-34. *See also* Exhibit B, Page 4. Plaintiff further complains that Defendant, TLH TD Properties LLC changed the locks on the Subject Property at some unspecified time following Defendant's purchase of the Subject Property. *Id.* Thus, if there was any failure to effectuate proper notice or conduct a public sale (both denied), it occurred prior to Defendant, TLH TD Properties LLC's involvement. As such, there cannot be a "close nexus" between the challenged state action any action taken by Defendant, TLH TD Properties LLC; let alone such "close nexus" that Defendant, TLH TD Properties LLC's actions "may be fairly treated as that of the State itself."[2]

Moreover, Plaintiff did not pled *any* facts that would support the application of the two first bases for deeming Defendant, TLH TD Properties LLC's actions to have been conducted "under the color of state law." Purchasing a property at a public action and changing the locks to the property thereafter are not "powers traditionally within the exclusive prerogative of the state." Likewise, there is no well-pled fact to support the notion that Defendant, TLH TD Properties LLC purchased the Subject Property or changed the locks to it with the "aid of or in concert with state officials."

---

[2] Notably, Plaintiff did not include Defendant, TLH TD Properties LLC in the conspiracy claim set out against Co-Defendants in Count III.

Defendant, TLH TD Properties LLC is a private actor who did not at under the color of state law. Plaintiff's Section 1983 claim under the Takings Clause (Count I) is wholly without merit as to Defendant, TLH TD Properties LLC and must be dismissed with prejudice. Moreover, as no amount of repleading can change the foregoing facts that are a matter of public record, any repleading is futile. Defendant, TLH TD Properties LLC therefore respectfully requests this Honorable Court dismiss Plaintiff's Complaint – as to Defendant, TLH TD Properties LLC – with prejudice.

### 3. THIS HONORABLE COURT SHOULD DISMISS PLAINTIFF'S CLAIM AGAINST DEFENDANT, TLH TD PROPERTIES LLC WITH PREJUDICE AS LEAVE TO AMEND WOULD BE FUTILE.

This Honorable Court should dismiss Plaintiff's claim against Defendant, TLH TD Properties LLC with prejudice as leave to amend would be futile. "A district court should generally provide a pro se plaintiff with leave to amend **unless amendment would be inequitable or futile**." *Whitaker v. City of Chester*, No. CIV.A. 14-4231, 2014 WL 4748042, at *3 (E.D. Pa. Sept. 24, 2014) (emphasis added) (*citing Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir.2002)).

Here, Plaintiff has sufficiently described the factual matter supporting his claims, which are further articulated with access to the public records of the State Action, thereby enabling this Honorable Court to determine that no amount of re-pleading would create a cognizable claim under Section 1983 that would not violate the *Rooker-Feldman* Doctrine. Defendant, TLH TD Properties LLC's subject conduct was lawfully purchasing a property at a public auction ordered by the Philadelphia County Court of Common Pleas. No actionable claim can arise out of the facts known to the Court. Moreover, Plaintiff's proposed First Amended Complaint and proposed

Second Amended Complaint do not overcome the foregoing arguments. Equity fairly demands that this matter be dismissed with prejudice as to Defendant, TLH TD Properties LLC.

## VII. CONCLUSION

For any of the foregoing reasons, Defendant, TLH TD Properties LLC requests this Honorable Court dismiss Plaintiff's Complaint with prejudice as to Defendant.

**WHEREFORE,** Defendant, TLH TD Properties LLC, by and through its undersigned counsel, respectfully requests this Honorable Court grant Defendant's Motion and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

**WEISBERG LAW**

*/s/ L. Anthony DiJiacomo, III*
Matthew B. Weisberg, Esq.
PA Attorney Id. No. 85570
L. Anthony DiJiacomo, III, Esq.
PA Attorney Id. No. 321356
7 S. Morton Avenue
Morton, PA 19070
P-610-690-0801
F-610-690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com
*Attorneys for Defendant,*
*TLH TD Properties LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON IRA WILCHCOMBE** | : | |
| | : | |
| v. | : | No.: 26-cv-1331 |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |

**CERTIFICATE OF SERVICE**

I, L. Anthony DiJiacomo, III, Esq., hereby certify that on this ___ day of June 2026, a true and correct copy of the foregoing Motion to Dismiss, Memorandum of Law, Proposed Order, and supporting exhibits were served via ECF on all counsel of record and *pro se* parties.

I, L. Anthony DiJiacomo, III, Esq., hereby certify that on this ___ day of June 2026, a true and correct copy of the foregoing Motion to Dismiss, Memorandum of Law, Proposed Order, and supporting exhibits were served via U.S. Mail on the following *pro se* parties:

Brandon Ira Wilchcombe
C/O Trust Management Associates Inc.
1650 Market Street, Ste. 3600
Philadelphia, PA 19103

Respectfully submitted,

**WEISBERG LAW**

*/s/ L. Anthony DiJiacomo, III*
Matthew B. Weisberg, Esq.
PA Attorney Id. No. 85570
L. Anthony DiJiacomo, III, Esq.
PA Attorney Id. No. 321356
7 S. Morton Avenue
Morton, PA 19070
P-610-690-0801
F-610-690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com
*Attorneys for Defendant,*
*TLH TD Properties LLC*