REC'D AUG - 4 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BRANDON IRA WILCHCOMBE,

Plaintiff,

v. Civil Action No. 2:26-cv-01331-KBH

CITY OF PHILADELPHIA, et al.,

Defendants. JURY TRIAL DEMANDED

**PLAINTIFF'S OPPOSITION TO DEFENDANT TLH TD PROPERTIES, LLC'S MOTION TO SET ASIDE DEFAULT PURSUANT TO F.R.C.P. 55(C), MOTION TO STRIKE (ECF #40); AND TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6)**

## I. INTRODUCTION

Defendant, **TLH TD PROPERTIES LLC**, ask this Court to forgive its failure to timely respond to a Complaint **served** upon it on **March 27th, 2026**. Their response **deadline** under Fed. R. Civ. P. 12(a)(1)(A)(i) was **April 17th, 2026**. They missed it. After Plaintiff filed a "Praecipe For Entry of Default" on May 19th, 2026, Defendant **TLH TD PROPERTIES, LLC.,** did not finally respond to the Complaint until **June 29th, 2026,** some **93 days** after service of the Complaint and **72 days** beyond the date on which it was statutorily required to respond, **"FALSELY"** claiming that Plaintiff improperly served it, that Plaintiff's Server, Amin A. Rashid, made untruthful statements in the Proof of Service he filed with this Court, that given the fraudulent and deceptive representations of Plaintiff, the **Default** (ECF 40) against **TLH TD PROPERTIES, LLC** must be "stricken;" and Plaintiff's Complaint must be dismissed "with prejudice" because this Court lacks jurisdiction under the **Rooker-Feldman Doctrine.**

## II. RELEVANT FACTUAL BACKGROUND

Defendants now characterize their failure to act timely as nothing more than an 'inadvertent miscalculation' caused by Plaintiff's misconduct and defective service of process upon **TLH.** But this Court should not lose sight of what actually happened: a sophisticated commercial realty investor with a highly reputable law firm — one with a dedicated docket management infrastructure — failed to act timely because it chose to characterize Plaintiff's service of process as faulty and its belief that under both Federal and State Law Plaintiff's service of process was illegal. Thus, it did not perform a 21-day calendar calculation accurately. More tellingly, their own brief compounds their error, falsely claiming that the person upon whom service was made had no authority to act on behalf of Defendant **TLH** — still wrong because the **Pennsylvania Bureau of Corporations** records show that the person served, **Chris Roth,** was not only **"the Officer of Record,"** but **"the Governor"** of Defendant **TLH** since **TLH's** "initial filing" on **May 31, 2023,** to this date, and that, in fact, the address where service was made upon **Mr. Roth,** "who is designated by law to accept service of process on behalf of" Defendant **TLH, 500 Frank W. Burr Blvd., #720, Teaneck, N.J. 07666-6804,** is the same address on file with the **Pennsylvania Bureau of Corporations.** See, **PA Corp. Bureau** Extract, attached, hereto, as Exhibit "A." This is not an oversight. It is a colossal failure on the part of counsel to investigate its client's materially "false" allegations set forth in the **AFFIDAVIT OF RHYS SMITH,** President of Defendant **TLH,** which was presented to this Honorable Court seeking favorable judgment. The **Affidavit** is attached as Exhibit "A" to Defendant **TLH's** Motion to Strike/Dismiss Complaint (ECF 50). These facts "without more" demand this Court DENY Defendant **TLH's** motion due to "Fraud on the Court."

While Plaintiff acknowledges the Third Circuit's general preference for resolution on the merits, that preference does not operate to erase the consequences of counsel's negligence nor does it entitle sophisticated defendants to a consequence-free default by way of aa fraudulent presentation to the Court. At a minimum, should this Court should not exercise its discretion to set aside the default, it should instead consider appropriate sanctions on Defendant **TLH** for its despicable conduct seeking to unfairly sanction the Plaintiff.

## III. LEGAL STANDARD

### 1. Set Aside Default:

Under Fed. R. Civ. P. 55(c), a court may set aside an entry of default for 'good cause.' *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). The Court considers three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. *Id.* While courts generally disfavor default judgment as a sanction of last resort, *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984), this does not mean a defaulting party bears no burden to establish each element of good cause. The Court retains broad equitable discretion to condition relief, including by awarding costs. *Spica v. Garczynski*, 78 F.R.D. 134, 135 (E.D. Pa. 1978).

### 2. Rooker-Feldman Doctrine

As a matter of "jurisdiction of the Court," the **Rooker-Feldman Doctrine** bars federal district court review of injuries caused by **state court judgment,** but it is not a general bar on claims merely because they were never raised or decided in state court. A federal claim can still be barred if it is effectively an attack on the state court judgment or is so "inextricably intertwined" with that judgment that granting relief would nullify it or require the federal court to decide that

the state court got it wrong. Important caveat: if the plaintiff had no reasonable opportunity to raise the federal issue in state proceedings, **Rooker-Feldman Doctrine** does not deprive a federal court of jurisdiction.

## IV. ARGUMENT

### 1. Defendant TLH's Default Should Be Set-Aside For These Reasons:

#### A. Defendants' Culpable Conduct Weighs Against Setting Aside Default

In the Third Circuit, 'culpable conduct' in the default context does not require a showing of willful or bad-faith disregard — negligence by sophisticated counsel is sufficient to weigh this factor against the defaulting party. *Foy v. Dicks*, 146 F.R.D. 113, 117 (E.D. Pa. 1993). Courts have drawn a sharp distinction between excusable neglect by a pro se litigant unfamiliar with deadlines and a failure by experienced institutional defense counsel who are charged with professional mastery of the Federal Rules. See *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987).

WEISBERG LAW is not a solo practitioner. It is an established law firm with established docket management systems, multiple supervising attorneys, and professional support staff. The 21-day response deadline under Rule 12(a)(1)(A)(i) is among the most basic, unambiguous deadlines in federal civil practice. Service occurred March 27, 2026. The deadline was April 17, 2026. The calculation requires no legal expertise — it requires arithmetic.

Critically, Defendant's President's False Affidavit compounds the error. Counsel accepted the Affidavit as truth "without" conducting the rudimentary task of confirming the claims with the record on file with the **Pennsylvania Corporations Bureau.** This successive miscalculation by competent defense counsel and the Defendant is not the hallmark of an isolated clerical mistake. It reflects systemic deficiency. The contrast with the conduct condemned in *Hritz v. Woma Corp.*,

732 F.2d 1178, 1183 (3d Cir. 1984) — 'reckless disregard for repeated communications' — merely identifies the outer boundary of culpability. This is more than ordinary negligence; it is, at minimum, reckless inattention to a legal obligation to avoid "fraud on the court."

**B. Plaintiff Is Prejudiced by Defendants' Conduct**

Prejudice under Rule 55(c) is not limited to the loss of evidence or witnesses. *Emcasco*, 834 F.2d at 74. Courts must also consider tactical and strategic prejudice. Here, Plaintiff — proceeding pro se without the benefit of counsel — was compelled to prepare, research, and file Praecipe for Entry of Default (ECF 40) because Defendant **TLH** failed to meet its obligation. The time, effort, and resources Plaintiff expended were directly caused by Defendant's delinquency.

Furthermore, this case is in its earliest stages. The default Plaintiff obtained constituted legitimate leverage under the Federal Rules — leverage Defendant **TLH** now seeks to nullify at zero cost to itself. Permitting the complete erasure of that leverage without any consequence rewards failure to follow the Rules and punishes a diligent pro se litigant who followed them correctly.

**C. Defendant TLH Has Not Demonstrated Truly Meritorious Defenses**

For the reasons set forth at length in Plaintiff's Opposition to the Motion to Dismiss, filed contemporaneously herewith, Defendant's purported defenses are substantially weaker than their brief suggests. Specifically: the **Rooker-Feldman Doctrine** does not bar Plaintiff's claims because Plaintiff challenges pre-judgment constitutional conduct, not the state court's ruling; the Takings Clause claim is ripe because the excess-proceeds, **$25,972.76,** has no bearing on the state court judgment, and Defendant **TLH's** seizure of the property was physically done after the property was sold; and the Due Process claim is supported by directly applicable Supreme Court precedent.

See *Jones v. Flowers*, 547 U.S. 220 (2006); and Pung v. Isabella County, 606 U.S. 1066 (2026). The meritorious defense factor therefore does not strongly favor Defendant.

### 2. Rooker-Feldman Doctrine Does Not Bar Jurisdiction

**Rooker-Feldman** is inapplicable in this case because the actions and injuries complained of by the Plaintiff were effected either before or after the state court judgment entered in this case. Defendant **TLH** and all other Defendants in this case rely on the fact the Plaintiff unsuccessfully moved for redemption of the real property pursuant to **53 P.S. Sec. 7101, et seq. (The "Act").** However, the state court hearing Plaintiff's right of redemption under the Act, did not have jurisdiction to hear Plaintiff's claims for constitutional deprivations such as due process and takings under the Fifth Amendment and Fourteenth Amendment to the United States Constitution. Plaintiff was required to bring those claims in a separate action. That separate action is now before this Court and this Court clearly has jurisdiction to hear Plaintiff under Pung v. Isabella County, 606 U.S. 1066 (2026). In Pung, the movant lost in state court but claimed the defendants' actions violated constitutional rights. The Courts all the way to the Supreme Court did not find that hearing plaintiff's claims infringed the prior state court judgment because the constitutional claims were not before the state court. The controlling Third Circuit standard is dispositive: 'If a federal plaintiff asserts injury caused by the defendant's actions and not by the state court judgment, **Rooker-Feldman** does not bar the federal claim. Great W. Mining & Mineral Co. v. Fox Rothchild LLP, 615 F.3d 159, 167 (3rd Cir. 2010). Money damages do not require reviewing any state court judgment. The Court should consider if Plaintiff's Complaint was amended to clearly show Plaintiff seeks money damages, would it have jurisdiction. By seeking money damages only; the sale order stands, the redemption denial stands; and the Sheriff's deed stands. This

Court can award compensatory and punitive damages without holding that the Court of Common Pleas was wrong about anything.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Set Aside Default, motion to strike (ECF 40); and motion to dismiss, or, in the alternative, permit Plaintiff's request to amend pleading forthwith.

Respectfully submitted,

Brandon Ira Wilchcombe

# EXHIBIT "A"

An Official **Pennsylvania** Government Website



# Business Search

*As of 07/10/2026 we have processed all business filings received in our office through 07/09/2026.*

**Business Search Info:**

TLH TD PRC

Advanced

Results: 1

| Filing Information | Initial Filing Date |
|---|---|
| TLH TD PROPERTIES, LLC (13454320) | 05/31/2023 |

## TLH TD PROPERTIES, LLC (13454320)

File Annual Report

Request Certificate

| | |
|---|---|
| *Initial Filing Date* | 05/31/2023 |
| *Status* | Active |
| *Formed In* | DELAWARE |
| *Foreign Name* | TLH TD PROPERTIES, LLC |
| *Filing Type* | Foreign Limited Liability Company |
| *Filing Subtype* | Limited Liability Company |
| *Annual Report Due Date* | 09/30/2026 |
| *Principal Address* | 500 FRANK W BURR BLVD<br>STE 720<br>TEANECK, NJ 07666-6804 |
| *Mailing Address* | 10 STERLING BLVD<br>STE 302<br>ENGLEWOOD, NJ 07631 |
| *Registered Office* | Cogency Global Inc. |
| *County* | DAUPHIN |
| *Officers* | Other<br>Chris Roth |
| *Governors* | Governor<br>Chris Roth |

View History

Request Access

TLH TD PROPERTIES, LLC (13454320)

File Annual Report

Request Certificate

| | |
|---|---|
| *Initial Filing Date* | **05/31/2023** |
| *Status* | **Active** |
| *Formed In* | **DELAWARE** |
| *Foreign Name* | **TLH TD PROPERTIES, LLC** |
| *Filing Type* | **Foreign Limited Liability Company** |
| *Filing Subtype* | **Limited Liability Company** |
| *Annual Report Due Date* | **09/30/2026** |
| *Principal Address* | **500 FRANK W BURR BLVD<br>STE 720<br>TEANECK, NJ 07666-6804** |
| *Mailing Address* | **10 STERLING BLVD<br>STE 302<br>ENGLEWOOD, NJ 07631** |
| *Registered Office* | **Cogency Global Inc.** |
| *County* | **DAUPHIN** |
| *Officers* | **Other<br>Chris Roth** |
| *Governors* | **Governor<br>Chris Roth** |

View History

Request Access

<

# History

| *Amendment Type* | Field Name | Changed From | Changed To |
|---|---|---|---|
| **Annual Report** | Annual Report Due Date | 9/30/2025 12:00:00 AM | 9/30/2026 12:00:00 AM |
| *Control ID* | Principal Postal Code | 07631 | 07666-6804 |
| **0014657714** | Principal City | ENGLEWOOD | TEANECK |
| *Date* | Principal Address 2 | STE 302 | STE 720 |
| **7/22/2025** | Principal Address 1 | 10 STERLING BLVD | 500 FRANK W BURR BLVD |

*Amendment Type*
**Initial Filing**

*Control ID*
**0013454320**

*Date*
**5/31/2023**

**CERTIFICATE OF SERVICE**

I, Brandon Ira Wilchcombe, hereby certify that on this _4th__ day of August 2026, I caused a true and correct copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Set Aside Default and Defendants' Motion to Dismiss to be served upon Defendants' counsel of record by **EMAIL.**

Brandon Ira Wilchcombe