**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BRANDON IRA WILCHCOMBE,**<br>**Plaintiff,**<br><br>**v.**<br><br>**CITY OF PHILADELPHIA,**<br>**RENEE GARCIA, Individually and in her Official Capacity as the Chief of Philadelphia City Attorney,**<br>**JAMES ZWOLAK, Individually and in his Official Capacity as Chief Real Estate, Attorney for the City of Philadelphia,**<br>**GOEHRING, RUTTER & BOEHM,**<br>**GEORGE V. BAKER, JR.,**<br>**Rachel Bilal, Individually and in her Official Capacity as the Sheriff of Philadelphia County,**<br>**PHILADELPHIA COUNTY SHERIFF'S OFFICE,**<br>**BID4ASSETS, INC. and**<br>**TLH TD PROPERTIES, LLC,**<br>**Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO. 26-1331** |

**O R D E R**

**AND NOW**, this 20th day of August, 2026, it is hereby **ORDERED** as follows:

1. Upon consideration of the Motion for Leave to File a First Amended Complaint (ECF No. 38), and the oppositions thereto (ECF Nos. 42, 44), it is **ORDERED** that the Motion is **DENIED**.

2. Upon consideration of the Motion for Leave to File a Second Amended Complaint (ECF No. 45), it is **ORDERED** that the Motion is **DENIED**.

3. Upon consideration of the Motions to Dismiss by Defendant George V. Baker, Jr. (ECF No. 11); Defendant Goehring, Rutter, & Boehm (ECF No. 12), the opposition thereto (ECF No. 17); the Motion to Dismiss by Rochelle Bilal, the City of Philadelphia, Renee Garcia,

Philadelphia County Sheriff's Office, and James Zwolak (ECF No. 20), the opposition thereto (ECF No. 23), the reply in support (ECF No. 30), and the sur-reply thereto (ECF No. 36); the Motion to Dismiss by Defendant Bid4Assets, Inc. (ECF No. 26), the opposition thereto (ECF No. 33), the reply in support (ECF No. 37), and the sur-reply thereto (ECF No. 39); the Motion to Dismiss by Defendant TLH TD Properties LLC (ECF No. 50), and the opposition thereto (ECF No. 57), it is **ORDERED** that the Motions are **GRANTED**. Count I is **DISMISSED WITH PREJUDICE**. All claims against the Philadelphia County Sheriff's Office are **DISMISSED WITH PREJUDICE**. All remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff may file a First Amended Complaint as to any claims dismissed without prejudice on or before **September 14, 2026**.

5. If Plaintiff does not wish to amend his Complaint and instead intends to stand on his Complaint, he may file a notice with the Court on or before **September 14, 2026** stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6. If Plaintiff fails to file any response to this Order, the Court will conclude that he intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).