2026 SEP 14 PM12:08
USDC-EDPA RECD CLERK

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BRANDON IRA WILCHCOMBE,** grandson, sole heir, and Administrator of the Estate of Arthur E. Wilchcombe and Mary Wilchcombe, h/w, both Deceased,

**Plaintiff,**

**v.**

**CIVIL ACTION No. 26-cv-1331**

**CITY OF PHILADELPHIA,**
**RENEE GARCIA,** individually and in her Official Capacity as the Chief Philadelphia City Attorney, **JAMES ZWOLAK,** individually and in his Official Capacity as Chief Real Estate Attorney for the City of Philadelphia, **GOEHRING, RUTTER & BOEHM, GEORGE V. BAKER, JR., ROCHELLE BILAL,** individually and in her Official Capacity as the Sheriff of Philadelphia County, **BID4ASSETS, Inc.,** and **TLH TD PROPERTIES, LLC.,**

**Demand For Jury Trial**

**Defendants.**

## FIRST AMENDED COMPLAINT

### Introduction

1. This action is for money damages for injuries to the Plaintiff caused by the Defendants' intentional actions taken which they knew would result in the taking of realty Equity due him by lack of proper notice to Plaintiff of his interest in the real property known as **1721 North Hollywood Street, Philadelphia, PA 19121** and it is brought pursuant to the Fourteenth Amendment to the United States Constitution and Title 42, U.S.C., Section 1983, and under the common law of the Commonwealth of Pennsylvania. Jurisdiction is based upon 28, U.S.C., Section 1331, and on the supplemental jurisdiction of the court under 28, U.S.C., Section 1367(a) for claims arising under state law.

2. Plaintiff alleges that state officials sued herein conspired with each other and with other named and unnamed individuals to bring about the foreclosure and sale of the real property known as **1721 N. Hollywood Street, Philadelphia, PA 19121** in a city tax foreclosure sale commenced without proper notice under State Law and conducted in a manner resulting in the pre-judgment violation of his rights to due process under the United States Constitution.

## Parties

3. The following person is the plaintiff in this action:

   a. **Brandon Ira Wilchcombe** is the grandson, sole heir, and Administrator of the Estate of **Arthur E. Wilchcombe** and **Mary Wilchcombe,** both of whom are deceased and were at all times mentioned, herein, the legal and lawful owners of the real property known as **1721 North Hollywood Street, Philadelphia, PA 19121** which was foreclosed upon and sold by the defendants in a judicial tax foreclosure proceeding allegedly conducted at all times mentioned, herein, in the County of Philadelphia. See, Copy of Letters of Administration, attached, hereto, as Appendix "A."
   b. **Brandon Ira Wilchcombe's** constitutional property interest in the surplus proceeds and in the property noted, herein, stems from the **Pennsylvania intestacy law (20 Pa.C.S. Sec. 301)** given his position as "sole heir" to his grandparents' Estate.

4. The following persons and entities are the defendants in this action:

   a. The **City of Philadelphia** is an appropriate defendant in this action because it's policy, custom, and failure to train defendants, herein, sued in their Official Capacity permitted those Officials to use the power of Government to deprive Plaintiff of his constitutional rights and it empowered a private actor to act in a manner contrary to the laws of the City and Commonwealth of Pennsylvania.

   b. **Renee Garcia** was at all times material to this Complaint the Chief Legal Counsel for the City of Philadelphia. She is sued in her individual and Official Capacity.

   c. **James Zwolak** was at all times material to this Complaint the Chief City Attorney in the Real Estate Division. He is sued in his individual and Official Capacity.

   d. **GEOHRING, RUTTER & BOEHM** was at all times material to this Complaint a Law Firm in the City of Philadelphia which specializes in collecting delinquent real estate taxes.

e. **George V. Baker, Jr.** was at all times material to this Complaint an Attorney At Law employed by the Law Firm of Goehring, Rutter, & Boehm.

f. **Rochelle Bilal** was at all times material to this Complaint the Sheriff of Philadelphia County duly elected and authorized to execute judicial warrants and actions in tax foreclosure proceedings according to the laws and regulations of the Commonwealth of Pennsylvania. She is sued in her individual and Official Capacity.

g. **BID4ASSETS, Inc. d/b/a Bid4Assets.Com** was at all times material to this Complaint an entity with no legal or lawful corporate registration in the Commonwealth of Pennsylvania employed exclusively by certain defendants, herein, to execute judicial functions necessary to advance judicial tax foreclosures which those defendants in their Official Capacity are legally obligated to perform.

h. **TLH TD PROPERTIES, LLC.,** was at all times material to this Complaint a foreign entity registered and operating in the Commonwealth of Pennsylvania as a real estate investment speculator with little regard for the legality of its realty acquisitions and it often acted under color of law before obtaining title to real property.

5. At all times material to this Complaint, the Defendants **City, Garcia, Bilal, Zwolak, GRB, Baker, BID4ASSETS, Inc.,** and **TLH** were acting under color of law, to wit, the statutes, ordinances, regulations, policies, customs and usages of the County of Philadelphia and City of Philadelphia.

## Facts

6. On **June 2nd, 1961**, Arthur E. Wilchcombe and Mary Wilchcombe, his wife, were conveyed all rights, title, and privilege to real property known as **1721 North Hollywood Street, Philadelphia, PA 19121**, (See, Deed, attached, hereto, as Appendix "B."); and they maintained their obligations and duties as tax abiding real property owners throughout their lives until the death of Mary Wilchcombe on **July 22, 2019**, the survivor of the two(2) holders of the real property.

7. On September 3rd, 2025, The Philadelphia Department of Revenue published a realty tax report which shows, inter alia, that starting in **2019** after the death of Mary Wilchcombe property taxes began to accumulate on **1721 North Hollywood Street** such that by the tax year **2025,** the total unpaid real estate taxes had accumulated to **$9,698.97** and said amount owed accumulated to **$10,287.54** with interest, penalty, and other charges exacted by the City of Philadelphia("City"). See, City Revenue Summary, attached, hereto, as Appendix "C." The Philadelphia Revenue Department **assessed the value of the property to be $118,000.00.** See, Copy of Assessment, attached, hereto, as Appendix "D."

8. In or about **April 2024,** pursuant to policy of the **City** as it applies to delinquent real estate taxes, defendants **Garcia** and **Zwolak** referred the delinquent taxes on **1721 North Hollywood Street** to the collections agency, **Goehring, Rutter & Boehm("GRB")** for collection of the delinquent taxes with the understanding that **GRB** would seek to collect the delinquent taxes in the usual manner that would involve denial of the **"notice"** requirements as set forth in **Section 602 of the Tax Sale Law, 72 P.S. Sec. 5860.602.**

.

9. On **April 3rd, 2024,** **GRB** in its usual practice approved by the **City, Garcia and Zwolak** initiated real estate tax collection actions against real property **1721 North Hollywood Street ("1721")** contrary to the Act of Assembly of May 16, 1923, P.L. 207, 53 P.S. Secs. 7193.2 (a) and (b) and 7283, its amendments and supplements, by providing **NOTICE** of intent to foreclose **1721** that **"was not reasonably calculated to apprise interested parties of the pending action."** It did so by serving said **NOTICE** via **"Affidavit of Service of Mailing Petition and Rule"** on the deceased defendants knowing the said Petition was not likely to be served upon an interested party. See, Copy of Notice, attached, hereto, as Appendix "E." The **City, Garcia, Zwolak,** and **GRB** all knew that in a case involving deceased property owners and Unknown Heirs, Pennsylvania Law requires that the **City** petition the Court for **"alternative service"** pursuant to **Pa. R.C.P. 430** and be granted permission to make such **"alternative service"** by the Court before it can be concluded that due process has been exercised in an attempt to locate any interested parties, yet, they knowingly and intentionally did not follow this law. The manner in which the Defendants proceeded in providing **"notice"** in this case was the usual **"policy and custom"** the **City** approved because it permitted the **City** to accumulate **millions of dollars** in **"unused proceeds"** which were not likely to be petitioned for distribution.

10. **GRB** assigned the **1721** collection task to defendant **Attorney George V. Baker, Jr. ("Baker").** **Baker** knew that Arthur E. Wilchcombe and Mary Wilchcombe were both deceased because the Rule Notice was styled as follows:

ARTHUR E. WILCHCOMBE
WITH NOTICE TO HEIRS & ASSIGNS

MARY WILCHCOMBE
WITH NOTICE TO HEIRS & ASSIGNS

See, Copy of Notice, attached, hereto, as Appendix "F."

11. **Baker** did not take the required steps to apprise would be heirs and/or assigns of the pending **Rule Notice** by seeking permission of the Court to use **"Alternative Service"** as required by **Pa. R.C.P. 430.**

12. On **May 23rd, 2024, Baker** filed the defective **AFFIDAVIT OF SERVICE NOTICE** in the Court of Common Pleas of Philadelphia County as proof that proper notification had been given all "interested parties" of the commencement of the tax foreclosure action by the **City** at **1721 North Hollywood Street.** **Baker** knew that the **notice was defective** because the **certified mail return receipt** <u>**does not show**</u> whether the notice was accepted by the addressee or agent and a printed name was not provided resulting in no way of knowing who accepted the certified mail notice.

13. On **June 1st, 2024,** a **Writ Serving Service**, known as, **Philadelphia Writ Service,** filed an Affidavit in the Philadelphia Court of Common Pleas alleging that it had served **NOTICE** by Posting **"Front Door"** of **1721** on **May 4th, 2024;** however, the alleged **NOTICE** at **1721** does not appear to have occurred. See, Copy of alleged **Posting,** attached, hereto, as Appendix "F."

14. **City, Garcia, Zwolak, GRB,** and **Baker** all knew or had reason to know that **"proper service"** of process had not been effected in the commencement of this tax foreclosure action against the **1721** property, its owners, heirs, and, or assigns but neither acted to stop or correct the wrongfully commenced tax foreclosure action.

15. The negligence on the part of **City, Garcia, Zwolak, GRB,** and **Baker** is part of a common practice or pattern used by the defendants in similar cases involving deceased property owners and it is calculated to benefit the **City's** collection of delinquent tax revenues as quickly as possible without following the burdensome, costly, and time consuming procedures the **City** would endure if the required **"alternative service"** under **Pa. R.C.P. 430** was used.

16. On **July 15th, 2024,** the Philadelphia Common Pleas Court in the matter of **City of Philadelphia v. Arthur E. Wilchcombe, et. al.,** 2404T0017 (Com. Pl. Ctr. Phl.), issued an Order that reads, in pertinent part, as follows, "the premises, to wit: **1721 North Hollywood Street ...** shall be sold by the SHERIFF **(PHILADELPHIA COUNTY SHERIFF'S OFFICE) ...**"

17. On **January 14th, 2025, Baker** filed an **Affidavit of Service** of the Court's Order of **July 15th, 2024** that **1721 North Hollywood Street** be sold by the **SHERIFF.** The **Affidavit** is evidence that **Baker** did not use the required **"alternative service"** in serving the **"Decree and NOTICE and Sheriff Sale"** scheduled to occur on **February 21st, 2025** upon Mary Wilchcombe and Arthur E. Wilchcombe, nor any interested parties. He elected to serve the deceased by regular, first class, mail. See, Copy of **Affidavit,** attached, hereto, as Appendix "G."

18. Baker's **January 14th, 2025, Affidavit** announces that a "private sale" of **1721,** not public sale of **1721** is **"scheduled to take place at 10:00am, through an Online Virtual Sale at www.bid4assets.com/philadelphia."** This announcement fails to comply with the law requiring the **SHERIFF** to announce that a "public sale" of the property is to take place. See, Appendix "H," attached, hereto.

19. The **PHILADELPHIA COUNTY SHERIFF'S OFFICE("SHERIFF")** conducts judicial tax foreclosure sales in collaboration with **City** Department of Finance, which handles tax delinquencies, and the Court of Common Pleas, which oversees the legal proceedings related to foreclosure.

20. Upon receipt of the Writ issued by the Common Pleas Court to sell **1721,** the **SHERIFF** proceeded in its usual manner to list the property for sale.

21. Ordinarily, it was the practice of the **SHERIFF's** OFFICE to conduct tax foreclosure sells in a public space at a specific date and time open to the public; however, due to

the COVID-19 pandemic, the **SHERIFF** adjusted its practice and now routinely conducts tax foreclosure sells using the services of a private online bidding operation known as **BID4ASSETS.COM.**

22. **BID4ASSETS.COM** is private, non-governmental, foreign corporation, not duly registered to do business in the Commonwealth of Pennsylvania and accountable only to the **SHERIFF;** thus, **BID4ASSETS.COM** performs governmental functions usually performed by the **SHERIFF.**

23. **ROCHELLE BILAL("BILAL'),** the duly elected Sheriff of Philadelphia County has instituted policies and procedures necessary for conducting tax foreclosure sales which the **SHERIFF** is obligated to conduct.

24. **BILAL's** policies and procedures disadvantage the average member of the public in that she publishes a false statement that use of online bidding by **BID4ASSETS.COM** is necessary for the public good, based on recommendations by the Centers for Disease Control and Prevention("CDC") and the Pennsylvania Department of Health, due to the COVID-19 pandemic. See, Copy of Conditions of Sheriff Sale for JUDICIAL TAX SALES, at **Cond. 1,** attached, hereto, as Appendix "I."

25. **BILAL's** policies and procedures disadvantage the average member of the public in that it makes it mandatory for them to bid in a non-public space, be computer savvy, use a computer at an appointed time to participate in the tax foreclosure sales bidding process; and severely punishes those who may not have a computer or who may have a computer glitch beyond their control which would cause them to fail to comply with certain conditions of online bidding.

26. **BILAL's** policies and procedures are misleading the public by stating, "The Sheriff will file in the Prothonotary's Office a Schedule of Distribution Thirty(30) Days from the Date of sale of Real Estate. Distribution will be made in accordance with the Schedule unless exceptions are filed thereto within Ten(10) days thereafter. **Any balance exceeding the payouts per the Schedule of Distributions and Exceptions thereto, shall be paid to the homeowner at the time of sale.** See, **Cond. 17,** Appendix "I," attached, hereto.

27. **BID4ASSETS, Inc.,** doing business as **Bid4Assets.Com/Philadelphia,** in conjunction with the **SHERIFF,** at the direction of **BILAL** , used its online computer service to sell the

**1721** property on **February 21st, 2025.** Per its Agreement with the **SHERIFF, Bilal, City, Garcia,** and **Zwolak, BID4ASSETS, Inc.,** collects all money resulting from the sale of **1721** and other tax foreclosure sale properties and does not remit those monies promptly following the sale.

28. Due to lack of proper notice of the tax foreclosure court proceeding and subsequent sale of the **1721** property, **Brandon Ira Wilchcombe("Plaintiff")** was deprived of his rights of inheritance in the **1721** property, the equity in the property, and the excess proceeds resulting from the sale of the property.

29. Plaintiff learned of the foreclosure and subsequent sale of the **1721** property in or around **June 2025** when he visited the **1721** property where he stored valuable personal property and discovered the locks had been changed and his personal property was missing.

30. Plaintiff learned that the locks to **1721** had been changed by defendant **TLH TD PROPERTIES, LLC.("TLH")** and that **TLH** was exercising dominion and control over the **1721** property even though it had not been issued a **SHERIFF's** Deed at the time of its actions. **TLH** was acting pursuant to its agreement with the **City, Garcia,** and **Zwolak** that it had the legal authority to take such action despite having not been issued a **SHERIFF's Deed.**

31. Plaintiff learned that **TLH** is a real estate investment company headquartered in Englewood, New Jersey, but legally registered to do business in Pennsylvania and is a big bidder on sheriff sale properties and has amassed a multi-million dollar portfolio of real properties in a similar manner as it has **1721.** It's Governor and Chief Operating Officer is listed as **Chris Roth,** and it appears that **TLH** has been conducting business in the Commonwealth of Pennsylvania since **May 2023.**

32. **TLH** routinely buys properties at sheriff sales and holds those properties in its portfolio for future sale usually in an as is condition with little if any rehabilitation or development allowing it to reap millions of dollars in surplus equity. Given the fact that **TLH** is such a big investor in **City** delinquent tax foreclosure sale properties, it has a tacit agreement with the **City** that permits it to assume possession and control of properties that it successfully bids on before it is issued a **SHERIFF Deed** and it did so in the **1721** property case.

33. **TLH** purchased **1721** for **$47,800.00** knowing the **City** had assessed the value of the property at **$118,000.00** and that it would reap an immediate "equity" profit of **$70,200.00** at a minimum with the purchase of **1721** property it knew that the **City** had put up for sale **without giving proper notice** under Pennsylvania Law.

34. The **SHERIFF** "acknowledged" **TLH** as the legal and lawful owner of **1721** on **July 2nd, 2025** by issuing **TLH** a Deed Poll as required under the laws of Pennsylvania. See, Copy of Deed Poll, attached, hereto, as Appendix "J."

35. Plaintiff learned that it might be possible to redeem **1721** if he entered his appearance in the tax foreclosure sale court proceeding as an intervenor, and he motioned the Court of Common Pleas on **August 18, 2025** for recognition as an Intervenor in the matter of **City of Philadelphia v. Arthur E. Wilchcombe, et.al,** 2404T0017 Ct. Com. Pl. Phl.; and the Court Granted his Petition. See, Copy of Order, attached, hereto, as Appendix "K."

36. A subsequent petition to redeem **1721** was denied on **September 3rd, 2025,** but the Court, also, Ordered the **SHERIFF** to "prepare a distribution sheet as required by the Rules of Civil Procedure." See, Copy of Order, attached, hereto, as Appendix "L."

37. On **October 14th, 2025,** the **SHERIFF** published with the Prothonotary a copy of the **Proposed Schedule of Distribution – With Surplus,** in the case of **1721,** wherein, it lists **"unused proceeds"**, in the sum of **$25,972.76.** See, Copy of Schedule of Distribution, attached, hereto, as Appendix "M."

38. Plaintiff completed the **SHERIFF's** Home (Owner) Asset Recovery Team("HART") Form and submitted all required documentation for his receipt of the **$25,972.76** on **November 12, 2025** but was then told by **HART** it may require a minimum of "6 Months" up to "12 Months" to determine what amount of those funds are to be distributed to him. On **April 21st, 2026,** Ms. Lori Rone-Jefferson, HART Unit Officer, sent an email showing that the **Sheriff** had determined that the **$25,972.76** must be paid to Plaintiff, but **Bilal** and the **SHERIFF** unfairly delayed distribution of those proceeds to Plaintiff until **August 17th, 2026.**

39. Plaintiff has obtained a Copy of a **Forensic Investigation Report Of The Philadelphia Sheriff Office** which was Ordered by the former City Controller, **Alan Butkovitz,** which

**Report** shows that the **SHERIFF's Office** has in the past knowingly and intentionally **failed to distribute hundreds of millions of dollars to homeowners who were similarly due "unused proceeds" from sales conducted by the SHERIFF's Office.** This finding in the **Report** was confirmed by the **Pennsylvania Commonwealth Court** in a published Opinion, **In re: Sheriff's Excess Proceeds Litig,** 2015 Pa. LEXIS 438 (Pa., Feb. 25, 2015). Due to this **Report** and the **Commonwealth Opinion,** Plaintiff concluded and will show that this past practice, pattern, and custom of the **Sheriff's Office** is aided and abetted by the **City** and part of an ongoing and continuing scheme to deprive homeowner's of "excess proceeds" and a primary reason that he was initially being denied in his Claim for the **$25,972.76** which the **Sheriff** refused to distribute to him as required by law, **Rule 3136**. See, Excerpts from the **Butkovitz Report,** at paragraph 149, attached, hereto, as Appendix "N".

40. The partnership between the **SHERIFF** and **BID4ASSETS, Inc.,** is the primary reason why the **Sheriff** did not initially have the money needed to pay Plaintiff and others despite **Bilal's** statutory obligation to **"file in the Prothonotary's Office a Schedule of Distribution Thirty(30) Days from the Date of sale of Real Estate."** The **SHERIFF** routinely fails to file such **Distribution Schedules** despite the fact that **Bilal** is required to do so by Law, **Pa. Civ. R. 3136.**

41. Plaintiff has learned that **Liquidity Services, Inc.** owns 100% of the stock of **BID4ASSETS, Inc.,** and that **BlackRock, Inc.,** a publicly traded corporation owns 10% or more of the stock of **Liquidity Services, Inc.** The **Sheriff** knows that **BID4ASSETS, Inc.,** invests the proceeds due homeowners before remitting to the **SHERIFF's Office** those amounts HART determines must be distributed to homeowners.

## COUNT I

### Cause of Action Against the City of Philadelphia and TLH TD PROPERTIES, LLC. Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution

42. Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

43. At all times material to this Complaint, defendants the **City** and **TLH** knew or had reason to know that the county assessed value of the Plaintiff's **1721** real property was, on the date that it was put up for auction, **$118,000.00.** The **City,** and all the Defendants, including **TLH,** knew that the **Rooker-Feldman Doctrine** would provide them with immunity from civil prosecution if action was taken claiming that they conspired to deprive the Plaintiff of the Equity in the **1721** property.

44. On **February 21st, 2025,** the **City** with aid of Defendant **TLH** took **$118,000.00** of equity owned by the Plaintiff to satisfy a **$10,287.54 tax debt,** and the **City** retained all of the surplus value or allowed **TLH** to take it in violation of the "takings clause" under the Fifth and Fourteenth Amendments of the United States Constitution knowing that the **Rooker-Feldman Doctrine** shielded them from civil prosecution for the "judicial taking" resulting from their pre-judgment lack of proper notice under Pennsylvania Law.

45. The **City** and **TLH** knowingly and intentionally engaged in and executed a scheme to deprive Plaintiff of his Due Process Rights to **proper notice** under Pennsylvania Law prior to the subsequent "judicial taking" of Plaintiff's Equity in the **1721** property.

46. The Plaintiff is entitled to damages for the **City** and **TLH's** deprivation of his Due Process Rights.

**WHEREFORE, Plaintiff requests that this Court:**

1. Award Compensatory damages to Plaintiff against Defendants the **City** and **TLH** in the sum of **$118,000.00;**
2. Award Punitive damages to Plaintiff against Defendant **TLH** in a sum sufficient to punish its ill-gotten gains derived through its unconstitutional conduct which deprived Plaintiff of his inheritance in the **1721** property;
3. Award costs and attorney fees to Plaintiff; and
4. Award such other and further relief as this Court may deem appropriate.

## COUNT II

**Cause of Action Against the City of Philadelphia, Garcia, Zwolak, GRB, and Baker Under the Due Process Clause of the Fourteenth Amendment United States Constitution**

47. Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

48. At all times material to this Complaint, the **City** had a policy, custom, and practice which permitted Defendants **Garcia, Zwolak, GRB,** and **Baker** to knowingly and intentionally collect delinquent taxes from homeowners in violation of their Due Process Rights under the Fourteenth Amendment of the United States Constitution.

49. At all times material to this Complaint, the **City's** failure to train **Garcia, Zwolak, GRB** and **Baker** in the correct practice of their duties in exercising pre-judgment due process requirements when proceeding to foreclose on homes of delinquent tax payers, caused Plaintiff injury by denying him Due Process in the foreclosure of the **1721** property.

50. As a direct and proximate result of **GRB** and **Baker's** negligence in following the **NOTICE requirements** of **Pa. R.C.P. 430,** the Plaintiff was not given proper notice of the pending tax foreclosure proceedings leading to the decree to sale **1721.**

51. Defendants **City, Garcia, Zwolak, GRB,** and **Baker** collectively are directly and proximately liable for the lack of proper NOTICE to Plaintiff under **Pa. R.C.P. 430** resulting in the issuance of the decree to sale the **1721 property.**

**WHEREFORE, Plaintiff requests that this Court:**

1. Award Compensatory damages to Plaintiff against the **City, Garcia, Zwolak, GRB,** and **Baker** in the sum of **$118,000.00;**
2. Award Punitive damages to Plaintiff for Defendants **Garcia, Zwolak, GRB,** and **Baker's** conspiracy to deprive him of his inheritance without due process of law;
3. Award costs and attorney fees to Plaintiff; and
4. Award such other and further relief as the Court may deem appropriate.

## COUNT III

**Cause of Action Against the City, Garcia, Zwolak, Bilal, and Bid4Assets, Inc. for Conspiracy to Deprive Plaintiff of Due Process**

52. Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

53. At all times material to this Complaint, the Defendants the **City, Garcia, Zwolak, Bilal,** and **Bid4Assets, Inc.,** knowingly and intentionally conducted tax foreclosure proceedings and judicial sales of homeowner's property in a manner contrary to the **Pennsylvania Tax Sale Law("RETSL")** and they agreed to collectively deny Plaintiff due process by their pre-judgment conduct which resulted in his loss of his inheritance in the **1721 property.**

54. The Defendants collectively benefited financially from their successful pre-judgment violation of Plaintiff's Due Process rights resulting in the tax foreclosure sale of his interest

in the **1721** property. The proceeds from the sale of the **1721** property were distributed to the Defendants in the form of interest, fees, and bonuses for their successful collective effort in depriving the Plaintiff of Due Process.

**WHEREFORE, Plaintiff requests that this Court:**

1. Award Compensatory damages to Plaintiff against the Defendants the **City, Garcia, Zwolak, Bilal,** and **Bid4Assets, Inc.** in the sum of **$118,000.00;**
2. Award Punitive damages to Plaintiff Against Defendants **Garcia, Zwolak, Bilal,** and **Bid4Assets, Inc.** in a sum sufficient to punish their failure to follow the **RETSL** which has deprived Plaintiff of his inheritance in the **1721 property;**
3. Award costs and attorney fees to Plaintiff; and
4. Award such other and further relief as this Court may deem appropriate.

## COUNT IV

**Cause of Action Against City, Bilal, and Bid4Assets, Inc.**
**For Conspiring to Delay or Deprive Plaintiff of Excess Proceeds**
**From Tax Foreclosure Sale**

55. Paragraphs 1 through 41 are incorporated herein by reference as though fully set forth.

56. At all times material to this Complaint, **City, Bilal,** and **Bid4Assets, Inc.,** had lawful and legal possession and control over the monetary proceeds resulting from the tax foreclosure sales they conducted. They agreed amongst themselves to delay distribution of monies due plaintiff and other homeowners to benefit themselves through fees, bouses, and interest earned on short-term investment of the proceeds.

57. The distribution of the monetary proceeds collected pursuant to tax foreclosure sales is governed by the **RETSL** and more specifically, **Pa. Civ. R., 3136.**

58. **Bilal** claims that the **SHERIFF** adheres to and follows the law regarding distribution of "unused proceeds" of Sheriff Sales; however, this is a false claim because the **SHERIFF** routinely delays distribution of "unused proceeds" and in past cases has failed to return **hundreds of millions of dollars to homeowners.**

59. The Plaintiff was provided with a **"Proposed Schedule of Distribution – With Surplus,** in the case **1721**, wherein, it lists **"UNUSED PROCEEDS"** which the **SHERIFF** claimed was due for distribution to Plaintiff in the sum of **$25,972.76,** but the **SHERIFF** then claimed that it will be "6 months" to " 12 months" before any money is distributed to Plaintiff .

**WHEREFORE, Plaintiff requests that this Court:**

1. Award Compensatory damages to Plaintiff against Defendants **City, Bilal,** and **Bid4Assets, Inc.** in the sum of **$25,972.76** for its delay in distributing the proceeds determined were due Plaintiff;
2. Award Punitive damages to Plaintiff against Defendants **Bilal,** and **Bid4Assets, Inc.** in a sum of **$1,000,000.00** to punish their knowing and intentional conduct to delay and deny distribution of proceeds due Plaintiff as required by law;
3. Enjoin the Defendants illegal conduct;
4. Award costs and attorney fees to Plaintiff; and
5. Award such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON THOSE COUNTS WHICH HE MAY BE ENTITLED TO HAVE A TRIAL BY JURY.**

Respectfully demanded,

Brandon Ira Wilchcombe
c/o **Trust Management Associates, Inc.**
**1650 Market Street, Suite 3600**
**Philadelphia, PA 19103**
**Tel: (215) 665-5659**
**Email: trustmgtassoc@yahoo.com**

Dated: September 10th, 2026

# LETTERS OF ADMINISTRATION

## REGISTER'S OFFICE

PHILADELPHIA COUNTY, PA

No. A4634-2025

ESTATE OF MARY ELIZABETH WILCHCOMBE

Social Security No. 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

WHEREAS, MARY ELIZABETH WILCHCOMBE

late of 1721 NORTH HOLLYWOOD STREET, PHILADELPHIA, PA 19121

died on the 22nd day of July 2019;

and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, JOHN P. SABATINA, ESQ., Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration

to BRANDON WILCHCOMBE

who has duly qualified as Administrator of the estate of the above named decedent and has agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the 6th day of November 2025

Appendix "A"

Deputy Register

10-25(Rev 10/99)

14N14-291

No. 330-P — Fee Simple Deed — Typewriter
Tre & Zalam Co., 11 N. 11th St., Philadelphia

D-1637-573

# This Indenture Made the

day of [illegible] in the year of our Lord one thousand nine hundred and sixty-one. (1961) **Between** ENOCH McKNIGHT and ELIZABETH McKNIGHT, his wife, of the City and County of Philadelphia, Commonwealth of Pennsylvania,

(hereinafter called the Grantor s), of the one part, and ARTHUR E. WHITCHCOMBE, and MARY WHITCHCOMBE, his wife, of the City and County of Philadelphia, Commonwealth of Pennsylvania,

(hereinafter called the Grantees ), of the other part;

**Witnesseth,** That the said Grantors for and in consideration of the sum of FIVE THOUSAND, SIX HUNDRED ($5,600.00) DOLLARS, lawful money of the United States of America, unto them well and truly paid by the said Grantee s at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, ha ve granted, bargained, sold, aliened, enfeoffed, released and confirmed, and by these presents do grant, bargain, sell, alien, enfeoff, release and confirm unto the said Grantee s, their heirs and Assigns, as Tenants by Entireties,

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, SITUATE on the Easterly side of Hollywood Street at the distance of One hundred forty-six feet six inches Northwardly from the Northerly side of Columbia Avenue in the Twenty-ninth Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Hollywood street, Fourteen feet, two inches and extending Eastwardly of that width in length or depth between parallel lines at right angles to the said Hollywood Street, Fifty-three feet to a certain three feet wide alley leading Southwardly from Glenwood Avenue and communicating with another two feet, six inches wide alley leading Westwardly into the said Hollywood Street and Eastwardly into Twenty-ninth Street. Being Known as No. 1721 North Hollywood Street.

BEING the same premises which Henry Maier, et.ux., by Indenture bearing date the Fifteenth day of February, A.D. 1954, and recorded February 16, 1954, at Philadelphia, in Deed Book M.L.S. No. 502, page 525, granted and conveyed unto Enoch McKnight and Elizabeth, his wife, in fee.

TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alley as and for passageways and watercourses at all times hereafter forever.

AND

Appendix "B" 1/3

D-1637-574

**Together** with all and singular the buildings, improvements, ways, streets, alleys, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, property, claim and demand whatsoever of the said Grantors in law, equity, or otherwise howsoever, of, in, and to the same and every part thereof.

**To have and to hold** the said lot or piece of ground above described with the buildings and improvements thereon erected, hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantees, their heirs and Assigns, to and for the only proper use and behoof of the said Grantees, their heirs and Assigns forever, as Tenants by Entireties.

**And** the said Grantors, for themselves, their Heirs, Executors, and Administrators do by these presents covenant, grant and agree, to and with the said Grantees, their heirs and Assigns, that they, the said Grantors, their Heirs, all and singular the hereditaments and premises herein described and granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantees, their heirs and Assigns, against them, the said Grantors, their Heirs, and against all and every other Person and Persons whomsoever lawfully claiming or to claim the same or any part thereof, by, from or under him, her, them, or any of them, Shall and Will WARRANT and forever DEFEND.

**In Witness Whereof** the said parties of the first part to these presents have hereunto set their hand s and seals. Dated the day and year first above written.

The State and City Stamps affixed represent full consideration including liens and encumbrances.

Signed, Sealed and Delivered IN THE PRESENCE OF US:

ENOCH McKNIGHT (SEAL)

ELIZABETH McKNIGHT (SEAL)

(SEAL)

2/3

COMMONWEALTH OF PENNSYLVANIA }
COUNTY OF Philadelphia } SS.

D-1637-575

On this, the [illegible] day of [illegible] 1961, before me, a Notary Public for the Commonwealth of Pennsylvania, the undersigned officer, personally appeared Grantors, Enoch McKnight and Elizabeth, his wife, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

[signature]

CHARLES S. MARTIN, Notary Public
PHILA., PHILA. COUNTY, PA.
My Commission Expires Jan. 7, 1963

COMMONWEALTH LAND TITLE INSURANCE COMPANY C-45151-M

Deed

284553-2

ENOCH McKNIGHT ET. UX.

TO

ARTHUR E. WILLCHCOMBE ET. UX.

PREMISES
1721 N. Hollywood Street,
29th Ward - Philadelphia.

J. RAYMOND KENNEY CO.,
REAL ESTATE and INSURANCE
2840 West Columbia Avenue
Phila., 21, Pa.

001156



J 18701

The residence of the within-named Grantee is [signature]
On behalf of said Grantee

3/3

City of Philadelphia

CITY OF PHILADELPHIA
DEPARTMENT OF REVENUE

09/

1721 N HOLLYWOOD ST
PHILADELPHIA PA 19121-2723
OPA Number: 324186300
Owner: TLH TD PROPERTIES LLC
Account Includes 1997 Lien Sale: N

| Year | Principal | Interest | Penalty | Other | Credit | Total | Docket Number | City Solicitor | $ |
|---|---|---|---|---|---|---|---|---|---|
| 2010 | $290.89 | $0.00 | $0.00 | $0.00 | -$290.89 | $0.00 | | | |
| 2011 | $319.69 | $0.00 | $0.00 | $0.00 | -$319.69 | $0.00 | | | |
| 2012 | $332.01 | $0.00 | $0.00 | $0.00 | -$332.01 | $0.00 | | | |
| 2013 | $343.94 | $0.00 | $0.00 | $0.00 | -$343.94 | $0.00 | | | |
| 2014 | $333.66 | $0.00 | $0.00 | $0.00 | -$333.66 | $0.00 | | | |
| 2015 | $333.66 | $0.00 | $0.00 | $0.00 | -$333.66 | $0.00 | | | |
| 2016 | $299.66 | $0.00 | $0.00 | $0.00 | -$299.66 | $0.00 | | | |
| 2017 | $299.66 | $0.00 | $0.00 | $0.00 | -$299.66 | $0.00 | | | |
| 2018 | $299.56 | $0.00 | $0.00 | $0.00 | -$299.56 | $0.00 | | | |
| 2019 | $690.61 | $248.64 | $48.37 | $930.30 | $0.00 | $1,917.92 | 2002R19454090 | MARCEL S. PRATT | GR |
| 2020 | $686.21 | $185.04 | $47.95 | $267.21 | $0.00 | $1,186.41 | 2102R20498152 | DIANA CORTES | GR |
| 2021 | $713.11 | $128.40 | $49.91 | $268.88 | $0.00 | $1,160.00 | 2202R21641972 | DIANA CORTES | GRI |
| 2022 | $713.11 | $80.25 | $0.00 | $250.82 | $0.00 | $1,044.18 | 2301R22061680 | DIANA CORTES | GRI |
| 2023 | $1,136.64 | $127.80 | $22.74 | $357.26 | $0.00 | $1,644.44 | 2404R23017118 | Renee Garcia | GRE |
| 2024 | $1,256.99 | $84.78 | $87.92 | $106.45 | $0.00 | $1,535.14 | 2501R24020377 | Renee Garcia | GRE |
| 2025 | $1,651.77 | $148.68 | $0.00 | $0.00 | $0.00 | $1,800.45 | | | |
| | $9,698.97 | $1,003.59 | $256.89 | $2,180.62 | -$2,852.53 | $10,287.54 | | | |

Appendix "C"

| BOOK NO | PAGE NO |
|---|---|
| DATE RECORDED | |
| CITY TAX PAID | |

# PHILADELPHIA REAL ESTATE TRANSFER TAX CERTIFICATION

Complete each section and file in duplicate with Recorder of Deeds when (1) the full consideration/value is/is not set forth in the deed, (2) when the deed is with consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

**A. CORRESPONDENT - All inquiries may be directed to the following person:**

| NAME | TELEPHONE NUMBER |
|---|---|
| Sheriff of the County of Philadelphia | (215) 686-3530 |

STREET ADDRESS CITY STATE ZIP CODE Land Title Building100 South Broad Street 5th Floor Philadelphia PA 19110

**B. TRANFER DATA** — DATE OF ACCEPTANCE OF DOCUMENT

| GRANTOR(S)/LESSOR(S) | GRANTEE(S)/LESSEE(S) |
|---|---|
| ROCHELLE BILAL, Sheriff | TLH TD PROPERTIES, LLC |
| STREET ADDRESS: Land Title Building100 South Broad Street 5th Floor | STREET ADDRESS: 10 STERLING BOULEVARD |
| CITY: Philadelphia STATE: PA ZIP CODE: 19110 | CITY STATE ZIP CODE: ENGLEWOOD, NJ 07631 |

**C. PROPERTY LOCATION**

| STREET ADDRESS | | CITY, TOWNSHIP, BOROUGH |
|---|---|---|
| 1721 NORTH HOLLYWOOD STREET | | PHILADELPHIA |
| COUNTY: PHILADELPHIA | SCHOOL DISTRICT: PHILADELPHIA | TAX PARCEL NUMBER: 324185300 |

**D. VALUATION DATA**

| 1. ACTUAL CASH CONSIDERATION | 2. OTHER CONSIDERATION | 3. TOTAL CONSIDERATION |
|---|---|---|
| $47,800.00 | + $0.00 | = $47,800.00 |
| 4. COUNTY ASSESSED VALUE | 5. COMMON LEVEL RATIO FACTOR | 6. FAIR MARKET VALUE |
| $118,000.00 | x 1.00 | = $118,000.00 |

**E. EXEMPTION DATA**

| 1A. AMOUNT OF EXEMPTION | 1B. PERCENTAGE OF INTEREST CONVEYED | Transfer Tax City: $3,868.04<br>Transfer Tax State: $1,180.00 |
|---|---|---|
| | | |

2. Check Appropriate Box Below for Exemption Claimed

- ☐ Will or intestate succession ______________ (NAME OF DECEDENT) (ESTATE FILE NUMBER)
- ☐ Transfer to Industrial Development Agency.
- ☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).
- ☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $
- ☐ Transfer to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).
- ☑ Transfer from mortgagor to a holder of a mortgage in a default. Mortgage Book Number ______, Page Number ______ Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).
- ☐ Corrective deed (Attach copy of the prior deed).
- ☐ Other (Please explain exemption claimed, if other than listed above.)

Appendix "D"

*Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.*

| SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY | DATE |
|---|---|
| | |

Unofficial Copy

Filed and Attested by the Office of Judicial Records 23 MAY 20[illegible] 03:[illegible] pm
[illegible] RICE
OFFICE OF JUDICIAL RECORDS · JUDICIAL DISTRICT OF PENNSYLVANIA

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

CITY OF PHILADELPHIA,

Petitioner,

vs.

ARTHUR E. WILCHCOMBE AND
MARY WILCHCOMBE,

Respondent(s).

APRIL TERM, 2024

NO. T0017

**AFFIDAVIT OF SERVICE OF MAILING**
**PETITION AND RULE**

Pursuant to the Act of Assembly of May 16, 1923, P.L. 207, 53 P.S. §§7193.2 (a) and (b) and 7283, its amendments and supplements, GRB Law, on behalf of Petitioner, the City of Philadelphia, caused a true and correct copy of its Petition for Rule to Show Cause why property should not be sold free and clear of all respective claims, liens, mortgages, ground rents, charges and estates, and the Rule entered thereon, for the property located at 1721 North Hollywood Street to be served via first class mail, postage prepaid, upon all Respondents on the 19th day of April, 2024, and via certified mail, return receipt requested, postage prepaid upon all Respondents on the 19th day of April, 2024 as follows:

ARTHUR E. WILCHCOMBE
WITH NOTICE TO HEIRS & ASSIGNS
1721 NORTH HOLLYWOOD STREET
PHILADELPHIA, PA 19121

MARY WILCHCOMBE
WITH NOTICE TO HEIRS & ASSIGNS
1721 NORTH HOLLYWOOD STREET
PHILADELPHIA, PA 19121

Appendix "B" 1/2

PA DEPARTMENT OF REVENUE
BUREAU OF COMPLIANCE
DEPT. 281230
HARRISBURG, PA 17128-1230

CURRENT OCCUPANT/TENANT
1721 NORTH HOLLYWOOD STREET
PHILADELPHIA, PA 19121

Respectfully submitted,

By: G V Baker Jr.

George V. Baker, Jr., Esquire
Pa. I.D. #84836
Jane C. Schleichter, Esquire
Pa. I.D. #92144
Goehring, Rutter & Boehm
d/b/a GRB Law
1425 Spruce Street
Suite 100
Philadelphia, PA 19102
(215) 735-1910
*Attorneys for Petitioner*

Philadelphia Court of Common Pleas

Filed and Attested by the Office of Judicial Records 01 ... 2024 ... am ... KALOGRE...

**BRT/OPA #:** 324185300
**Property Address:** 1721 North Hollywood Street, Philadelphia, PA 19121

CITY OF PHILADELPHIA,
Petitioner,

vs.

ARTHUR E. WILCHCOMBE AND MARY WILCHCOMBE,
Respondent(s).

APRIL TERM, 2024

NO. T0017

**Special Instruction: POST**

Petition/Rule Returnable [X]
Decree [ ]
Other [ ]

| | |
|---|---|
| Attorney's Name: | George V. Baker, Jr., Esquire |
| Address: | GRB Law<br>1425 Spruce Street, Suite 100 |
| City & State Zip: | Philadelphia, PA 19102-4503 |
| Telephone: | (215) 735-1910 |

[✓] Most public part of property posted. FRONT DOOR
[ ] On stake, front and center of vacant lot.

Date: 5-4-24 5-4-24 10:31 AM

[ ] Other.

**I VERIFY that: 1) I am a competent adult over the age of eighteen, 2) I am not a party to this action, not an employee of a party in the action or of an attorney to the action, and 3) that all of the statements made herein are true and correct and I acknowledge that I am subject to the penalties of 18 PA C.S. §4904 relating to Unsworn Falsification to Authorities.**

[signature]
Signature of Server

**Print or Type:**

**Name of Server:** [signature]
**Philadelphia Writ Service**
1080 N Delaware Ave, Suite 504
Philadelphia, PA 19125
(215) 925-6400

Appendix "F" 1/2

Case ID: 240400017



Filed and Attested by the
Office of Judicial Records
01 [illegible] am

App. "F" 2/2

Case ID: 2404T0017

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

Filed and Attested by the Office of Judicial Records 14 ... am RUSSO
OFFICE OF JUDICIAL RECORDS ... JUDICIAL DISTRICT OF PENNSYLVANIA

CITY OF PHILADELPHIA,

Petitioner,

APRIL TERM, 202

vs.

NO. 2404T0017

ARTHUR E. WILCHCOMBE AND MARY WILCHCOMBE,

Respondent(s).

## AFFIDAVIT OF SERVICE
### Decree and Notice of Sale

Pursuant to the Act of Assembly of May 16, 1923, P.L. 207, 53 P.S.§7193.2(c), on January 8, 2025 GRB Law, on behalf of Petitioner, the City of Philadelphia, caused a true and correct copy of its Decree and notice of the February 21, 2025 Sheriff's Sale scheduled to take place at 10:00am, through an Online Virtual Sale at www.bid4assets.com/philadelphia for the property located at 1721 NORTH HOLLYWOOD STREET, to be served via first class mail, postage prepaid, upon the following, being all parties served with the Petition and Rule, any parties whose interest appeared of record after the filing of the Petition and any creditor who has obtained judgment against the owner of the property prior to the date of the Decree:

ARTHUR E. WILCHCOMBE
WITH NOTICE TO HEIRS & ASSIGNS
1721 NORTH HOLLYWOOD STREET
PHILADELPHIA, PA 19121

MARY WILCHCOMBE
WITH NOTICE TO HEIRS & ASSIGNS
1721 NORTH HOLLYWOOD STREET
PHILADELPHIA, PA 19121

PA Department of Revenue
Bureau of Compliance
Dept. 281230
Harrisburg, PA 17128-1230

CURRENT OCCUPANT/TENANT
1721 NORTH HOLLYWOOD STREET
PHILADELPHIA, PA 19121

City of Philadelphia Law Department
James Zwolak, Esquire
Divisional Deputy City Solicitor
1401 JFK Boulevard, 5th Floor
Philadelphia, PA 19102

Philadelphia Gas Works
Correspondence Department
P.O. Box 3500
Philadelphia, PA 19122

Commonwealth of Pennsylvania
Department of Welfare
P.O. Box 2675
Harrisburg, PA 17105-2675

Tactical Enforcement Unit
1501 Arch Street - 12th Floor
Philadelphia, PA 19102

BRT# 324185300

Appendix "G" 1/2

Respectfully submitted,

By: GVBaker Esq.

George V. Baker, Jr., Esquire
Pa. I.D. #84836
Jane C. Schleichter, Esquire
Pa. I.D. #92144
Goehring, Rutter & Boehm
d/b/a GRB Law
1425 Spruce Street, Suite 100
Philadelphia, PA 19102
(215) 735-1910
*Attorneys for Petitioner*

BRT# 324185300

App. "G" 2/3

2502 - 4056

# SHERIFF'S SALE

By virtue of a Writ of Decree will be exposed to

## PUBLIC SALE

## Friday, February 21, 2025

## at 10:00 AM

## Via Virtual Platform at

## Bid4Assets.com/Philadelphia

## Philadelphia Sheriff's Office

## Land Title Building

## 100 South Broad Street, 5th Floor

32ND Ward — Sq Ft: 14' 2" X 53'

OPA# 324185300

PROPERTY ADDRESS:

1721 NORTH HOLLYWOOD STREET, PHILADELPHIA, PA 19121

RECORD OWNER:

ARTHUR E. WILCHCOMBE AND MARY WILCHCOMBE

REAL DEBT: $ 6,452.34

C.P.: APRIL TERM, 2024 SUIT NO. 2404T0017

ATTORNEY GRB LAW

Rochelle Bilal, Sheriff

Land Title Building, 100 South Broad Street, 5th Floor, 686-3535

Under Provisions of Act of Assembly of May 16, 1928, P.L. 207, as amended, which provides that purchaser takes property free and clear of all liens and encumbrances, subject only to rights of redemption.

**NOTICE**

A schedule of distribution will be on file in the Office of the Sheriff, 100 South Broad Street, 5th Floor, thirty (30) days after date of sale, and distribution will be made in accordance with that schedule unless exceptions are filed in writing within ten (10) days thereafter with the Sheriff.

App. "G" — 3/3

2502 - 4056

# SHERIFF'S SALE

**By virtue of a Writ of Decree will be exposed to**

## PUBLIC SALE

**Friday, February 21, 2025**
**at 10:00 AM**
**Via Virtual Platform at**
**Bid4Assets.com/Philadelphia**
**Philadelphia Sheriff's Office**
**Land Title Building**
**100 South Broad Street, 5th Floor**

32ND Ward — Sq Ft: 14' 2" X 53'
OPA# 324185300
PROPERTY ADDRESS:
1721 NORTH HOLLYWOOD STREET, PHILADELPHIA, PA 19121

RECORD OWNER:
ARTHUR E. WILCHCOMBE AND MARY WILCHCOMBE

REAL DEBT: $ 6,452.34
C.P.: APRIL TERM, 2024 SUIT NO. 2404T0017

ATTORNEY GRB LAW

Rochelle Bilal, Sheriff
Land Title Building, 100 South Broad Street, 5th Floor, 686-3535

Under Provisions of Act of Assembly of May 16, 1928, P.L. 207, as amended, which provides that purchaser takes property free and clear of all liens and encumbrances, subject only to rights of redemption.

**NOTICE** A schedule of distribution will be on file in the Office of the Sheriff, 100 South Broad Street, 5th Floor, thirty (30) days after date of sale, and distribution will be made in accordance with that schedule unless exceptions are filed in writing within ten (10) days thereafter with the Sheriff.

Appendix "H"

## Conditions of Sheriff Sale for JUDICIAL/TAX SALES

d on the health and safety recommendations of the Centers for Disease Control and Prevention (CDC) and Pennsylvania Department of Health (Department of Health) due to the COVID-19 pandemic, the scheduled sale shall be conducted virtually at Bid4Assets.com (Bid4Assets)
dders must complete the Bid4Assets on-line registration process to participate in the auction (Auction). All bidders must submit a One Thousand Five Hundred Dollars ($1,500.00) deposit (Deposit) plus a Thirty-Five Dollars ($35.00) processing fee to Bid4Assets before the star
ach single Deposit shall be associated with the Auction held as of this date (Auction Date) and shall allow a bidder to bid on all of the properties that are listed on the Auction Date.
operties are sold AS IS with NO expressed or implied warranties or guarantees whatsoever. The Sheriff and Bid4Assets shall not be liable as a result of any cause whatsoever for any loss or damage to the properties sold. In anticipation of participating in the Auction and purch
e bidder assumes all responsibility for due diligence. It is the responsibility of the bidder to investigate any and all liens, encumbrances and/or mortgages held against the property which may not be satisfied by the post-sale Schedule of Proposed Distribution under Pa.R.C.P.
of Proposed Distribution).

pening bid for all tax delinquent properties will be One Thousand Six Hundred Dollars ($1,600.00). The opening bid for tax lien auctions will vary (see auctions for details). By close of business the day after the auction, the purchaser is responsible for 10% of the purchase price fo
rchased or $600 whichever is greater. Plus a buyer's premium of 10% of the total purchase price of each property purchased. The purchaser shall pay the balance of 90% of the purchase price for each property purchased plus a $35 processing fee by 5:00PM EST on the fifteenth
y following the Auction Date unless that day falls on a holiday or weekend day, then the balance is due on the next business day by 5:00PM EST.
e to comply with the Conditions of Sale including, but not limited to, the failure to pay the remaining balance by any due date (the 10% down payment due date is the day following the auction; the 90% balance due date is 15 days after the auction date) and complying with all pos
required by the Sheriff and Bid4Assets, shall result in a default (Default) and the down payment shall be forfeited by the bidder.
ghest bidder shall be responsible for any and all post sale costs that are imposed by law, which are incurred by the Sheriff. Please be advised that Realty Transfer Taxes have been calculated and included in the bid amount.
auction that results in a third-party sale, the bidder who was directly outbid by the highest bidder will be given the option to register as a second bidder. If the second bidder accepts this option, he/she agrees to purchase the property for the same price as the highest bidder. The
shall deposit 10% of the purchase price by 5:00PM EST on the first (1st) business day following the auction date. On that date the second bidder will be notified of the status of the winning bidder's deposit, and shall be told his/her 10% will be kept on deposit. The second bidder
he/she is liable for the 90% balance fifteen (15) calendar days from this date. If the highest bidder does not comply, if the highest bidder did not complete the sale, second bidder will have five (5) calendar days to complete the sale. If that 5th day falls on a holiday or weekend day,
is due on the next business day by 5:00PM EST. If the second bidder is non-compliant he/she will forfeit his/her deposit to Sheriff. If the highest bidder completes the transaction, the second bidder will get his/her deposit refunded within 10 business days.
eriff's Office, in its sole discretion, may cancel the sale after the auction closes for any reason.
eriff, pursuant to Court Order, may cancel the sale after the Auction closes for any reason.
services, pursuant to Court Order, may cancel the sale after the Auction closes for any reason.
ding after the minimum bid, as described in Paragraph 4, shall be in increments of at least One Hundred Dollars ($100.00)
nning bidder must file a certificate of compliance with the Philadelphia Sheriff's Office.
ees must file a certificate of compliance with the Philadelphia Sheriff's Office. If the Sheriff's grantee is to be anyone other than the winning bidder registered with Bid4Assets, a notarized written assignment must be filed with the Sheriff's Office of Philadelphia. Both the bi
riff will not acknowledge a deed poll to any individual or entity using an unregistered fictitious name and may, at the discretion of the Sheriff, require proof of identity of the purchaser or the registration of fictitious names. Failure of either the bidder or the assignee to obtain a certificate of compliance will be treated as a failure to meet the conditions of sale and result in the forfeiture of the 10% deposit. The bid of an unregistered fictitious name shall be forfeited a
ed to meet the terms of sale.
riff reserves the right to refuse purchase from bidders who have failed to enter deposits, failed to make settlement or for any other reason at Sheriff's sole discretion and further reserves the right to deny access to future sales for a period of time as determined by the Sheriff.
riff will file in the Prothonotary's office a Schedule of Distribution Thirty (30) Days from the date of sale of Real Estate. Distribution will be made in accordance with the Schedule unless exceptions are filed thereto within Ten (10) days thereafter. Any balance exceeding the payouts
of Distribution and Exceptions thereto, shall be paid to the homeowner at the time of sale.
perties at today's sale may be subject to a right of redemption, meaning the property owner or other parties of legal interest in the property may file a petition to get the property back after the sale. Generally there are 9 months to redeem the property from the date the Sheriff's off
the deed for non-vacant properties. We cannot provide any advice as to whether a right to redeem exists on a specific property. If you have questions regarding redemption and protecting your rights we advise that you speak to an attorney.
adelphia Land Bank will be bidding on certain properties that have been identified on the Sheriff Sale list. The Land Bank's bids are known as priority bids, which are authorized by the Commonwealth Land Bank Act. The properties the Land Bank will be bidding on are being offer
City's opening bid. However, because the Land Bank has the exclusive right to acquire those properties, no bids other than the Land Bank bids will be accepted.
a Sheriff's Deed Poll is issued to the winning bidder, he/she becomes the official new owner of the property. If the property is occupied, the new owner must start a judicial procedure for ejectment to have the occupant removed.
les are conducted pursuant to Pennsylvania Rules of Civil Procedure and the local rules of the City and County of Philadelphia.

L, Sheriff
y of Philadelphia
hiladelphiaSheriff.com

Appendix "I"

07/08/2025 02:16 PM Doc Id: 54442803
Receipt#: 25-55943 Page 1 of 6 Rec Fee: $274.75
Records Department Doc Code: DS 2502-4056
State RTT: $1,180.00 Local RTT: $3,868.04

# Know all Men by these Presents

*THAT I, ROCHELLE BILAL, Sheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, for and in consideration of the sum of **Forty Seven Thousand Eight Hundred Dollars and Zero Cents** [$47,800.00] dollars, to me in hand paid, do hereby grant and convey to TLH TD PROPERTIES, LLC*

**DESCRIPTION**

BRT#: 324185300

Premises Being: 1721 NORTH HOLLYWOOD STREET PHILADELPHIA, PA 19121

SEE THE ATTACHED LEGAL DESCRIPTION

Unofficial Copy

Appendix "J"

1/6

*The same having been sold, on the 21st day of February Anno Domini 2025, after due advertisement, according to the law, under and by virtue of a Writ of Execution/DECREE issued out of the Court of COMMON PLEAS as of Term APR 2024, Number T0017 as the suit of:*

CITY OF PHILADELPHIA

VS.

ARTHUR E. WILCHCOMBE AND MARY WILCHCOMBE

In witness whereof, I have hereunto affixed my signature this 2nd day of July Anno Domini 2025.

SEALED AND DELIVERED IN THE PRESENCE OF:

Witness

ROCHELLE BILAL, SHERIFF

Witness

BY

*Tariq Karim El-Shabazz, Esq*

Tariq El-Shabazz, Esq.- Undersheriff

Unofficial Copy

Commonwealth of Pennsylvania

County of Philadelphia

On this, the 2nd July 2025, before me, the undersigned Officer, personally appeared ROCHELLE BILAL, BY HIS/HER UNDERSHERIFF Tariq El-Shabazz, Esq, Sheriff of the County of Philadelphia, known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he/she executed the same in the capacity therein stated and for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

Kara Kalogrias

*Office of Judicial Records*
*Kara Kalogrias, Deputy Director*

FIRST JUDICIAL DISTRICT OF PA ★ OFFICE OF JUDICIAL RECORDS ★ COMMONWEALTH OF PENNSYLVANIA

Unofficial Copy

Book & Writ No. 2502-4056

**Deed — Poll**

ROCHELLE BILAL, SHERIFF
To
ELH TD PROPERTIES, LLC

...ITY OF PHILADELPHIA

APR 2024

No. 2404-1017

E. WILCHCOMBE AND MA... WILCHCOMBE

Premises:
1721 NORTH HOLLYWOOD STREET
PHILADELPHIA, PA 19121

Sheriff of the County of Philadelphia

...of the within-named Grantee
...G BOULEVARD

...D. No. 17631
...the Grantee

Inspector David Fallen
Witness
Real Estate/Settlement Dept.

Land Title Building

100 South Broad Street 5th Floor
Philadelphia, PA 19110

BILAL, SHERIFF
Sheriff Office

DEPARTMENT OF REVENUE
Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

# REALTY TRANSFER TAX STATEMENT OF VALUE

See reverse for instructions.

RECORDER'S USE ONLY
State Tax Paid
Book Number
Page Number
Date Recorded

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

## A. CORRESPONDENT - All inquiries may be directed to the following person:

Name: Sheriff of the County of Philadelphia

Mailing Address: Land Title Building 100 South Broad Street 5th Floor

City: Philadelphia

Telephone Number: (215) 686-3530

State: PA

ZIP Code: 19110

## B. TRANSFER DATA

Date of Acceptance of Document

Grantor(s)/Lessor(s): ROCHELLE BILAL, Sheriff

Mailing Address: Land Title Building 100 South Broad Street 5th Floor

City: Philadelphia State: PA ZIP Code: 19110

Grantee(s)/Lessee(s): TLH TD PROPERTIES, LLC

Mailing Address: 10 STERLING BOULEVARD

City: ENGLEWOOD, NJ 07631 State ZIP Code

## C. REAL ESTATE LOCATION

Street Address: 1721 NORTH HOLLYWOOD STREET

City, Township, Borough: PHILADELPHIA

County: Philadelphia

School District: PHILADELPHIA

Tax Parcel Number: 324185300

## D. VALUATION DATA

Was transaction part of an assignment or relocation?

| | | |
|---|---|---|
| 1. Actual Cash Consideration<br>$17,800.00 | 2. Other Consideration<br>$0.00 | 3. Total Consideration<br>$17,800.00 |
| 4. County Assessed Value<br>$118,000.00 | 5. Common Level Ratio Factor<br>x 1.00 | 6. Computed Value<br>$118,000.00 |

## E. EXEMPTION DATA - Refer to instructions for exemption status.

| | | |
|---|---|---|
| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |

2. Check Appropriate Box Below for Exemption Claimed.

- ☐ Will or intestate succession. (Name of Descendant) (Estate File Number)
- ☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)
- ☐ Transfer from a trust. Date of transfer into trust
- ☐
- ☐ If trust was amended attach a copy of original and amended trust.
- ☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)
- ☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)
- ☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)
- ☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)
- ☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)
- ☐ Other (Please explain exemption claimed.)

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

Signature of Correspondent or Responsible Party: Stephanie Cruz

Date: July 2, 2025

FAILURE TO COMPLETE THIS FORM PROPERLY...

BOOK NO PAGE NO

# PHILADELPHIA REAL ESTATE TRANSFER TAX CERTIFICATION

DATE RECORDED

CITY TAX PAID

Complete each section and file in duplicate with Recorder of Deeds when (1) the full consideration/value is/is not set forth in the deed, (2) when the deed is with consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

**A. CORRESPONDENT – All inquiries may be directed to the following person:**

NAME
Sheriff of the County of Philadelphia

TELEPHONE NUMBER
(215) 686-3530

STREET ADDRESS CITY STATE ZIP CODE Land Title Building100 South Broad Street5th Floor Philadelphia PA 19110

**B. TRANFER DATA**

DATE OF ACCEPTANCE OF DOCUMENT

GRANTOR(S)/LESSOR(S)
ROCHELLE BILAL, Sheriff

STREET ADDRESS
Land Title Building100 South Broad Street 5th Floor

CITY Philadelphia STATE PA ZIP CODE 19110

GRANTEE(S)/LESSEE(S)
TLH TD PROPERTIES, LLC

STREET ADDRESS
10 STERLING BOULEVARD

CITY STATE ZIP CODE
ENGLEWOOD, NJ 07631

**C. PROPERTY LOCATION**

STREET ADDRESS
1721 NORTH HOLLYWOOD STREET

CITY, TOWNSHIP, BOROUGH
PHILADELPHIA

COUNTY
PHILADELPHIA

SCHOOL DISTRICT
PHILADELPHIA

TAX PARCEL NUMBER
324185300

**D. VALUATION DATA**

1. ACTUAL CASH CONSIDERATION: $47,800.00
2. OTHER CONSIDERATION: + $0.00
3. TOTAL CONSIDERATION: = $47,800.00
4. COUNTY ASSESSED VALUE: $118,000.00
5. COMMON LEVEL RATIO FACTOR: x 1.00
6. FAIR MARKET VALUE: = $118,000.00

**E. EXEMPTION DATA**

1A. AMOUNT OF EXEMPTION

1B. PERCENTAGE OF INTEREST CONVEYED

2. Check Appropriate Box Below for Exemption Claimed

Transfer Tax City: $3,868.04
Transfer Tax State: $1,180.00

- ☐ Will or intestate succession ______________________ (NAME OF DECEDENT) (ESTATE FILE NUMBER)
- ☐ Transfer to Industrial Development Agency.
- ☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).
- ☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $
- ☐ Transfer to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).
- ☒ Transfer from mortgagor to a holder of a mortgage in a default. Mortgage Book Number Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).
- ☐ Corrective deed (Attach copy of the prior deed).
- ☐ Other (Please explain exemption claimed, if other than listed above.)

Page Number

*Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.*

SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY

Unofficial Copy

...2023 02:16 PM

| | |
|---|---|
| Frontage: | 14 FEET |
| OPA #: | 324185300 |

## LEGAL DESCRIPTIONS

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, SITUATE on the Easterly side of Hollywood Street at the distance of One hundred forty-six feet Six inches Northwardly from the Northerly side of Columbia Avenue in the Twenty-ninth Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Hollywood Street, Fourteen feet, Two inches and extending Eastwardly of that width in length or depth between parallel lines at right angles to the said Hollywood Street, Fifty- three feet to a certain three feet wide alley leading Southwardly from Glenwood Avenue and communicating with another two feet, six inches wide alley leading Westwardly into the said, Hollywood Street and Eastwardly into Twenty-ninth Street.

TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alley as and for passageways and watercourses at all times hereafter forever.

The improvements thereon being known as 1721 North Hollywood Street, Philadelphia, Pennsylvania - 19121-2723.

Being the same property which by Deed dated June 2, 1961 and recorded June 5, 1961, among the Land Records of Philadelphia County, Pennsylvania in Book 1637, Page 573 granted and conveyed by ENOCH MCKNIGHT AND ELIZABETH MCKNIGHT, HIS WIFE unto ARTHUR E. WILCHCOMBE AND MARY WILCHCOMBE, HIS WIFE.

App. 8. 6/6

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | APRIL TERM, 2024 |
| v. | : | NO. T0017 |
| ARTHUR E. WILCHCOMBE & MARY WILCHCOMBE | : | Control No. 25087281 |

**_EX PARTE_ ORDER**

AND NOW, this 18th day of August 2025, upon consideration of Brandon Wilchcombe's Petition to Intervene filed under Control Number 25087281, it is hereby **ORDERED** and **DECREED** that the petition is **GRANTED** and the Intervenor has now been added to the case.

BY THE COURT:

Christopher R. Hall, J.

ORDER-City Of Philadelphia Vs Wilchcombe Etal [JYB]

24040001704014

Appendix "K"

(6)

IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CIVIL

City of Phila
Plaintiff

v.

Brandon Wilchcombe
Defendant

______ Term, 20____

No. 2404T0017

Control No. 087282

ORDER

AND NOW, this 3rd day of September 2025, upon consideration of the Motion/Petition to Redeem

any response thereto, it is ORDERED and DECREED that said Motion/Petition is DENIED, and

The Sheriff will prepare a distribution sheet as required by the Rules of Civil Procedure.

ORDER-City Of Philadelphia Vs Wilchcombe Etal [JYB]

24040001704023

BY THE COURT:

Christopher R. Hall
J.

[illegible]

2025 SEP -3 PM 4:21

Appendix "L"

[illegible] COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY, PENNSYLVANIA

WRIT OF EXECUTION
NO. 2404T0017 (2502-4056)

**Plaintiff**
CITY OF PHILADELPHIA

VS.

**Defendant**
ARTHUR E. WILCHCOMBE AND MARY WILCHCOMBE

| | |
|---|---|
| Location of Real Estate: | 1721 NORTH HOLLYWOOD STREET PHILADELPHIA PA 19121<br>OPA#: 324185300 |
| Sheriff Sale: | Friday, February 21, 2025 |
| Sold To: | TLH TD PROPERTIES, LLC |
| Winning Bid: | $47,800.00 |

**TRANSFER TAXES AND RECORDING FEES:**

| | | | | | |
|---|---|---|---|---|---|
| County Assessed Value | $118,000.00 | x 1.00 = | $118,000.00 | | |
| 3.278% Local Tax | | | | $3,86[illegible] | |
| 1.00% State Tax | | | | | |
| Recording Fees | | | | | |

Filed [illegible] by the Office [illegible] Records 14 [illegible] 325.04 am

**SHERIFF'S COSTS:**

| | | | |
|---|---|---|---|
| Sheriff Prothonotary, Acknowledge Deed | | $4.00 | |
| Advertising | | | |
| Sheriff's Fees | $126.20 | $126.20 | |
| | | $2,938.00 | $3,068.20 |

**MUNICIPAL LIENS:**

| | | |
|---|---|---|
| Delinquent Taxes | $8,101.70 | |
| Current Taxes | $1,651.77 | |
| Water | $2,514.89 | |
| PGW | $1,165.64 | |
| | | $13,434.00 |

**UNUSED PROCEEDS:**

| | | |
|---|---|---|
| TBD | | |
| Amount for Distribution | $25,972.76 | |
| | | $25,972.76 |
| **TOTAL AMOUNT OF DISTRIBUTION** | | $47,800.00 |

Appendix "M"

# PENNSYLVANIA

## OFFICE OF THE CONTROLLER

*Promoting honest, efficient, and fully accountable government*

## FORENSIC INVESTIGATION REPORT

## OFFICE OF THE PHILADELPHIA SHERIFF

**OCTOBER 2011**



Appendix "M" 1/6

# Deloitte Financial Advisory Services LLP

# Forensic Investigation Report

# Office of the Philadelphia Sheriff

# October 24, 2011

App. "N" 3/6

# Table of Contents

Table of Contents

I. BACKGROUND ........ 4

II. REACH/RCS SUSPECT or QUESTIONABLE ACTIVITY ........ 7

III. FINDINGS ........ 10

FORMER SHERIFF JOHN D. GREEN ........ 14

INTERRELATIONSHIP: REACH/RCS and SHERIFF'S OFFICE ........ 14

Pennsylvania Public Official and Employee Ethics Act ........ 17

The Philadelphia Ethics Code ........ 18

CONTRACTS ........ 19

LACK OF COOPERATION/SHERIFF'S OFFICE ........ 20

REACH ADVERTISING/LETTER AGREEMENTS ........ 20

REACH APPARENT OVERCHARGES ........ 22

Reach Overcharges/Websites ........ 24

Reach Overcharges/Production Costs ........ 26

Reach Overcharges/Newspapers ........ 27

Reach Overcharges/Impact on Homeowner ........ 28

Reach Non Payment of Media Expenses ........ 29

INTERNAL CONTROLS/EXCESS CHARGES ........ 29

SUSPECT CIRCUMSTANCES ........ 30

SETTLEMENT SERVICES ........ 31

SUSPECT CIRCUMSTANCES ........ 32

RCS FEES AND OTHER SERVICES ........ 34

SWEEP ACCOUNTS ........ 34

UNCLAIMED FUNDS/FINDERS ........ 38

REACH/UNCLAIMED FUNDS/STATE AUDIT ........ 41

OTHER FINDERS ........ 41

SUSPICIOUS CHECKS ........ 43

VOIDED CHECKS ........ 47

........ 49



App. "M" 36

CASH ADJUSTMENTS ........ 51
CASH RECEIPTS ........ 52
IV. DETAILED FINDINGS ........ 53
A. INTERRELATIONSHIPS: REACH/RCS - SHERIFF'S OFFICE ........ 53
OPERATIONS ........ 54
OTHER INTERELATIONSHIPS ........ 57
OUTSIDE INTERESTS ........ 57
ETHICS ........ 58
Pennsylvania Public Official and Employee Ethics Act ........ 58
The Philadelphia Ethics Code ........ 59
B. CONTRACTS ........ 60
BACKGROUND ........ 60
REACH CONTRACTS ........ 61
RCS SEARCHERS/GLOBAL ABSTRACT/ CITY LINE ABSTRACT/SECURITY SEARCH & ABSTRACT INC. ........ 63
APPROVAL PROCESS ........ 68
C. ADVERTISING ........ 70
REACH ADVERTISING EXPENSES ........ 70
COURT RULES/ADVERTISING ........ 70
REACH ADVERTISING LETTER AGREEMENTS ........ 70
Two Letter Agreements/Authenticity ........ 70
PRODUCTION COSTS/15% COMMISSION ........ 71
ANALYSIS ........ 72
REACH ADVERTISING CHARGES ........ 73
BREAKDOWN OF REACH ADVERTISING CHARGES ........ 74
ANALYSIS OF REACH INVOICES ........ 75
REACH ADVERTISING OVERCHARGES ........ 76
COMPARISON OF REACH INVOICES TO NEWSPAPER INVOICES ........ 77
PHILADELPHIA INQUIRER/ DAILY NEWS ........ 77
PREVIOUS REACH OVERCHARGES ........ 78
INTERNAL CONTROLS/REACH/EXCESS CHARGES ........ 79

IMPACT OF ADVERTISING EXPENSES /ATTEMPTS TO REDUCE ADVERTISING EXPENSES ..... 80

COLLECTION AND PAYMENT OF ADVERTISING EXPENSES ..... 83

D. INTERNAL CONTROL/RCS/EXCESS CHARGES ..... 85

SUSPECT CIRCUMSTANCES ..... 86

E. RCS SETTLEMENT SERVICES/CONTRACTS/DISTRIBUTION INSURANCE ..... 87

OTHER CLOSING SERVICES ..... 91

DISTRIBUTION POLICY INSURANCE/CONTRACTS ..... 91

REMUNERATION: DISTRIBUTION POLICY INSURANCE ..... 92

REMUNERATION: SETTLEMENT SERVICES and OTHER CLOSING COSTS ..... 93

Sheriff's Office Lack of Cooperation ..... 93

OTHER SOURCES ..... 94

DEED PREPARATION FEES ..... 96

PRECERTIFICATION ..... 97

RECERTIFICATION ..... 97

F. SETTLEMENT DISTRIBUTIONS ..... 98

SUSPECT CIRCUMSTANCES ..... 102

G. SWEEP ACCOUNTS ..... 103

H. SUSPICIOUS CHECKS ..... 107

I. FINDERS/UNCLAIMED FUNDS ..... 111

Background ..... 111

REACH ..... 112

OTHER FINDERS ..... 115

MONEY SERVICES INC, C/O CLAUDE B. CARTER, ALOTTA.EDU INC ..... 120

J. VOIDED CHECKS ..... 123

K. CASH ADJUSTMENTS ..... 126

L. CASH RECEIPTS ..... 129

V. PROCEDURES PERFORMED ..... 134

Exhibit List ..... 144

147. No one at the Sheriff's Office we interviewed could explain the source of the fourteen million dollars in the Capital Management Trust Fund, which we were told had been active since the late 1990's. We also asked why such a large deposit was made into the mortgage foreclosure account and were told the Sheriff's Office wanted to liquate the Trust Fund so all of the money was transferred to the mortgage foreclosure account.

148. We were advised by Sheriff's Office employees that the purpose of sweeping the accounts was to avoid transferring money to unclaimed fund accounts.

**UNCLAIMED FUNDS/FINDERS**

149. The average monthly balance in the Sheriff's Office three unclaimed funds bank accounts from 2006 through 2010 totaled $5,172,805. A primary source of these unclaimed funds was undistributed excess sales proceeds. These monies belonged to the evicted homeowner who was unaware of the existence of the monies, and the Sheriff was unable to locate the homeowner after eviction. As a consequence, the proceeds became unclaimed funds.

**REACH/UNCLAIMED FUNDS/STATE AUDIT**

150. The State Treasurer conducted an audit of the Sheriff's Office unclaimed property accounts in 2004 and a post audit examination in 2006. The state auditors were told by the Sheriff's Office that it relied on third parties as "finders" to locate former home owners entitled to excess proceeds because the Sheriff's Office did not have a duty to locate former owners. Reach was one of these finders.

151. Darrell Stewart told us that the Sheriff's Office employed RCS and other title insurance vendors to find former homeowners owed excess funds, but he did not know what the finders did to locate the homeowners.

152. The Sheriff's Office used Reach as its representative in collecting and preparing financial data for the State Treasurer during its audit. The Treasury audit found that the Sheriff owed the State $2,940,208 from the unclaimed fund accounts. Treasury auditors met with representatives from the City's Law Department, Sheriff's Office and Reach, which identified potential owners of the unclaimed monies and amounts they were owed. Reach advised the state that it had located $376,124.78 in advertising expenses for mortgage foreclosure sales and $18,406.28 in adverting expenses on tax delinquent sales that had



App 446