**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON IRA WILCHCOMBE,<br>Plaintiff, | : | |
| | : | CIVIL ACTION NO. 26-cv-1331 |
| v. | : | |
| CITY OF PHILADELPHIA, et al,<br>Defendants. | : | JURY TRIAL DEMANDED |

**ORDER**

AND NOW, this _____ day of _______, 2026, upon consideration of the Motion of Defendants, City of Philadelphia, Renee Garcia, James Zwolak, Rochelle Bilal, and Philadelphia County Sheriff's Office, to Dismiss Plaintiff's Amended Complaint, and any response thereto, is is hereby **ORDERED** and **DECREED** that Defendants' Motion to Dismiss is **GRANTED** and all claims asserted against these Defendants are **DISMISSED WITH PREJUDICE.**

By the Court:

______________________________
J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON IRA WILCHCOMBE,<br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br>CIVIL ACTION NO. 26-cv-1331<br><br><br><br>JURY TRIAL DEMANDED |

**DEFENDANTS, CITY OF PHILADELPHIA, RENEE GARCIA, JAMES ZWOLAK, ROCHELLE BILAL AND PHILADELPHIA COUNTY SHERIFF'S OFFICE'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO F.R.C.P 12(B)(6)**

Defendants, City of Philadelphia, Renee Garcia, James Zwolak, Rochelle Bilal, and Philadelphia County Sheriff's Office (hereinafter "Moving Defendants"), by and through their undersigned counsel, Marshall Dennehey P.C., file this Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth in the accompanying Memorandum of Law, Moving Defendants respectfully request that this Honorable Court dismiss all claims against them with prejudice.

**MARSHALL DENNEHEY, P.C.**

BY: ______________________________

JOHN P. GONZALES, ESQ.
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
jpgonzales@mdwcg.com
*Attorney for Defendants*
*City of Philadelphia, Renee Garcia,*
*James Zwolak, Rochelle Bilal, and*
*Philadelphia County Sheriff's Office*

Date: September 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON IRA WILCHCOMBE, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 26-cv-1331 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al, | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, CITY OF PHILADELPHIA, RENEE GARCIA, JAMES ZWOLAK, ROCHELLE BILAL, AND PHILADELPHIA COUNTY SHERRIF'S OFFICE'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants, City of Philadelphia, Renee Garcia, James Zwolak, Rochelle Bilal, and the Philadelphia County Sheriff's Office, by and through their undersigned counsel, Marshall Dennehey, P.C., file this Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof, Defendants aver as follows.[1]

## I. INTRODUCTION

The First Amended Complaint does not cure the deficiencies that prompted dismissal of Plaintiff's original Complaint. Plaintiff attempts to revive the substance of the takings claim that the Court dismissed with prejudice. Although Count I is now labeled a due-process claim, it alleges that the City and TLH "took" $118,000 in equity, invokes the Takings Clause, and seeks damages based on the same alleged taking. Recasting the dismissed theory under another label does not cure it. Additionally, the Amended Complaint repeats the same factual narrative while adding legal labels such as "policy," "custom," "failure to train," and "agreed." Those labels do not supply the

---

[1] The Defendants rely upon their Memorandum in support of the Motion to Dismiss (ECF 20) and their Reply Brief to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (ECF 30) on the remaining issues and Arguments not addressed in this Memorandum.

facts necessary to state a plausible claim. Plaintiff still does not allege facts showing what Renee Garcia, James Zwolak, or Rochelle Bilal personally did to violate his federal rights. He does not identify a specific municipal policy or a well-settled custom that caused a constitutional injury. His conspiracy counts still lack facts showing any communication, meeting of the minds, or concerted plan among the alleged conspirators. Critically, Plaintiff also acknowledges that the Sheriff has already paid him the entire $25,972.76 in surplus proceeds he was owed on August 17, 2026. ECF 62 at ¶ 38.

Plaintiff has already received the curative amendment contemplated by Third Circuit law. Plaintiff twice filed a Motion for Leave to file an Amended Complaint on May 15, 2026 and June 12, 2026. ECF 38 and 45. However, these amended pleadings were deemed deficient as stated in the Court's August 20, 2026 Memorandum. ECF 60 at 5. Plaintiff was permitted to file an amended Complaint after the Court resolved the pending Motions to Dismiss, but his latest filing, ECF 61, demonstrates that the defects are not matters of wording but failures of legal and factual substance. The First Amended Complaint should therefore be dismissed against Moving Defendants with prejudice and without further leave to amend.

## II. PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Complaint asserting four counts arising from the judicial tax sale of 1721 North Hollywood Street in Philadelphia. ECF 1. Count I asserted a Takings Clause claim against the City and TLH TD Properties, LLC. Count II asserted a Fourteenth Amendment due-process claim against the City, Garcia, Zwolak, Goehring, Rutter & Boehm (GRB), and George V. Baker, Jr. Counts III and IV asserted conspiracy claims relating to the foreclosure process and distribution of surplus proceeds.

On April 7, 2026, Moving Defendants filed a motion to dismiss under Rule 12(b)(6). ECF 20. They argued, among other things, that the Sheriff's Office was not separately suable; punitive damages were unavailable against the City; Plaintiff had not alleged the individual defendants' personal involvement; Plaintiff had not pleaded a basis for municipal liability; adequate state procedures defeated the procedural due-process theory; and the conspiracy counts lacked facts showing an agreement or concerted action.

In their reply, Moving Defendants emphasized that Plaintiff could not rely on respondeat superior or generalized supervisory allegations. ECF 30. They also argued that the documents attached to the Complaint did not plausibly connect Garcia, Zwolak, Bilal, or the City to the alleged notice violations. Moving Defendants further explained that merely referring the delinquent account to an outside collection firm did not allege that Garcia or Zwolak directed, participated in, or knowingly acquiesced in a constitutional violation.

On August 20, 2026, the Court granted the pending motion to dismiss. ECF 60 and 61. The Court dismissed Count I with prejudice, dismissed every claim against the Philadelphia County Sheriff's Office with prejudice, and dismissed the remaining claims without prejudice. The Court authorized Plaintiff to file a First Amended Complaint addressing only those claims dismissed without prejudice by September 14, 2026.

Plaintiff filed his First Amended Complaint on September 14, 2026. ECF 62. He removed the Sheriff's Office as a named defendant and omitted the former standalone Takings Clause count. However, he again asserted four counts based on substantially the same events: a due-process claim against the City and TLH; a due-process claim against the City, Garcia, Zwolak, GRB, and Baker; a conspiracy claim against the City, Garcia, Zwolak, Bilal, and Bid4Assets; and a conspiracy claim against the City, Bilal, and Bid4Assets concerning surplus proceeds.

## III. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a challenge to the legal sufficiency of a complaint. *See* Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009). Factual averments within a complaint must make the claim for relief more than merely speculative. Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is not required to plead in detail all of the facts upon which the claim is based. Id. at 555. Instead, the Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must, however, "allege facts suggestive of [the tortious] conduct," Twombly, 550 U.S. at 563 n.8, as well as sufficient factual allegations that either, satisfy the necessary elements of a claim, or "raise a reasonable expectation that discovery will reveal evidence of . . ." those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). And so, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679. Notably, a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Montgomery v. Pinchak, 294 F.3d 492, 500 (3d Cir. 2002) (internal quotation marks and citations omitted). Therefore, the Court is obligated to construe pro se claims "liberally." Alexander v. Gennarini, 144 F. App'x 924, 926 (3d Cir. 2005).

## IV. LEGAL ARGUMENT

### a. Count I reasserts a claim that the Court dismissed with prejudice.

The Court dismissed with prejudice Plaintiff's claim that the City and TLH deprived him of $118,000 in equity. ECF 60 and 61. The Court held that the alleged injury was produced by the state court's judgment denying redemption and that adjudicating the claim would require rejection of that judgment in violation of the Rooker-Feldman doctrine. ECF 60 at 9 ("Plaintiff's deprivation

of the $118,000 of equity in the Property was thus caused by the state court judgment.") The Court's Order allowed Plaintiff to amend only claims dismissed without prejudice. ECF 60 at 5.

Nevertheless, Count I of the First Amended Complaint again alleges that the City and TLH deprived Plaintiff of $118,000 in equity and requests $118,000 in compensatory damages for that loss. ECF 62 at ¶ 44. Changing the claim's label from a taking to a due-process violation does not change the alleged injury. Plaintiff still alleges that the foreclosure sale deprived him of the Property's equity, and he still seeks the value of that equity as damages. As the August 20 Memorandum makes clear, Plaintiff's deprivation of the $118,000 of equity in the Property was caused by a state court judgment. After all, Plaintiff "informed the state court that he was unaware that the sale occurred. The state court granted Plaintiff's motion to intervene, considered arguments raised by Plaintiff and Defendants, and denied Plaintiff's motion to redeem the property." ECF 60 at 8-9. Count I therefore exceeds the leave to amend granted by the Court and reasserts the substance of a claim already dismissed with prejudice. [2]

**b. Count II does not cure the due-process pleading deficiencies.**

**i. Plaintiff has failed to plead any personal involvement of Renee Garcia or James Zwolak in the alleged due process violation, or any direction they gave which was the proximate cause of the alleged violation.**

Although Plaintiff has removed the "respondeat superior" language from Count II, Plaintiff's due process claim is wholly deficient without any allegations that Defendants Garcia

[2] It is unclear if Plaintiff is also attempting to raise a failure of notice and a conspiracy claim as part of Count I. Defendants do not need to argue that Count I's failure-to-provide-notice theory is barred by Rooker-Feldman to defeat Plaintiff's claims. Nowhere in his Complaint does Plaintiff plead facts showing that the notice provided was constitutionally inadequate. The Court noted in its August 20 Memorandum that notice was mailed by certified mail to Arthur E. Wilchcombe and Mary Wilchcombe with notice to heirs & assigns, mailed to the current occupant or tenant, and posted on the Property's front door in accordance with the Pennsylvania Municipal Claims and Tax Liens Act ("PMCTLA"), 53 P.S. § 7101 *et seq*. The Court further held that Plaintiff alleged no facts suggesting that a title search, as described in the PMCTLA, would have identified him, and alleged no facts that the certified mail was returned unclaimed. Therefore, any liability asserted based on a failure to notice theory is not viable. As for Plaintiff's conspiracy allegations, these claims are addressed at length further along in this Brief.

and Zwolak were personally involved in any alleged due process violation, or that any direction they gave was the proximate cause of the alleged violation. ECF 60 at 11-12 ("Because Plaintiff has failed to plead any personal involvement of Garcia, Zwolak, or GRB in the alleged due process violation, or any direction they gave which was the proximate cause of the alleged violation, Count II fails as to Garcia, Zwolak, and GRB."). *See also* Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (A claim that supervisors directed others to violate constitutional rights must include facts plausibly showing that they issued directions they knew or reasonably should have known would produce the alleged violation). Plaintiff's Amended Complaint does not supply any new facts that would describe an instruction, communication, decision, or action that would satisfy the requisite standard. The First Amended Complaint thus repeats the same defect identified in Judge Hodge's Memorandum.

**ii. Plaintiff fails to allege a policy, custom, or failure to train as to the City, therefore Count II fails as to the City of Philadelphia.**

A municipality may only be liable under § 1983 based on a policy, custom, or failure to train. *See* Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978); City of Canton v. Harris, 489 U.S. 378, 387-88 (1989). The Court dismissed Count II against the City because the original Complaint failed to allege a policy, custom, or failure to train. The amended pleading adds those terms but not the supporting facts. Plaintiff alleges that the City had a policy, custom, and practice which permitted Defendants Garcia and Zwolak to knowingly and intentionally collect delinquent taxes from homeowners" in violation of the Fourteenth Amendment. ECF 62 at ¶ 48. Yet it does not identify an official proclamation, edict, or final policymaker decision directing constitutionally deficient collection practices. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009),

Paragraph 39 of the Amended Complaint relies on excerpts from a 2011 forensic investigation report concerning historical practices of the Philadelphia Sheriff's Office. ECF 62, Exhibit N. Plaintiff alleges that the report demonstrates a continuing scheme by the City and other Defendants to withhold excess proceeds from homeowners. The report does not cure the defects identified in the Court's August 20, 2026 Memorandum.

First, the attached excerpts concern historical practices predating the events alleged here by many years. The report is dated October 24, 2011, and discusses former Sheriff John D. Green, historical accounts, unidentified Sheriff's Office employees, outside vendors, and unclaimed-funds practices. Second, the excerpts do not describe conduct materially comparable to Plaintiff's circumstances. They state that a principal source of historical unclaimed funds was excess proceeds belonging to former homeowners who were unaware of the funds and whom the Sheriff's Office was unable to locate. Plaintiff, by contrast, alleges that he submitted a claim for the identified surplus, that the Sheriff determined the entire $25,972.76 was payable to him, and that he received the funds on August 17, 2026. ECF 62 at ¶ 38. Thus, the report's discussion of unidentified owners and unclaimed funds does not plausibly establish a custom of intentionally delaying payment to an identified claimant whose application was under review.

Third, the report does not establish the required causal connection between a municipal practice and Plaintiff's alleged injury. Municipal liability requires an identified policy or a sufficiently permanent and well-settled custom, not a generalized allegation that municipal actors acted unlawfully. Estate of Roman v. City of Newark, 914 F.3d 789, 799 (3d Cir. 2019). Even the existence of an unlawful custom is insufficient without a plausible nexus or affirmative link between that custom and the particular constitutional deprivation alleged. Paragraph 39 identifies no practice described in the report that caused the processing period alleged here, no municipal

decisionmaker who continued that practice, and no facts showing that Bilal or the City knew of and acquiesced in comparable constitutional violations.

The failure-to-train theory is equally deficient. “[I]n order for a municipality's failure to train or supervise to amount to deliberate indifference, it must be shown that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir. 1999) (citing Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1992)). Plaintiff alleges only that the City failed to train Garcia and Zwolak in pre-judgment due process requirements. He does not identify the training that was absent, the relevant policymaker, prior similar violations, or facts supporting deliberate indifference. Therefore, Plaintiff has not plausibly plead a Monell claim against the City. *See also* ECF 60 at 12 (“Similarly, because Plaintiff fails to allege a policy, custom, or failure to train as to the City, Count II fails as to the City. Count II is dismissed without prejudice as to the City, Garcia, Zwolak, and GRB.”).

**c. Count III and Count IV still do not plead a conspiracy.**

The Court dismissed the original conspiracy counts because Plaintiff did not plead that Defendants reached an understanding to deprive him of constitutional rights. The Court held that bare assertions of conspiracy or concerted action were insufficient and that Plaintiff’s pro se status did not relieve him of the obligation to allege supporting facts.

> To allege a § 1983 conspiracy, Plaintiff must claim that persons acting under the color of law "reached an understanding" to deprive him of his constitutional rights. Jutrowski v. Twp. Of Riverdale, 904 F.3d 280,293-94 (3d Cir. 2018). Such a conspiracy can be alleged through direct or circumstantial evidence. Id. at 295. "Bare conclusory allegations of `conspiracy' or `concerted action' will not suffice to allege a conspiracy." Rippy v. Phila. Dep 't of Pub. Health, No. 19-1839, 2019 WL 4849439, at *11 (E.D. Pa. Sept. 30, 2019)

> (internal citation omitted). Plaintiff's claims necessarily fail because he does not plead that the Defendants "reached an understanding" to deprive him of his due process rights or of unused proceeds.

ECF 60 at 14-15.

Count III alleges that the defendants agreed to collectively deny Plaintiff due process and collectively benefited financially from their pre-judgment violation of Plaintiff's due process rights. Count IV alleges that the City, Bilal, and Bid4Assets, Inc. "agreed amongst themselves to delay distribution of monies due plaintiff and other homeowners to benefit themselves through fees, bouses [sic], and interest earned on short-term investment of the proceeds." ECF 62 at ¶ 56. The Complaint does not allege when or how an agreement was formed, who communicated with whom, what was said, or what coordinated act any City Defendant undertook to carry out the supposed agreement. The allegation that several parties performed different roles in a tax sale does not itself provide facts showing an agreement to violate Plaintiff's rights. Count III also depends on the same inadequately pleaded underlying due-process violation addressed in Count II. Because the amendment adds only labels and conclusions, Count III and Count IV should be dismissed.

## V. <u>CONCLUSION</u>

For these reasons, Defendants City of Philadelphia, Renee Garcia, James Zwolak, Rochelle Bilal, and Philadelphia County Sheriff's Office respectfully request that the Court dismiss with prejudice all claims asserted against them in Plaintiff's First Amended Complaint. Plaintiff was previously afforded an opportunity to cure the deficiencies identified by the Court, yet the Amended Complaint continues to rely on conclusory allegations and fails to plead facts sufficient to state a plausible claim for relief. Because Plaintiff has already been given an opportunity to amend and has failed to cure the identified defects, further amendment would be futile. Accordingly, Defendants respectfully request that the Court dismiss the Amended Complaint with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: ______________________

JOHN P. GONZALES, ESQ.
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
jpgonzales@mdwcg.com
*Attorney for Defendants*
*City of Philadelphia, Renae Garcia,*
*James Zwolak, Rochelle Bilal, and*
*Philadelphia County Sheriff's Office*

Date: September 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON IRA WILCHCOMBE,<br>Plaintiff, | : | |
| | : | CIVIL ACTION NO. 26-cv-1331 |
| v. | : | |
| CITY OF PHILADELPHIA, et al,<br>Defendants. | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, JOHN GONZALES, ESQUIRE, do hereby certify that a true and correct copy of Defendants' Motion to Dismiss Plaintiff's Amended Complaint was electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System and served via first class regular mail on date set forth below to the following:

Brandon Wilchcombe
c/o TRUST MANAGEMENT ASSOCIATES INC
1650 MARKET STREET
SUITE 3600
PHILADELPHIA, PA 19103
PRO SE

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: ______________________
JOHN P. GONZALES, ESQ.
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
jpgonzales@mdwcg.com
*Attorney for Defendants*
*City of Philadelphia, Renae Garcia,*
*James Zwolak, Rochelle Bilal, and*
*Philadelphia County Sheriff's Office*

Date: September 28, 2026