**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON IRA WILCHCOMBE** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-cv-1331 |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*** | : | JURY TRIAL DEMANDED |

**ORDER**

**AND NOW**, this ____ day of _______________, 2026, upon consideration of Defendant, TLH TD Properties, LLC's Motion to Dismiss Count I of Plaintiff's First Amended Complaint With Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6), and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendant, TLH TD Properties, LLC's Motion is **GRANTED**.

It is further **ORDERED** and **DECREED** that Count I of Plaintiff's First Amended Complaint is **DISMISSED WITH PREJUDICE** as to Defendant, TLH TD Properties, LLC.

It is further **ORDERED** and **DECREED** that Defendant, TLH TD Properties, LLC is **DISMISSED WITH PREJUDICE** from this action.

**BY THE COURT:**

______________________________
HON. KELLEY B. HODGE, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON IRA WILCHCOMBE** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-cv-1331 |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*** | : | JURY TRIAL DEMANDED |

**DEFENDANT, TLH TD PROPERTIES LLC'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, TLH TD Properties, LLC ("TLH"), by and through its undersigned counsel, hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Count I of Plaintiff's First Amended Complaint – the sole count asserted against TLH – with prejudice and dismiss TLH with prejudice, and states as follows:

1. Plaintiff, Brandon Ira Wilchcombe, acting *pro se*[1], initiated this action on or about February 26, 2026 against nine defendants, including Defendant, TLH TD Properties, LLC. ECF Doc. 1.

2. On August 20, 2026, this Honorable Court granted the motions to dismiss filed by all Defendants, including TLH. ECF Docs. 60 & 61. Among other things, the Court dismissed **with prejudice** Count I of Plaintiff's original Complaint – a claim under the

[1] However, and despite the Court's prior communications with Plaintiff, a non-party, self-identified as "Amin Rashid", continues to provide copies of the Plaintiff's filings via email. For example, on September 15, 2026, Undersigned Counsel received an email from "Amin Rashid <aminrashid49@yahoo.com>" providing TLH with a copy of Plaintiff's First Amended Complaint and a one-page, uncaptioned certificate of service.

Takings Clause of the Fifth and Fourteenth Amendments asserted against Defendants, City of Philadelphia (the "City") and TLH – holding that the claim was barred by the *Rooker-Feldman* doctrine because Plaintiff's alleged loss of $118,000.00 in equity in the real property at 1721 North Hollywood Street, Philadelphia, Pennsylvania (the "Subject Property") "was thus caused by the state court judgment" denying Plaintiff's motion to redeem the Subject Property. ECF Doc. 60 at 8–9.

3. The Court dismissed Plaintiff's remaining claims without prejudice and granted Plaintiff leave to file an amended complaint solely "to replead claims dismissed without prejudice and the additional claims Plaintiff sought to add in his proposed second amended complaint." ECF Doc. 60 at 5–6; *see also* ECF Doc. 61 ¶ 4 ("Plaintiff may file a First Amended Complaint as to any claims dismissed without prejudice on or before September 14, 2026.").

4. TLH was not named in any claim dismissed without prejudice. The sole claim against TLH – Count I – was dismissed with prejudice. ECF Doc. 61 ¶ 3.

5. On September 14, 2026, Plaintiff filed his First Amended Complaint. ECF Doc. 62.

6. Count I of the First Amended Complaint again names only the City and TLH as defendants, this time styled as a claim "Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution." ECF Doc. 62 at 10 (Count I heading).

7. Notwithstanding this new label, Count I again alleges that TLH, together with the City, deprived Plaintiff of the identical $118,000.00 in equity in the identical Subject Property arising from the identical February 21, 2025 sheriff's sale that was the subject of the original, dismissed-with-prejudice Takings Clause claim – and Count I repeatedly

invokes the "takings clause" and a "judicial taking" of that same equity. ECF Doc. 62 ¶¶ 43–45.

8. Count I's Wherefore clause seeks the same relief this Court already denied with prejudice: $118,000.00 in compensatory damages against the City and TLH, and punitive damages against TLH. ECF Doc. 62, Count I Wherefore Clause ¶¶ 1–2.

9. Count I is the only count asserted against TLH in the First Amended Complaint. ECF Doc. 62.

10. For the reasons more fully set forth in the accompanying Memorandum of Law, Count I exceeds the scope of the leave to amend granted by this Court and reasserts, under a new constitutional label, the substance of a claim this Court already dismissed with prejudice; remains independently barred by the *Rooker-Feldman* doctrine; and independently fails to state a claim against TLH because the First Amended Complaint does not plausibly allege that TLH acted under color of state law.

11. As no amount of repleading can cure these defects, Count I – and the First Amended Complaint as to Defendant, TLH TD Properties, LLC in its entirety – should be dismissed with prejudice and without further leave to amend.

**WHEREFORE,** Defendant, TLH TD Properties, LLC, by and through its undersigned counsel, respectfully requests that this Honorable Court grant this Motion and dismiss Count I of Plaintiff's First Amended Complaint, and Defendant, TLH TD Properties, LLC in its entirety, with prejudice.

Respectfully submitted,

**WEISBERG LAW**

*<u>/s/ L. Anthony DiJiacomo, III</u>*
Matthew B. Weisberg, Esq.
PA Attorney Id. No. 85570
L. Anthony DiJiacomo, III, Esq.
PA Attorney Id. No. 321356
7 S. Morton Avenue
Morton, PA 19070
P-610-690-0801
F-610-690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com
*Attorneys for Defendant,*
*TLH TD Properties LLC*

Date: September 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON IRA WILCHCOMBE** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-cv-1331 |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*** | : | JURY TRIAL DEMANDED |

**DEFENDANT, TLH TD PROPERTIES LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT I OF PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, TLH TD Properties, LLC ("TLH"), by and through its undersigned counsel, hereby submits this Memorandum of Law in support of its Motion to Dismiss Count I of Plaintiff's First Amended Complaint with prejudice and dismiss TLH with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. MATTER BEFORE THIS HONORABLE COURT

Defendant, TLH TD Properties, LLC's Motion to Dismiss Count I of Plaintiff's First Amended Complaint With Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6).

## II. QUESTIONS PRESENTED

1. Whether Count I of the First Amended Complaint must be dismissed with prejudice because it exceeds the scope of the leave to amend this Court granted and reasserts, under a new constitutional label, the substance of the Takings Clause claim this Court already dismissed with prejudice as to TLH?

*Suggested answer: yes.*

2. Whether, independent of the foregoing, Count I remains barred by the *Rooker-Feldman* doctrine?

*Suggested answer: yes.*

3. Whether Count I independently fails to state a claim against TLH because the First Amended Complaint does not plausibly allege that TLH acted under color of state law?

*Suggested answer: yes.*

4. Whether this Honorable Court should dismiss Count I against TLH with prejudice, without further leave to amend, as any repleading would be futile?

*Suggested answer: yes.*

## III. PROCEDURAL HISTORY

Plaintiff, Brandon Ira Wilchcombe, acting *pro se*, initiated this action on or about February 26, 2026, asserting four counts against nine defendants, including TLH. ECF Doc. 1. Count I of the original Complaint asserted a claim "Under the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution" against Defendant, City of Philadelphia (the "City"), and TLH. *Id.* Counts II through IV were not asserted against TLH.

All Defendants, including TLH, moved to dismiss the original Complaint. ECF Docs. 11, 12, 20, 26, 50. On August 20, 2026, this Honorable Court granted the motions to dismiss in their entirety. ECF Docs. 60 & 61. As relevant here, the Court held that Count I – the Takings Clause claim against the City and TLH – was barred by the *Rooker-Feldman* doctrine because Plaintiff's alleged deprivation of $118,000.00 in equity in the real property located at 1721 North Hollywood Street, Philadelphia, Pennsylvania (the "Subject

Property") "was thus caused by the state court judgment" denying Plaintiff's motion to redeem the Subject Property in the underlying state tax foreclosure action, *City of Philadelphia v. Arthur E. Wilchcombe, et al.*, No. 2404T0017 (C.P. Phila. Cnty.) (the "State Action"). ECF Doc. 60 at 8–9. The Court accordingly dismissed Count I **with prejudice**. *Id.* at 9; ECF Doc. 61 ¶ 3. The Court likewise dismissed with prejudice all claims against the Philadelphia County Sheriff's Office, and dismissed Plaintiff's remaining claims (Counts II, III, and IV) without prejudice. ECF Doc. 61 ¶ 3.

The Court denied Plaintiff's then-pending motions for leave to file a first and second amended complaint, but granted Plaintiff leave to file a single amended pleading "to replead claims dismissed without prejudice and the additional claims Plaintiff sought to add in his proposed second amended complaint" once the Court resolved the motions to dismiss. ECF Doc. 60 at 5–6; *see also* ECF Doc. 61 ¶¶ 1–2, 4 ("Plaintiff may file a First Amended Complaint as to any claims dismissed without prejudice on or before September 14, 2026."). Nothing in the Court's Order or Memorandum granted Plaintiff leave to replead Count I, or any claim, against TLH.

On September 14, 2026, Plaintiff filed his First Amended Complaint. ECF Doc. 62. TLH again appears only in Count I, now captioned as a "Cause of Action Against the City of Philadelphia and TLH TD Properties, LLC. Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution." ECF Doc. 62 at 10. Counts II, III, and IV of the First Amended Complaint – which replead the claims this Court dismissed without prejudice – are not asserted against TLH. ECF Doc. 62 ¶¶ 47–59.

## IV. FACTUAL BACKGROUND RELEVANT TO TLH

In 1961, Arthur E. Wilchcombe and Mary Wilchcombe were conveyed title to the Subject Property, which they owned until Mary Wilchcombe's death on July 22, 2019. ECF Doc. 62 ¶ 6. Real estate taxes on the Subject Property subsequently went unpaid, and by tax year 2025 the delinquent taxes, interest, penalties, and other charges totaled $10,287.54. *Id.* ¶ 7. The Philadelphia Department of Revenue assessed the Subject Property's value at $118,000.00. *Id.*

On April 3, 2024, the City, through the law firm of Goehring, Rutter & Boehm, commenced the State Action seeking an order permitting the Subject Property to be sold free and clear of liens to satisfy the delinquent taxes. ECF Doc. 62 ¶¶ 8–9; Exhibit A (docket of the State Action) at 3. On July 15, 2024, the Court of Common Pleas entered an Order and Decree directing that the Subject Property "SHALL BE SOLD BY THE SHERIFF, FREE AND CLEAR OF ALL CLAIMS, LIENS, MORTGAGES, JUDGMENTS, GROUND RENTS, CHARGES, AND ESTATES." ECF Doc. 62 ¶ 16; Exhibit A at 4.

On February 21, 2025, the Philadelphia County Sheriff conducted the judicial tax sale, at which TLH purchased the Subject Property for $47,800.00. ECF Doc. 62 ¶¶ 27, 33; Exhibit B (Sheriff's Deed) at 1–2. The Sheriff executed and delivered a Deed Poll conveying the Subject Property to TLH on July 2, 2025, which was recorded with the Philadelphia County Recorder of Deeds on July 8, 2025 as Document ID 54442803. ECF Doc. 62 ¶ 34; Exhibit B at 1–3.

Plaintiff, the grandson and administrator of the estate of Arthur E. and Mary Wilchcombe, moved to intervene in the State Action, which the Court of Common Pleas granted on August 18, 2025. ECF Doc. 62 ¶ 35; Exhibit A at 4–5. Plaintiff then moved to redeem the Subject Property. The Court of Common Pleas **denied** that motion on September 3, 2025, and separately directed the Sheriff to prepare a distribution sheet for any surplus proceeds. ECF Doc. 62 ¶ 36; Exhibit A at 6–7. On October 14, 2025, the Sheriff published a proposed schedule of distribution identifying $25,972.76 in "unused proceeds." ECF Doc. 62 ¶ 37; Exhibit A at 7. Plaintiff acknowledges that the Sheriff paid him the full $25,972.76 on August 17, 2026. ECF Doc. 62 ¶ 38.

As to TLH specifically, the First Amended Complaint alleges that Plaintiff discovered in or around June 2025 that the locks to the Subject Property had been changed, and that he later learned TLH had done so "even though it had not been issued a SHERIFF's Deed at the time of its actions," purportedly "pursuant to its agreement with the City" and a "tacit agreement with the City that permits it to assume possession and control of properties that it successfully bids on before it is issued a SHERIFF Deed." ECF Doc. 62 ¶¶ 29–32. The First Amended Complaint identifies no communication, writing, directive, or other fact describing any such "agreement," who at the City purportedly authorized it, or when.

Count I – the only count asserted against TLH – alleges that "the City with aid of Defendant TLH took $118,000.00 of equity owned by the Plaintiff to satisfy a $10,287.54 tax debt… in violation of the 'takings clause' under the Fifth and Fourteenth Amendments of the United States Constitution knowing that the *Rooker-Feldman* Doctrine shielded them

from civil prosecution for the 'judicial taking' resulting from their pre-judgment lack of proper notice under Pennsylvania Law." ECF Doc. 62 ¶ 44. Count I further alleges that "The City and TLH knowingly and intentionally engaged in and executed a scheme to deprive Plaintiff of his Due Process Rights to proper notice under Pennsylvania Law prior to the subsequent 'judicial taking' of Plaintiff's Equity in the 1721 property." *Id.* ¶ 45. Tellingly, Plaintiff himself pleads that "the City, and all the Defendants, including TLH, knew that the *Rooker-Feldman* Doctrine would provide them with immunity from civil prosecution if action was taken claiming that they conspired to deprive the Plaintiff of the Equity in the 1721 property." *Id.* ¶ 43. Count I's Wherefore clause seeks $118,000.00 in compensatory damages against the City and TLH and punitive damages against TLH. *Id.*, Count I Wherefore Clause ¶¶ 1–2.

## V. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. In deciding such a motion, the court must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York*, 564 F.3d 636, 646 (3d Cir. 2009) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

In reviewing a motion to dismiss, the Court must conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates "the factual and legal elements of a claim," accepting as true all well-pleaded facts but disregarding legal conclusions. *Id.* Second, the Court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

When a plaintiff proceeds *pro se*, the Court must liberally construe the pleadings. *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011). Even so, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013).

Finally, courts may consider "matters of public record" in deciding a motion to dismiss without converting it to one for summary judgment. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "[C]ourt-filed documents" are among the "examples of matters of public record" of which a court may take judicial notice on a motion to dismiss. *Sturgeon v. Pharmerica Corp.*, 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020). The docket and orders entered in the State Action, attached hereto as Exhibit A, and the recorded Sheriff's Deed, attached hereto as Exhibit B, are both properly considered on this Motion, as is this Court's own docket and its August 20, 2026 Memorandum and Order, ECF Docs. 60 & 61.

## VI. ARGUMENT

### A. COUNT I MUST BE DISMISSED WITH PREJUDICE BECAUSE IT REASSERTS, UNDER A NEW LABEL, A CLAIM THIS COURT ALREADY DISMISSED WITH PREJUDICE, AND EXCEEDS THE SCOPE OF THE LEAVE TO AMEND THIS COURT GRANTED.

This Court's August 20, 2026 Order was unambiguous: Plaintiff was granted leave to file an amended complaint solely "to replead claims dismissed without prejudice and the additional claims Plaintiff sought to add in his proposed second amended complaint." ECF Doc. 60 at 5–6; ECF Doc. 61 ¶ 4. Count I of the original Complaint – the only claim ever asserted against TLH – was not dismissed without prejudice. It was dismissed **with prejudice**, on jurisdictional grounds, because the injury Plaintiff attributes to TLH and the City (the loss of $118,000.00 in equity in the Subject Property) "was thus caused by the state court judgment" denying redemption. ECF Doc. 60 at 8–9. Plaintiff was therefore not authorized to replead any claim against TLH in his First Amended Complaint.

A dismissal "with prejudice" operates as a final adjudication on the merits of the dismissed claim. *See Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 172 (3d Cir. 2009). Relatedly, under the law-of-the-case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. *Pub. Interest Rsch. Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988)). Both doctrines, together with the plain terms of the Court's own Order, foreclose Plaintiff from resurrecting the same claim against TLH simply by changing its constitutional label from "Takings Clause" to "Due Process Clause."

Changing the label does not change the claim. Count I of the First Amended Complaint alleges the same defendants (the City and TLH), the same underlying conduct (the February 21, 2025 judicial tax sale of the Subject Property), and the same injury and measure of damages ($118,000.00 in equity) as the original, dismissed-with-prejudice Count I. *Compare* ECF Doc. 62 ¶¶ 43–46, *with* ECF Doc. 60 at 8–9. Indeed, the First Amended Complaint does not even consistently maintain the new label: paragraph 44 alleges that the City and TLH acted "in violation of the 'takings clause' under the Fifth and Fourteenth Amendments," and paragraph 45 again refers to the "judicial taking' of Plaintiff's Equity." ECF Doc. 62 ¶¶ 44–45 (emphasis added). Plaintiff's own pleading thus confirms that Count I remains, in substance, the identical Takings Clause claim this Court already dismissed with prejudice as to TLH – a point underscored by Plaintiff's remarkable admission that he and "all the Defendants, including TLH, knew that the *Rooker-Feldman* Doctrine would provide them with immunity from civil prosecution" for this very conduct. *Id.* ¶ 43.

For this reason alone, Count I should be dismissed with prejudice as exceeding the scope of the leave this Court granted and as an improper attempt to relitigate a claim already finally adjudicated against TLH.

### B. INDEPENDENTLY, COUNT I REMAINS BARRED BY THE ROOKER-FELDMAN DOCTRINE.

Even considered on its own terms, Count I remains barred by the *Rooker-Feldman* doctrine, which deprives federal district courts of jurisdiction over claims that are, in substance, appeals of state court judgments. *Great W. Mining & Min. Co. v. Fox Rothschild*

*LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)).

This Court has already applied these four factors to the identical injury Plaintiff now repleads in Count I, and found each one satisfied. Plaintiff lost in the State Action when the Court of Common Pleas denied his motion to redeem the Subject Property on September 3, 2025. ECF Doc. 62 ¶ 36; Exhibit A at 6–7. The injury Plaintiff complains of – loss of the $118,000.00 in equity in the Subject Property – "was thus caused by the state court judgment" denying redemption, **not** by any conduct of TLH independent of that judgment. ECF Doc. 60 at 8–9. That state court judgment was rendered on September 3, 2025 – before this action was filed on February 26, 2026, and long before the First Amended Complaint was filed on September 14, 2026. And Count I again invites this Court to award Plaintiff the full $118,000.00 in equity that the state court's judgment left with the Sheriff and, ultimately, TLH – relief that necessarily requires this Court to reject the state court's determination that Plaintiff was not entitled to redeem or otherwise recover that equity. ECF Doc. 62, Count I Wherefore Clause ¶ 1.

As this Court has already held with respect to this precise injury, "[t]he Court must therefore look specifically at the injury identified, and determine whether the source of the injury is alleged to be caused by Defendants or if it stems from the state court judgment." ECF Doc. 60 at 7 (citing *Great W. Mining*, 615 F.3d at 167). Because the source of

Plaintiff's alleged injury in Count I remains the state court's September 3, 2025 judgment denying redemption – and not any independent conduct by TLH – Count I is barred by *Rooker-Feldman* and must be dismissed for lack of subject matter jurisdiction, exactly as this Court already ruled. *See* Fed. R. Civ. P. 12(b)(1).

### C. INDEPENDENTLY, COUNT I FAILS TO STATE A CLAIM AGAINST TLH BECAUSE THE FIRST AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE THAT TLH ACTED UNDER COLOR OF STATE LAW.

A Fourteenth Amendment due process claim brought pursuant to Section 1983 requires, as a threshold element, "that the conduct complained of was committed by a person under color of state law." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (citation omitted). "A private party that deprives an individual of a constitutional right may be liable under § 1983 only when acting under color of state law." *Parker v. Sch. Dist. of Philadelphia*, 346 F. Supp. 3d 738, 750 (E.D. Pa. 2018). A private party acts under color of state law only where: "(1) the private entity was exercising powers traditionally within the exclusive prerogative of the state; (2) the private party acted with the aid of or in concert with state officials; or (3) there is a 'sufficiently close nexus between the state and the challenged action of the [actor] so that the action may be fairly treated as that of the State itself.'" *Id.* (quoting *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)). The action taken must be "power[] traditionally within the exclusive prerogative of the state." *Parker*, 346 F. Supp. 3d at 750.

The First Amended Complaint does not plausibly plead any of these three bases as to TLH. TLH is a private purchaser that bought the Subject Property at a judicial tax sale conducted by the Sheriff after the City obtained a court order to sell it. ECF Doc. 62 ¶¶ 16,

27, 33. Purchasing property at a public judicial sale is not “a power[] traditionally within the exclusive prerogative of the state.”

Nor does the First Amended Complaint plausibly allege that TLH acted “with the aid of or in concert with state officials,” or that a “close nexus” exists between the City’s conduct and TLH’s. *Id.* The new allegations added in the First Amended Complaint – that TLH acted “pursuant to its agreement with the City” and pursuant to a “tacit agreement with the City that permits it to assume possession and control of properties,” and that “The City and TLH knowingly and intentionally engaged in and executed a scheme” – are precisely the type of conclusory labels the Third Circuit and this Court have repeatedly held insufficient to plead concerted or joint action. ECF Doc. 62 ¶¶ 30, 32, 45. The First Amended Complaint does not identify when any such agreement was reached, who at the City purportedly authorized it, what was communicated, or any other well-pled fact from which concerted action could plausibly be inferred. “Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,” do not suffice. *Iqbal*, 556 U.S. at 678.

This Court has already rejected materially indistinguishable “agreement” and “conspiracy” allegations pled against other Defendants in this very case for the identical reason. In dismissing the original Counts III and IV, this Court held that “[b]are conclusory allegations of ‘conspiracy’ or ‘concerted action’ will not suffice,” and that Plaintiff must plead that persons acting under color of law “reached an understanding” to violate his rights. ECF Doc. 60 at 14–15 (quoting *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293–95 (3d Cir. 2018), and *Rippy v. Phila. Dep’t of Pub. Health*, No. 19-1839, 2019 WL

4849439, at *11 (E.D. Pa. Sept. 30, 2019)). Count I's bare assertion of an "agreement" or "scheme" between TLH and the City fares no better, and does not cure the state-action defect that independently dooms Count I as to TLH.

Moreover, all of the state conduct that Plaintiff contends violated his due process rights – the manner of providing pre-sale notice, the characterization of the sale, and the conduct of the judicial sale itself – occurred *before* TLH had any involvement whatsoever. ECF Doc. 62 ¶¶ 8–27. TLH's only alleged conduct is purchasing the Subject Property at the judicial sale and later taking possession of it. *Id.* ¶¶ 30, 33. There is accordingly no "close nexus" between the challenged state conduct and any action by TLH sufficient to treat TLH's conduct "as that of the State itself." *Parker*, 346 F. Supp. 3d at 750. TLH is a private actor that did not act under color of state law, and Count I fails to state a claim against it on this independent ground as well.

### D. LEAVE TO FURTHER AMEND SHOULD BE DENIED AS FUTILE, AND COUNT I SHOULD BE DISMISSED WITH PREJUDICE.

"A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile." *Whitaker v. City of Chester*, No. 14-4231, 2014 WL 4748042, at *3 (E.D. Pa. Sept. 24, 2014) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)). Here, further amendment would be futile for at least three independent reasons, each grounded in facts and rulings already of record. First, this Court has already conclusively determined, based on public court records, that the injury underlying Count I was caused by the State Action's September 3, 2025 judgment denying redemption – a fact no amount of repleading can alter. ECF Doc. 60 at 8–9; Exhibit

A at 6–7. Second, this Court already dismissed the identical claim against TLH with prejudice once, and Plaintiff was not granted leave to replead it. ECF Doc. 61 ¶¶ 3–4. Third, the undisputed, judicially noticeable timeline of TLH's involvement – purchasing the Subject Property only after the state court ordered it sold, and only after all of the notice and sale conduct Plaintiff challenges had already occurred – forecloses any plausible allegation that TLH acted under color of state law, regardless of how Plaintiff labels the claim. ECF Doc. 62 ¶¶ 8–27, 33.

Equity and the interests of finality alike counsel against permitting Plaintiff a third opportunity to replead the same claim against TLH under yet another label. Count I, and Defendant, TLH TD Properties, LLC in its entirety, should be dismissed with prejudice and without further leave to amend.

## VII. CONCLUSION

For the foregoing reasons, Defendant, TLH TD Properties, LLC respectfully requests that this Honorable Court grant its Motion and dismiss Count I of Plaintiff's First Amended Complaint, and Defendant, TLH TD Properties, LLC in its entirety, with prejudice.

**WHEREFORE,** Defendant, TLH TD Properties, LLC, by and through its undersigned counsel, respectfully requests that this Honorable Court grant Defendant's Motion and dismiss Count I of Plaintiff's First Amended Complaint, and Defendant, TLH TD Properties, LLC in its entirety, with prejudice.

Respectfully submitted,

**WEISBERG LAW**

*/s/ L. Anthony DiJiacomo, III*

Matthew B. Weisberg, Esq.
PA Attorney Id. No. 85570
L. Anthony DiJiacomo, III, Esq.
PA Attorney Id. No. 321356
7 S. Morton Avenue
Morton, PA 19070
P-610-690-0801
F-610-690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com
*Attorneys for Defendant,*
*TLH TD Properties LLC*

Date: September 28, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON IRA WILCHCOMBE** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-cv-1331 |
| | : | |
| **CITY OF PHILADELPHIA, *et al.*** | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, L. Anthony DiJiacomo, III, Esq., hereby certify that on this 28th day of September 2026, a true and correct copy of the foregoing Motion to Dismiss, Memorandum of Law, Proposed Order, and supporting exhibits were served via ECF on all counsel of record and *pro se* parties.

I, L. Anthony DiJiacomo, III, Esq., hereby certify that on this 28th day of September 2026, a true and correct copy of the foregoing Motion to Dismiss, Memorandum of Law, Proposed Order, and supporting exhibits were also served via U.S. Mail on the following *pro se* party:

Brandon Ira Wilchcombe
C/O Trust Management Associates Inc.
1650 Market Street, Ste. 3600
Philadelphia, PA 19103

**WEISBERG LAW**

*/s/ L. Anthony DiJiacomo, III*
Matthew B. Weisberg, Esq.
PA Attorney Id. No. 85570
L. Anthony DiJiacomo, III, Esq.
PA Attorney Id. No. 321356
7 S. Morton Avenue
Morton, PA 19070

P-610-690-0801
F-610-690-0880
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com
*Attorneys for Defendant,*
*TLH TD Properties LLC*