**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRANDON IRA WILCHCOMBE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>Defendants. | Case No.: 2:26-cv-01331-KBH |

**PROPOSED ORDER**

AND NOW, this _____ day of ______________________, 2026, upon consideration of Defendant Bid4Assets, Inc.'s ("BFA") Motion to Dismiss the Plaintiff's Amended Complaint, and any opposition thereto, it is hereby ORDERED that the Motion is GRANTED and the claims in Plaintiff's Amended Complaint against BFA are DISMISSED WITH PREJUDICE.

______________________________
Kelley B. Hodge, U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRANDON IRA WILCHCOMBE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>Defendants. | Case No.: 2:26-cv-01331-KBH |

**DEFENDANT BID4ASSETS, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Bid4Assets, Inc. ("BFA"), by and through its undersigned counsel, hereby moves to dismiss the claims asserted against BFA in Counts III and IV of Plaintiff's Amended Complaint.

In accordance with Rule 7.1 of the Local Rules of Civil Procedure, BFA is contemporaneously submitting the accompanying Brief in Support of its Motion. BFA incorporates the Brief by reference as if set forth fully herein.

Dated: September 28, 2026

Respectfully submitted,

*/s/ Gregory J. Hauck*

Gregory J. Hauck
Connor B. DeFilippis
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4000
Gregory.Hauck@Troutman.com
Connor.DeFilippis@Troutman.com

*Counsel for Defendant Bid4Assets, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRANDON IRA WILCHCOMBE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>Defendants. | Case No.: 2:26-cv-01331-KBH |

**DEFENDANT BID4ASSETS, INC.'S BRIEF IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Gregory J. Hauck
Connor B. DeFilippis
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
Phone: (215) 981-4000
Gregory.Hauck@Troutman.com
Connor.DeFilippis@Troutman.com

*Counsel for Defendant Bid4Assets, Inc.*

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................ - 1 -

II. BACKGROUND ........................................ - 2 -

III. STANDARD OF REVIEW ........................................ - 3 -

IV. ARGUMENT ........................................ - 4 -

A. Counts III and IV of Plaintiff's Complaint Should Be Dismissed Because Neither Asserts a Viable Claim for Relief ........................................ - 4 -

V. CONCLUSION ........................................ - 8 -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ... 3

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ... 3

Blessing Auto Repair, Inc. v. Pa. State Police,
No. 20-6569, 2021 WL 2948845 (E.D. Pa. July 14, 2021) ... 4

Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,
531 U.S. 288 (2001) ... 6

Brookhart v. Rohr,
385 F. App'x 67 (3d Cir. 2010) ... 6

Denchy v. Educ. and Training Consultants of Pa., Inc.,
803 F. Supp. 1055 (E.D. Pa. 1992) ... 6

Grayson v. Mayview State Hosp.,
293 F.3d 103 (3d Cir. 2002) ... 3

Hand v. City of Phila.,
No. 25-cv-6863, 2026 WL 510569 (E.D. Pa. Feb. 24, 2026) ... 6

Jutrowski v. Twp. of Riverdale,
904 F.3d 280 (3d Cir. 2018) ... 5

Ladenheim v. Starr Transit Co., Inc.,
242 F. Supp. 3d 395 (E.D. Pa. 2017) ... 4

Leshko v. Servis,
423 F.3d 337 (3d Cir. 2005) ... 5

Montanez-Johnson v. Chester Upland Sch. Dist.,
762 F. Supp. 3d 433 (E.D. Pa. 2025) ... 3

Mosley v. Green,
No. 23-cv-1665, 2023 WL 4935001 (E.D. Pa. Aug. 2, 2023) ... 6

Oliver v. City of Phila.,
No. 25-197, 2025 WL 1902298 (E.D. Pa. July 9, 2025) ... 5, 7

Powell v. City of Phila.,
No. 25-cv-817, 2025 WL 269717 (E.D. Pa. Jan. 22, 2025) .......... 4, 8

Rendell-Baker v. Kohn,
457 U.S. 830 (1982) .......... 6

Rippy v. Phila. Dep't of Pub. Health,
No. 19-1839, 2019 WL 4849439 (E.D. Pa. Sept. 30, 2019) .......... 5, 7

Roberts v. Pennsylvania,
No. 22-4829, 2023 WL 6278874 (E.D. Pa. Sept. 26, 2023) (Hodge, J.) .......... 7

Rosado v. City of Chester Cnty., Pa.,
No. 24-cv-6087, 2025 WL 553357 (E.D. Pa. Feb. 19, 2025) .......... 5, 6

Rosembert v. Borough of E. Lansdowne,
14 F. Supp. 3d 631 (E.D. Pa. 2014) .......... 8

Wazee St. Opportunities Fund IV LP v. Fed. Hous. Fin. Agency,
No. 18-03478, 2025 WL 1106068 (E.D. Pa. Apr. 14, 2025) .......... 4

**Statutes**

42 U.S.C. § 1983 .......... 1, 4, 6, 7

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......... 2, 3

## I. INTRODUCTION

This is Plaintiff's second attempt to assert viable § 1983 conspiracy claims against Defendant Bid4Assets, Inc. ("BFA"). Plaintiff filed his initial complaint on February 26, 2026, attempting to claim that BFA, in conjunction with the Philadelphia Sheriff's Office, conspired to deprive him of certain proceeds stemming from the tax foreclosure sale of real property located at 1721 North Hollywood Street, Philadelphia (the "Property"). BFA subsequently moved to dismiss Plaintiff's claims against it and, on August 20, 2026, this Court granted BFA's motion, specifically finding that Plaintiff's conspiracy claims "necessarily fail[ed] because he d[id] not plead that the Defendants 'reached an understanding' to deprive him of his due process rights or of unused proceeds."

The Court, however, granted Plaintiff leave to amend these claims, which Plaintiff did on September 14, 2026. BFA now moves to dismiss Plaintiff's Amended Complaint because nothing that he adds in the Amended Complaint cures the defects that this Court identified with regard to his constitutional conspiracy claims. Initially, Plaintiff still fails to plead that BFA is a state actor or acting under the color of state law. Instead, Plaintiff's allegations make clear that the Sheriff was simply using BFA's online auction platform to complete the judicially ordered foreclosure sale. Caselaw makes clear that such actions do not rise to the level of performing state functions. Regardless, Plaintiff also fails to allege an adequate conspiracy to deprive Plaintiff of his constitutional rights. Rather, he continues to rely exclusively on conclusory allegations of an alleged "agreement" or "understanding" among the defendants, which fail to satisfy the requisite pleading standard.

For these reasons, explained further below, Plaintiff's claims against BFA in the Amended Complaint should be dismissed. Moreover, because this is Plaintiff's second attempt to plead

adequate conspiracy claims against BFA, Plaintiff's claims should be dismissed with prejudice as any additional attempts to plead such claims would be futile and inequitable.

## II. BACKGROUND

Plaintiff commenced this action on February 26, 2026, against the City of Philadelphia, Renee Garcia, James Zwolak, Rochelle Bilal (collectively, the "City Defendants"), the Philadelphia County Sheriff's Office, Geohring, Rutter & Boehm ("GRB"), George V. Baker, Jr., BFA, and TLH TD Properties, LLC ("TLH"). See Dkt. No. 1 [Compl.]. All Defendants subsequently moved to dismiss Plaintiff's Complaint. See Dkt. Nos. 11, 12, 21, 26 & 50. On August 20, 2026, this Court entered an Order granting Defendants' motions. See Dkt. No. 61 [8/20/2026 Order]. Specifically, the Court (i) dismissed Count I of Plaintiff's Complaint against the City of Philadelphia and TLH with prejudice, (ii) dismissed all claims against the Philadelphia County Sheriff's Office with prejudice, and (iii) dismissed all other claims without prejudice. See Dkt. No. 61 [8/20/2026 Order] at ¶ 3. The Court further provided Plaintiff until September 14, 2026, to file an amended pleading as to any of the claims dismissed without prejudice. See Dkt. No. 61 [8/20/2026 Order] at ¶ 4.

Plaintiff filed an Amended Complaint on September 14, 2026, against all previous Defendants except the Philadelphia County Sheriff's Office. See Dkt. No. 62 [Am. Compl.]. The allegations of Plaintiff's Amended Complaint are substantially similar to those of his original Complaint. Compare Dkt. No. 62 [Am. Compl.] with Dkt. No. 1 [Compl.]. In other words, Plaintiff continues to complain of the tax foreclosure sale of the Property and alleges that the Defendants either conducted this foreclosure improperly or conspired with each other to deprive Plaintiff of his interest in the property or the proceeds of the sale. See generally Dkt. No. 62 [Am. Compl.]. As it relates to BFA, Plaintiff alleges, among other things, that BFA "in conjunction with the SHERIFF, at the direction of BILAL, used its online computer service to sell the

[Property]" and that "[p]er its Agreement with the SHERIFF, Bilal, City, Garcia, and Zwolak, [BFA] collect[ed] all money resulting from the sale of [the Property] . . . and d[id] not remit those monies promptly following the sale." Dkt. No. 62 [Am. Compl.] at ¶ 27.

Plaintiff continues to lodge two claims against BFA, one for "Conspiracy to Deprive Plaintiff of Due Process" in Count III of the Amended Complaint, and one for "Conspiring to Delay or Deprive Plaintiff of Excess Proceeds From Tax Foreclosure Sale" in Count IV. See Dkt. No. 62 [Am. Compl.] at Counts III and IV. Both of these claims fail for the reasons explained herein.

## III. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Applying this standard, a court first identifies allegations that are mere "legal conclusions" or "naked assertion[s]." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). These allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 556 U.S. at 679. Then the court evaluates all "well-pleaded, nonconclusory factual allegation[s]" to determine whether the plaintiff has stated a plausible claim for relief. Id. at 680.

Moreover, a court may grant a motion to dismiss with prejudice and deny the plaintiff leave to amend "if amendment would be inequitable or futile." Montanez-Johnson v. Chester Upland Sch. Dist., 762 F. Supp. 3d 433, 440 (E.D. Pa. 2025) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). "Futility" means that "the amended complaint 'could not withstand

a renewed motion to dismiss.'" Wazee St. Opportunities Fund IV LP v. Fed. Hous. Fin. Agency, No. 18-03478, 2025 WL 1106068, at *3 (E.D. Pa. Apr. 14, 2025) (citation omitted). Here, the court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. In other words, "[a]n amendment is futile if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" Ladenheim v. Starr Transit Co., Inc., 242 F. Supp. 3d 395, 408 (E.D. Pa. 2017). Further, granting plaintiff another opportunity to amend their complaint and "likely re-allege the same claims with additional conclusory allegations" would be "inequitable" to a defendant. Powell v. City of Phila., No. 25-cv-817, 2025 WL 269717, at *14–15 (E.D. Pa. Jan. 22, 2025).

## IV. ARGUMENT

### A. Counts III and IV of Plaintiff's Complaint Should Be Dismissed Because Neither Asserts a Viable Claim for Relief

As stated above, Plaintiff asserts two conspiracy claims against BFA in Counts III and IV of the Amended Complaint. Specifically, Plaintiff contends that BFA and the City Defendants (1) "agreed to collectively deny Plaintiff due process by their pre- judgment [sic] conduct which resulted in his loss of his inheritance of the [Property,]" and (2) "agreed amongst themselves to delay distribution of monies due plaintiff and other homeowners to benefit themselves through fees, bonuses, and interest earned on short-term investment of the proceeds." Dkt. No. 62 [Am. Compl.] at ¶¶ 53, 56. Similar to the original Complaint, BFA understands Plaintiff to be asserting § 1983 conspiracy claims in the Amended Complaint.

To plausibly allege a § 1983 conspiracy claim, a plaintiff must adequately allege "the existence of an agreement to deprive the plaintiff of a constitutional right and . . . that the conspirators acted under the color of state law." Blessing Auto Repair, Inc. v. Pa. State Police, No. 20-6569, 2021 WL 2948845, at *4 (E.D. Pa. July 14, 2021); see also Dkt. No. 60 [Opinion] at

14 ("To allege a § 1983 conspiracy, Plaintiff must claim that persons acting under the color of law 'reached an understanding' to deprive him of his constitutional rights." (quoting Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 293–94 (3d Cir. 2018))). "Crucially, to plead that a conspiracy existed, a plaintiff must establish that there was an agreement (or 'meeting of the minds') to violate their constitutional rights." Oliver v. City of Phila., No. 25-197, 2025 WL 1902298, at *9 (E.D. Pa. July 9, 2025). "This requires a plaintiff to ***plead facts suggesting 'how, why, or when*** the alleged conspiracy came into existence.'" Id. (emphasis added). "Bare conclusory allegations of 'conspiracy' or 'concerted action' will not suffice to allege a conspiracy." Rippy v. Phila. Dep't of Pub. Health, No. 19-1839, 2019 WL 4849439, at *11 (E.D. Pa. Sept. 30, 2019) (citation omitted); see also Dkt. No. 60 [Opinion] at 14.

Initially, and contrary to Plaintiff's assertion (see Dkt. No. 62 [Am. Compl.] at ¶ 5), BFA was not acting under the color of state law by operating the online auction used for the foreclosure sale of the Property. To determine "[w]hether a private entity is acting under color of state law," the court must analyze "whether there is 'such a close nexus between the State and the challenged action' that private behavior may be fairly treated as that of the State itself." Rosado v. City of Chester Cnty., Pa., No. 24-cv-6087, 2025 WL 553357, at *9 (E.D. Pa. Feb. 19, 2025) (quoting Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005)).

No such nexus exists here. Indeed, Plaintiff concedes in the Amended Complaint that responsibility for the sale lies with the *Sheriff*, not BFA: (i) "Upon receipt of the Writ issued by the Common Pleas Court to sell [the Property], the SHERIFF proceeds in its usual manner to list the property for sale[;]" (ii) "the SHERIFF . . . now routinely conducts tax foreclosure sells [sic] using the services of a private online bidding operation known as [BFA.]" Dkt. No. 62 [Am. Compl.] at ¶¶ 20–21. The Sheriff's use of BFA's online platform does not convert the admittedly

"private online bidding operation" into "the State itself." Id. at ¶ 20; Rosado, 2025 WL 553357, at *9 (citation omitted). Rather, this case is similar to those that have found that individuals or entities involved in Sheriff's sales or performing other public contracts are private actors for purposes of a § 1983 claim. See, e.g., Brookhart v. Rohr, 385 F. App'x 67, 69–70 (3d Cir. 2010); Mosley v. Green, No. 23-cv-1665, 2023 WL 4935001, at *4 (E.D. Pa. Aug. 2, 2023); Hand v. City of Phila., No. 25-cv-6863, 2026 WL 510569, at *6 (E.D. Pa. Feb. 24, 2026); Denchy v. Educ. and Training Consultants of Pa., Inc., 803 F. Supp. 1055, 1061 n.7 (E.D. Pa. 1992) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982)) ("[P]rivate contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 299 (2001) (noting that the association was "[u]nlike mere public buyers of contract services, whose payments for services rendered do not convert the service providers into public actors").

BFA recognizes the Court's distinction in its Opinion that liability can still "attach if a private party conspired with a state actor." Dkt. No. 60 [Opinion] at 15, n.12. However, Plaintiff also fails to adequately plead that BFA conspired with the City Defendants to violate any constitutional right of Plaintiff. Indeed, Plaintiff continues to rely on conclusory allegations and generalized statements that this Court already deemed insufficient as a matter of law, including: (1) "Plaintiff alleges that state officials sued herein conspired with each other and with other named . . . individuals to bring about the foreclosure" of the Property; and (2) "Per its Agreement with the SHERIFF, Bilal, City, Garcia, and Zwolak, [BFA] collects all money resulting from the sale of [the Property] . . . and does not remit those monies promptly following the sale." Dkt. No. 62 [Am. Compl.] at ¶¶ 2, 27; see Dkt. No. 60 [Opinion] at 14-15.

Plaintiff adds little in the way of additional support in his Amended Complaint: (1) "The partnership between the SHERIFF and [BFA] is the primary reason why the Sheriff did not initially have the money needed to pay Plaintiff[;]" (2) the City Defendants and BFA "agreed to collectively deny Plaintiff due process[;]" and (3) the City Defendants and BFA "agreed amongst themselves to delay distribution of monies due plaintiff[.]" Dkt. No. 62 [Am. Compl.] at ¶¶ 40, 53, 56. Similar to Plaintiff's original allegations, Plaintiff's new allegations do not consist of facts plausibly indicating, for example, when the alleged conspiracy between BFA and the City Defendants came into being or what precise agreement exists between the entities. Instead, these allegations consist of conclusions that some form of "agreement" or "partnership" exists without the foundational support that is required as a matter of law.[1] Oliver, 2025 WL 1902298, at *9; Rippy, 2019 WL 4849439, at *11.

Plaintiff's allegations that the Sheriff used BFA's online platform to conduct the foreclosure sale are also insufficient to prop up his conspiracy claims. It is not enough to allege that the Sheriff and BFA had some form of agreement to sell the Property. Rather, what is required to state a viable § 1983 conspiracy claim is that the parties conspired *to commit some sort of unconstitutional aim*. Roberts v. Pennsylvania, No. 22-4829, 2023 WL 6278874, at *6 (E.D. Pa. Sept. 26, 2023) (Hodge, J.) ("To survive a motion to dismiss a conspiracy claim under Section

---

[1] Plaintiff attempts to bolster his insufficient conspiracy claims by making outlandish claims regarding the alleged object of the Defendants' conspiracy. These allegations should be ignored not only due to their facial absurdity, but also because they are internally inconsistent. For example, Plaintiff suggests that the proceeds of the foreclosure sale are unavailable because BFA "invests the proceeds due homeowners before remitting" them to the Sheriff's Office. Dkt. No. 62 [Am. Compl.] at ¶ 41. However, later, Plaintiff claims that the "proceeds from the sale of the [Property] were distributed to the Defendants in the form of interest, fees, and bonuses for their successful collective effort in depriving the Plaintiff" of his constitutional rights. Id. at ¶ 54. Plaintiff's conflicting allegations betray the baselessness of his claims. Worse, Plaintiff knows that these allegations are false as BFA has already advised Plaintiff that it remitted the surplus funds from the foreclosure sale to the Sheriff's Office shortly after the sale occurred.

1983, a plaintiff must allege both a mutual understanding ***to achieve some unconstitutional action*** reached by the private and state defendants and some factual assertions suggesting a meeting of the minds." (emphasis added)). In other words, "[i]t is not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." Rosembert v. Borough of E. Lansdowne, 14 F. Supp. 3d 631, 648 (E.D. Pa. 2014) (citation omitted).

It is for these reasons that Plaintiff's conspiracy claims against BFA in Counts III and IV of the Amended Complaint remain insufficient and should be dismissed. Moreover, because granting Plaintiff another opportunity to amend would likely lead to "the same claims with additional conclusory allegations," equity dictates that Plaintiff's amended claims be dismissed with prejudice. Powell, 2025 WL 269717, at *14-15.

## V. CONCLUSION

Based on the foregoing, BFA respectfully requests that the Court dismiss the claims in Counts III and IV of Plaintiff's Amended Complaint against it with prejudice.

Dated: September 28, 2026

Respectfully submitted,

*/s/ Gregory J. Hauck*

Gregory J. Hauck
Connor B. DeFilippis
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
(215) 981-4000
Gregory.Hauck@Troutman.com
Connor.DeFilippis@Troutman.com

*Counsel for Defendant Bid4Assets, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing motion and accompanying papers to be served via ECF upon all counsel of record and via first class mail upon the following:

Brandon Ira Wilchcombe
Trust Management Associates, Inc.
1650 Market Street, Suite 3600
Philadelphia, PA 19103

Dated: September 28, 2026

*/s/ Connor B. DeFilippis*
Connor B. DeFilippis