REC'D OCT 23 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRANDON IRA WILCHCOMBE,<br>Plaintiff,<br>v.<br>CITY OF PHILADELPHIA, et al.,<br>Defendants. | CIVIL ACTION NO. 2:26-cv-01331-KBH<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S OMNIBUS RESPONSE IN OPPOSITION TO (1) THE CITY DEFENDANTS' MOTION TO DISMISS (ECF 63), (2) TLH TD PROPERTIES, LLC. (ECF64), (3) DEFENDANT BID4ASSETS, INC.'S MOTION TO DISMISS (ECF 65), AND (4) DEFENDANTS BAKER AND GRB'S MOTION TO DISMISS (ECF 66)**

## I. INTRODUCTION

Plaintiff Brandon Ira Wilchcombe, pro se, responds to three motions to dismiss the First Amended Complaint ("FAC") (ECF 62). Plaintiff is filing with this response a motion for leave to file a Second Amended Complaint ("SAC") that responds to the Court's Memorandum of August 20, 2026 (ECF 60). Plaintiff's positions are these:

- Plaintiff does not ask the Court to revisit its ruling that former Count I is barred by *Rooker-Feldman*. ECF 60 at 8–9.
- Plaintiff does not oppose dismissal of the conspiracy claims (Counts III and IV as pleaded) or of the claims against Renee Garcia, James Zwolak, and Bid4Assets, Inc., but asks that any dismissal be without prejudice. The SAC omits them.
- The jurisdictional arguments in ECF 66 fail. The Court has already rejected the *Rooker-Feldman* and Tax Injunction Act arguments, ECF 60 at 9–11, and the mootness and diversity arguments are wrong.
- The notice claim (Count II) and the claim over delayed surplus proceeds (Count IV, recast under *Monell*) should proceed on the SAC against the City, Baker, GRB, and Bilal. Dismissal with prejudice is not warranted.

## II. BACKGROUND

The Court's August 20, 2026 Memorandum held that Count I (takings) is barred by *Rooker-Feldman* and dismissed it with prejudice, ECF 60 at 8–9; that Counts II, III, and IV are not barred by *Rooker-Feldman*, *id.* at 9–10; and that the Tax Injunction Act does not bar Plaintiff's claims, *id.* at 10–11. The Court found that Plaintiff sufficiently pleaded a protected property interest, notwithstanding that he had not registered it under 53 P.S. § 7193.1. *Id.* at 12. It dismissed Count II without prejudice for failure to plead personal involvement by Garcia, Zwolak, and GRB and a policy, custom, or failure to train by the City, *id.* at 11–12, and as to Baker for lack of facts that a search would have identified Plaintiff or that Baker knew notice had failed, *id.* at 13–14. It dismissed the conspiracy claims for failure to plead an understanding, *id.* at 14–15, and granted leave to replead the proceeds claim "as one for Monell liability," *id.* at 15.

Plaintiff filed the FAC on September 14, 2026. The City Defendants (ECF 63), Bid4Assets (ECF 65), and Baker and GRB (ECF 66) moved to dismiss on September 28, 2026.

## III. LEGAL STANDARD

The Court applies the standard stated in its Memorandum. A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court identifies the elements of each claim, sets aside conclusory allegations, and asks whether the well-pleaded facts satisfy the elements. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). A pro se pleading is construed liberally, and the Court applies "the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown*

*Bay Marina*, 704 F.3d 239, 244 (3d Cir. 2013); *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011). A facial Rule 12(b)(1) challenge is judged by the same standard. ECF 60 at 6.

## IV. ARGUMENT

### A. The jurisdictional arguments in ECF 66 fail.

#### 1. The Court has already rejected the Rooker-Feldman and Tax Injunction Act arguments.

Baker and GRB argue that *Rooker-Feldman* bars the FAC because the Court of Common Pleas denied redemption. ECF 66-2 at 13. They argue that the Tax Injunction Act, 28 U.S.C. § 1341, and *Baldwin v. Linebarger, Goggan, Blair & Sampson, LLP* bar the claims. *Id.* at 11–13. Neither section mentions ECF 60.

The Court ruled on both. It held that Counts II and III "are similarly not barred by Rooker-Feldman" because the injury is not caused by the state-court judgment, and that Count IV is likewise not barred. ECF 60 at 9–10 (applying *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167, 173 (3d Cir. 2010)). It held that *Baldwin* "is distinguishable" and that, because Plaintiff "is not challenging the assessment of taxes owed on the Property," the Tax Injunction Act "does not bar his claims." *Id.* at 10–11. GRB and Baker point to no change in law or fact since August 20, 2026, and they did not move for reconsideration. See E.D. Pa. L.R. 7.1(g). The relevant facts, which they repeat, are that the Court of Common Pleas denied redemption on September 3, 2025 and that Plaintiff did not appeal. Those facts were before the Court. ECF 60 at 3, 8–9. Plaintiff's notice claim concerns what Defendants did before the decree and the sale, when he was not a party to the case, not the later denial of redemption. *Id.* at 9–10.

**2. The claims are not moot.**

Baker and GRB argue that every claim is moot because the Sheriff paid Plaintiff $25,972.76 on August 17, 2026. ECF 66-2 at 10–11. A case is moot only when it is impossible for the Court to grant any effectual relief. *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012). The payment concerns the surplus proceeds. It has nothing to do with the notice claim, which seeks damages for the deprivation of notice before the sale and is asserted against Baker and GRB, not the Sheriff. Nor does payment of the principal moot a claim for the time value of money withheld for nine months after Plaintiff filed his claim and four months after the Sheriff determined that all of it was payable to him. SAC ¶¶ 53–56.

**3. Diversity is irrelevant.**

Baker and GRB argue that the parties are not diverse. ECF 66-2 at 10. Plaintiff has never invoked diversity. The Court has federal-question jurisdiction over claims under 42 U.S.C. § 1983 and the Fourteenth Amendment. 28 U.S.C. § 1331; FAC ¶ 1.

**B. The notice claim (Count II) should proceed on the SAC against Baker, GRB, and the City.**

**1. Plaintiff acknowledges that the FAC added few facts, and the SAC supplies them.**

Baker and GRB are right that the FAC added little about them. ECF 66-2 at 6. The Court identified what was missing: facts that a search under 53 P.S. § 7193.2(a)(3) would have identified Plaintiff, a showing that the notice was not calculated to reach occupants or passersby, and an allegation that Baker knew notice had failed. ECF 60 at 13–14. The SAC supplies facts on each point. SAC ¶¶ 18–25. It pleads that the Tax Information Certificate was nearly nine months old when the Petition was filed, ECF 66-2 at 6–7; that no updated inquiry was made; that the certified-

mail receipt Baker filed shows no recipient, so that delivery was unconfirmed on the face of his own filing; and that the Property was unoccupied, so that neither mailing to the dead nor a posting could reach anyone. Those facts must be accepted as true, and they distinguish this case from the one the Court addressed. See *Jones v. Flowers*, 547 U.S. 220, 226–27 (2006).

**2. Baker and GRB's remaining arguments do not warrant dismissal.**

- *Registration under § 7193.1.* GRB argues that Plaintiff lacks standing because he did not register his interest. ECF 66-2 at 7. The Court has held that Defendants "have not identified any statute or case law supporting this registration as a requirement for acquiring a property interest within the meaning of the Fourteenth Amendment." ECF 60 at 12. A state statute cannot set the floor for what the Fourteenth Amendment requires, and the Court applied *Mullane* and *Jones* directly. *Id.* at 12–13.

- *The "heirs & assigns" language.* GRB says the caption is used "in all cases" for record owners and is not an indication the owners were dead. ECF 66-2 at 7. That is counsel's unsworn assertion, outside the pleadings, and it contradicts FAC ¶ 10. On a motion to dismiss, the allegation controls. If GRB is right, it describes a uniform practice of mailing the same template to owners who may be dead, which is the custom the SAC alleges. SAC ¶ 17.

- *Paragraph 12 of the FAC.* GRB reads ¶ 12 as conceding that the certified mail was accepted. ECF 66-2 at 8. It says the opposite: the return receipt "does not show whether the notice was accepted by the addressee or agent." FAC ¶ 12. The SAC states this plainly. SAC ¶ 22.

- *Rule 430 and the RETSL.* The Court applied the PMCTLA to define the statutory notice. ECF 60 at 13. The SAC does not rely on Pa.R.C.P. 430 or the RETSL as the source of the duty. The claim rests on the Fourteenth Amendment. SAC ¶ 46.

- *Pennsylvania decisions on § 7193.2.* GRB cites state decisions holding that compliance with § 7193.2 satisfies due process. ECF 66-2 at 9. Whether notice was reasonably calculated to reach Plaintiff, as applied to known-deceased owners and an unoccupied property, is a fact-bound question for the SAC, not a facial question about the statute. The Court noted that the Pennsylvania Supreme Court has addressed the due process requirements of notice to heirs in a tax sale. ECF 60 at 12 (citing *Herder Spring Hunting Club v. Keller*, 143 A.3d 358, 375–76 (Pa. 2016)).

### 3. The City is a proper defendant.

The City argues that the FAC states labels, not a policy or custom. ECF 63 at 8–10. As to the FAC, Plaintiff's response is the SAC. It identifies a specific practice (the City, through its Law Department, directs and permits its collection counsel to proceed against deceased record owners using a template notice without any effort to identify heirs), the City's motive and knowledge, and causation. SAC ¶¶ 31–34. In the alternative, it alleges a failure to train, ¶ 35. That is the specificity *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009), requires. The City also says Plaintiff must allege "prior similar violations." ECF 63 at 10. A pattern is one route to deliberate indifference, but a custom may also be shown by a policymaker's approval of a uniform practice, which the SAC alleges on information and belief, with facts to be developed in discovery.

Plaintiff does not oppose dismissal of the claims against Garcia and Zwolak without prejudice and has omitted them from the SAC. Claims against them in their official capacities duplicate the claims against the City. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

## C. The proceeds claim (Count IV) should proceed as a Monell claim.

The Court granted Plaintiff leave "to replead this claim as one for Monell liability." ECF 60 at 15. The City answers that the FAC identifies no policy or custom and that the 2011 forensic report is stale. ECF 63 at 8–10. The SAC addresses both points. It alleges the Sheriff's own timetable and how far the Sheriff fell short of it (a schedule filed eight months after the sale and only after a court order; payment nine months after Plaintiff's claim and four months after the Sheriff's own determination), the Sheriff as final policymaker, and the history of the practice. SAC ¶¶ 36–41. It also alleges, as a Rule 15(d) supplement, that on October 1, 2026 it was reported that the Sheriff's Deputy Undersheriff testified in the Court of Common Pleas that an internal audit

found checks had not been written on about $20 million in sale proceeds, and that the Sheriff testified that her office had not met its obligations until recently. SAC ¶ 42. These facts are current, they overlap the period of Plaintiff's delay, and they bear directly on the policymaker's knowledge. The City's argument that Plaintiff has not shown a "comparable" violation, ECF 63 at 9–10, goes to proof, not pleading.

As to Bilal individually, ECF 63 argues that no personal conduct is alleged. ECF 63 at 4. A supervisor is liable for establishing or maintaining a policy or practice with deliberate indifference to the constitutional rights of those affected. *Santiago*, 629 F.3d at 130. The SAC alleges that Bilal is the final policymaker and knew of the practice, ¶¶ 40–43.

As to Bid4Assets (ECF 65), Plaintiff does not oppose dismissal of Counts III and IV against it, and the SAC omits it. Plaintiff asks that dismissal be without prejudice, because he has not had access to the agreement between the Sheriff and Bid4Assets or to the facts about when Bid4Assets remitted the proceeds. Bid4Assets' statement that it remitted the funds to the Sheriff "shortly after the sale" (ECF 65 at 12 n.1) is outside the pleadings. If true, it places the delay with the Sheriff's Office, which is where the SAC places it.

**D. Dismissal with prejudice is not warranted.**

Defendants ask for dismissal with prejudice because Plaintiff has had one chance to cure. ECF 63 at 4, 11; ECF 65 at 7–8, 14; ECF 66-2 at 6. But ECF 60 dismissed Counts II through IV without prejudice, and the FAC was the first pleading Plaintiff drafted after the Court identified, claim by claim, what was missing. Dismissal with prejudice is appropriate when amendment would be futile or when a plaintiff has repeatedly failed to cure after being given the chance. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff has been given one such chance, and he has responded in the SAC by narrowing the case

and adding the facts the Court asked for. Whether those facts state a claim should be decided on the SAC, not by dismissing with prejudice a pleading Plaintiff is now correcting.

**E. In the alternative, Plaintiff requests leave to amend.**

If the Court concludes that any part of the FAC is deficient, Plaintiff requests leave to file the SAC as set out in his accompanying Motion for Leave.

## V. CONCLUSION

Plaintiff respectfully requests that the Court (1) grant his Motion for Leave to File a Second Amended Complaint and deny ECF 63, 65, and 66 as moot; or, in the alternative, (2) deny ECF 66 insofar as it seeks dismissal for lack of subject-matter jurisdiction; (3) deny ECF 63, 65, and 66 insofar as they seek dismissal with prejudice; and (4) dismiss without prejudice only those claims Plaintiff has not opposed above, with leave to file the SAC.

Respectfully submitted,

Brandon Ira Wilchcombe, Plaintiff, pro se
c/o Trust Management Associates, Inc.
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 665-5659
trustmgtassoc@yahoo.com

Dated: October 21st, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRANDON IRA WILCHCOMBE,<br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br>Defendants. | CIVIL ACTION NO. 2:26-cv-01331-KBH<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] ORDER**

AND NOW, this ___ day of __________, 2026, upon consideration of the Motions to Dismiss the First Amended Complaint filed by the City Defendants (ECF 63), TLH TD Properties, LLC. (ECF 64), Bid4Assets, Inc. (ECF 65), and George V. Baker, Jr. and Goehring, Rutter & Boehm (ECF 66), and Plaintiff's response in opposition, it is ORDERED that the Motion at ECF 66 is DENIED insofar as it seeks dismissal under Rule 12(b)(1); the remining Motions are GRANTED without prejudice; and Plaintiff may file a Second Amended Complaint within fourteen(14) days of this Order.

BY THE COURT:

______________________________
Kelley B. Hodge, J.

## CERTIFICATE OF SERVICE

I certify that on October 23rd, 2026, I served a true and correct copy of Plaintiff's Omnibus Response to the Motions to Dismiss at ECF 63, 64, 65, and 66 and the proposed Order on counsel of record via Email:

John P. Gonzales, Esq., Marshall Dennehey, P.C., 2000 Market Street, Suite 2300, Philadelphia, PA 19103 (jpgonzales@mdwcg.com) (counsel for City of Philadelphia, Renee Garcia, James Zwolak, and Rochelle Bilal)

Jane C. Schleichter, Esq., GRB Law, 1601 Cherry Street, Suite 100, Philadelphia, PA 19102 (jschleichter@grblaw.com) (counsel for Goehring, Rutter & Boehm and George V. Baker, Jr.)

Gregory J. Hauck, Esq. and Connor B. DeFilippis, Esq., Troutman Pepper Locke LLP, 3000 Two Logan Square, 18th and Arch Streets, Philadelphia, PA 19103(Gregory.hauck@troutman.com) (counsel for Bid4Assets, Inc.)

L. Anthony Dijiacomo, III, Weisberg Law, 7 South Morton Avenue, Morton, PA 19070 (adijiacomo@weisberglawoffices.com) (counsel for TLH TD PROPERTIES LLC)

Brandon Ira Wilchcombe, pro se