2026 NOV 23 PM2:13
USDC-EDPA REC'D CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON IRA WILCHCOMBE, Plaintiff, | : | CIVIL ACTION |
| | : | NO. 2:26-cv-01331-KBH |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA, GOEHRING, RUTTER & BOEHM, GEORGE V. BAKER, JR., and ROCHELLE BILAL, Defendants. | : | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION OF DEFENDANTS GEORGE V. BAKER, JR. AND GOEHRING, RUTTER & BOEHM TO DISMISS THE SECOND AMENDED COMPLAINT (ECF 75)**

## I. INTRODUCTION

The Second Amended Complaint ("SAC," ECF 74) follows this Court's August 20, 2026 Memorandum (ECF 60) closely. It drops the claims and defendants the Court dismissed. It repleads the notice claim with the specific facts the Court found missing: that the property was unoccupied, that delivery of the certified mailing was never confirmed, that the Tax Information Certificate was stale, that the posting is disputed, and that Defendants' own template confirms they gave no notice beyond naming the dead.

Moving Defendants do not engage with those new facts. Their motion (1) re-argues Rooker-Feldman and Tax Injunction Act defenses this Court has already rejected; (2) asserts that a federal civil-rights claim presents no federal question; (3) argues mootness on a count that is not pleaded against them; and (4) asks the Court to treat compliance with a Pennsylvania notice statute as conclusive proof of federal due process. The Supreme Court rejected that last proposition in *Jones v. Flowers*, 547 U.S. 220 (2006). The motion should be denied.

## II. THE SAC'S RELEVANT ALLEGATIONS

Arthur E. Wilchcombe died in 1996, and Mary Wilchcombe died on July 22, 2019. SAC ¶ 10. Plaintiff is their grandson and heir, and he holds Letters of Administration for Mary's estate. *Id.* ¶¶ 5, 11. The Court has already held that Plaintiff sufficiently pleaded a protected property interest. ECF 60 at 12.

GRB, which assigned the matter to Baker, filed the City's tax petition naming only the two deceased owners. Its notices were captioned "WITH NOTICE TO HEIRS & ASSIGNS." SAC ¶¶ 14–16. GRB has stated in this case that it uses that language in every case, whether or not the owner is alive, and takes no further step to identify heirs. *Id.* ¶ 17. GRB relied on a Tax Information Certificate dated July 3, 2023, nine months before the petition. No updated search for heirs was made. *Id.* ¶¶ 18–19.

The certified-mail return receipt Baker filed bears no signature and no recipient name, so Baker knew from his own filing that delivery was unconfirmed. He took no further step. *Id.* ¶ 22. The Property was unoccupied when the notices were mailed and posted, and City records showed it vacant with no water service. *Id.* ¶ 24. Plaintiff alleges the posting did not occur. *Id.* ¶ 23. The decree and sale notice went by first-class mail only, again addressed to the deceased owners. *Id.* ¶ 27. Plaintiff received no notice before discovering the sale in June 2025. *Id.* ¶ 29.

## III. LEGAL STANDARD

The Court applies the familiar *Twombly/Iqbal* standard and the Third Circuit's three-step analysis, and it construes pro se pleadings liberally. ECF 60 at 6–7.

Moving Defendants instead invoke the "beyond doubt … no set of facts" formulation. ECF 75-2 at 5. That phrase was retired in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007), and it does not state the governing standard. Their Rule 12(b)(1) challenge is facial, so the SAC's allegations are taken as true. ECF 60 at 6.

## IV. THE JURISDICTIONAL ARGUMENTS FAIL

### A. The Court has already rejected Rooker-Feldman and the Tax Injunction Act, and nothing has changed.

This Court held that the notice claim is not barred by Rooker-Feldman. The claimed injury comes from Defendants' conduct, not from the state judgment. ECF 60 at 9–10 (citing *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166–67, 173 (3d Cir. 2010)). The Court also held that the Tax Injunction Act does not apply because Plaintiff "is not challenging the assessment of taxes owed on the Property." ECF 60 at 10–11.

Moving Defendants repeat the same arguments and the same authority (*Baldwin*) that the Court already found distinguishable. They identify no intervening change in fact or law. Under the law-of-the-case doctrine, those rulings govern. *Arizona v. California*, 460 U.S. 605, 618 (1983).

The TIA argument also fails on its own terms. The statute bars federal courts from enjoining, suspending, or restraining the collection of state taxes. 28 U.S.C. § 1341. Its concern is suits that would stop the flow of tax revenue. *Hibbs v. Winn*, 542 U.S. 88, 104–07 (2004). The taxes here were collected in full from the sale proceeds, and Plaintiff seeks only damages for constitutionally deficient notice. Nothing remains to enjoin, suspend, or restrain.

Finally, Defendants' new contention that Plaintiff failed to use state remedies (ECF 75-2 at 17–18) is a Rooker-Feldman argument in different clothing. Plaintiff intervened and sought redemption in state court. SAC ¶ 30. A § 1983 plaintiff is not required to exhaust state remedies.

**B. The SAC arises under federal law.**

The SAC pleads claims under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment. SAC ¶¶ 1, 3. Jurisdiction lies under 28 U.S.C. §§ 1331 and 1343(a)(3), and diversity is irrelevant. A claim that is not "wholly insubstantial and frivolous" (Defendants' own standard, ECF 75-2 at 4) cannot be dismissed under Rule 12(b)(1). *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). This Court has already adjudicated the merits of the same claim, which forecloses any suggestion that it is frivolous.

**C. The mootness argument concerns a claim not pleaded against Moving Defendants and fails anyway.**

Count II, the surplus-distribution claim, is pleaded only against the City and Sheriff Bilal.

SAC at 10. Moving Defendants have no standing to seek its dismissal. In any event, payment of the principal on August 17, 2026 does not moot a claim for damages caused by the delay, including the time value of the funds or nominal damages. SAC ¶ 56. A claim for damages for a completed injury remains live. *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291–93 (2021). And Count I's damages for the loss of the Property itself are expressly measured *net of* the $25,972.76 received (SAC ¶ 50), so the payment cannot moot Count I.

## V. COUNT I STATES A PROCEDURAL DUE PROCESS CLAIM

### A. Compliance with the MCTLA does not establish compliance with the Due Process Clause.

Moving Defendants' main argument is that because they followed 53 P.S. § 7193.2, due process was satisfied. ECF 75-2 at 6–11. But the content of federal due process is a federal question. In *Jones v. Flowers*, the State complied with its statute, and the Supreme Court still held the notice constitutionally insufficient under the circumstances. 547 U.S. at 223–24, 239. The state-court cases Defendants cite (*Rivera*, *Manu*, *First Union*) address statutory compliance or apply *Mullane* to their own facts. They cannot displace the federal inquiry. That inquiry asks whether notice was "reasonably calculated, under all the circumstances," to reach interested parties. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

For the same reason, § 7193.2(b)'s statement that an unregistered party lacks "standing to complain of improper notice" cannot defeat a federal claim. A State may not condition or limit a § 1983 remedy through its own procedural rules. *Felder v. Casey*, 487 U.S. 131, 138, 151–53 (1988). This Court has already observed that Defendants "have not identified any statute or case law supporting this registration as a requirement for acquiring a property interest within the meaning of the Fourteenth Amendment." ECF 60 at 12. Moving Defendants still identify none.

Nor does the timing of the Letters of Administration matter. Under Pennsylvania law, legal title to real estate passes at death to the heirs, subject to the powers of the personal representative. 20 Pa.C.S. § 301(a). Plaintiff's interest arose on July 22, 2019, not on November

6, 2025.

**B. The SAC cures each deficiency the Court identified.**

Moving Defendants assert that "[t]here are no new alleged facts." ECF 75-2 at 14. The record shows otherwise:

| Deficiency identified in ECF 60 | SAC response |
|---|---|
| Notice to "current occupant/tenant" was calculated to reach anyone living at the Property (ECF 60 at 13). | The Property was unoccupied; City records showed it vacant with no water service. ¶ 24. |
| Door posting was calculated to reach anyone passing by (ECF 60 at 13). | Plaintiff alleges the posting did not occur. ¶ 23. |
| No allegation that certified mail failed or that Baker knew it failed (ECF 60 at 13–14). | The return receipt Baker filed bears no signature or recipient, so Baker knew delivery was unconfirmed and took no further step. ¶ 22. |
| Unclear what search was conducted (ECF 60 at 13). | The only search was a TIC dated nine months before the petition, with no later inquiry into heirs. ¶¶ 18–19. |
| Knowledge that the owners were dead. | The "heirs & assigns" captions, and GRB's admission that it uses one template regardless of whether the owner is alive and takes no step to find heirs. ¶¶ 16–17. |
| Monell (City). | A specific practice, a moving-force allegation, and an alternative failure-to-train allegation. ¶¶ 31–35. |

**C. On these facts, the notice was a "mere gesture."**

"[P]rocess which is a mere gesture is not due process." *Mullane*, 339 U.S. at 315. The means employed "must be such as one desirous of actually informing the absentee might reasonably adopt." *Id.* When the government knows its chosen method will not reach the person entitled to notice, that method is constitutionally inadequate even if it is ordinarily acceptable. In *Robinson v. Hanrahan*, 409 U.S. 38, 40 (1972) (per curiam), mailing notice to a home address was insufficient where the State knew the owner was in its own jail. In *Covey v. Town of Somers*, 351 U.S. 141, 146–47 (1956), statutorily compliant notice was insufficient where officials knew the owner was incompetent. And *Jones* holds that when the government learns its notice has likely failed, it must take further reasonable steps if any are available. 547 U.S. at 225–27, 234–35.

The SAC places this case squarely within those principles. Defendants addressed every notice to two people they knew, or plainly had reason to know, were dead, one of them for almost 28 years. They sent the notices to a house they had reason to know was empty. Their own filing showed the certified mailing went unconfirmed. And they took no further step: no updated heir inquiry, no request for court-approved alternative service, nothing. Mailing to "occupant" and posting can be reasonable follow-up steps when a property may be occupied or visited by its owner. *Jones*, 547 U.S. at 235. They are not reasonably calculated to inform anyone when, as alleged here, no one lived there and the addressees were dead.

Where an interested party is reasonably ascertainable, notice by mail or other means as certain to ensure actual notice is the constitutional minimum. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983). Whether reasonable inquiry would have identified Plaintiff (SAC ¶¶ 19–20), and whether the posting occurred at all (¶ 23), are fact questions. They cannot be resolved against Plaintiff on a motion to dismiss.

**D. Defendants' exhibits cannot be credited for the truth of disputed facts.**

The Court may notice that affidavits were filed in the state court. It may not accept their contents as true when the SAC plausibly disputes them. Defendants' own exhibits also do not establish what they claim. The mailing affidavit (ECF 75-6 at 1–2) omits the return receipt described in SAC ¶ 22. The Master's finding of compliance with § 39.2 (ECF 75-7 ¶ 2) was a finding of *statutory* service, made in a proceeding to which Plaintiff was not a party. It does not resolve the federal question.

Defendants also argue that Plaintiff's periodic visits (SAC ¶ 12) show the notice could have reached him. That inverts the pleading standard. The SAC alleges that Plaintiff received no notice (¶ 29) and that no posting was present when he visited (¶ 23). Drawing a contrary

inference is not permitted at this stage.

**E. The "heirs & assigns" template supports, rather than defeats, the claim.**

Defendants say the caption is used "to make it more likely the mail is accepted and opened" and shows no knowledge of death. ECF 75-2 at 11. That is a factual counter-narrative, not a ground for dismissal. And the admission that the identical template goes out "in all cases" (SAC ¶ 17) is the uniform practice on which the Monell allegations against the City rest. SAC ¶¶ 31–34.

## VI. THE ATTORNEY-DUTY AND PUNITIVE-DAMAGES ARGUMENTS APPLY THE WRONG LAW

*Smith v. Griffiths* and the related cases concern an attorney's liability in negligence to a non-client under Pennsylvania law. ECF 75-2 at 12–13. Count I is not a negligence claim. It is a § 1983 claim against persons who, as the SAC alleges, exercised the City's tax-collection authority under color of state law (SAC ¶¶ 7–8, 48), an allegation Moving Defendants do not contest. Section 1983 liability does not depend on a state-law duty of care, and state-law limits on liability cannot narrow it. *Felder*, 487 U.S. at 138–39.

Punitive damages on a § 1983 claim are governed by federal law. They are available when the defendant's conduct is "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The SAC alleges Baker knew the owners were dead, knew delivery was unconfirmed, and still took no further step. SAC ¶¶ 22, 47, 51. That is enough at the pleading stage. *Keller* was decided on an evidentiary record ("there was no evidence"), and a demand for a remedy is not itself a claim subject to dismissal under Rule 12(b)(6).

## VII. DISMISSAL WITH PREJUDICE IS UNWARRANTED

The SAC is Plaintiff's first pleading after the Court's merits ruling, and it adds the facts that ruling called for (Part V.B above). It is not a repetition of prior allegations. In civil-rights

cases, a court should allow curative amendment unless amendment would be inequitable or futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

Should the Court find any element insufficiently pleaded, Plaintiff respectfully requests leave to amend.

## VIII. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny the Motion to Dismiss of Defendants George V. Baker, Jr. and Goehring, Rutter & Boehm (ECF 75) in its entirety. In the alternative, Plaintiff requests that any dismissal be without prejudice and with leave to amend.

Respectfully submitted,

Brandon Ira Wilchcombe, Plaintiff, pro se
c/o Trust Management Associates, Inc.
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 665-5659
trustmgtassoc@yahoo.com

Dated: November 23rd, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRANDON IRA WILCHCOMBE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 2:26-cv-01331-KBH |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**[PROPOSED] ORDER**

AND NOW, this _______day of _____________________, 2026, upon consideration of the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendants George V. Baker, Jr. and Goehring, Rutter & Boehm (ECF 75), and Plaintiff's opposition thereto, it is hereby ORDERED that the Motion is DENIED.

BY THE COURT:

________________________________

HODGE, KELLEY B., J.

## CERTIFICATE OF SERVICE

I certify that on November 23rd, 2026, I served a true and correct copy of the foregoing Memorandum in Opposition and proposed Order on all counsel of record by **E-MAIL**, including:

Jane C. Schleichter, Esquire, GRB Law, 1601 Cherry Street, Suite 100, Philadelphia, PA 19102, jschleichter@grblaw.com, Counsel for Defendants Goehring, Rutter & Boehm and George V. Baker, Jr.

Brandon Ira Wilchcombe, pro se